**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 19-cv-61422-BLOOM/Valle**

RANDY ROSENBERG, D.C., P.A, a/a/o
Danielle Russell, on behalf of itself and all
others similarly situated,

       Plaintiff,

v.

GEICO GENERAL INSURANCE COMPANY,

       Defendant.
_____/

## <u>ORDER</u>

**THIS CAUSE** is before the Court upon Plaintiff Randy Rosenberg, D.C., P.A.'s ("Plaintiff") Motion for Consideration of Remand ("Motion for Remand"), ECF No. [7], seeking to remand the proceedings back to state court in Broward County. The Court has carefully reviewed the Motion for Remand, the record and applicable law, and is otherwise fully advised. For the reasons that follow, the Motion for Remand is denied.

## I.    BACKGROUND

Plaintiff brings a class claim for declaratory relief against Geico General Insurance Company ("Defendant"), alleging that Defendant have a wide-spread practice of improperly paying personal injury protection ("PIP") claims at a reduced amount. *See* ECF No. [1-2] (the "Complaint"). In addition to declaratory relief, Plaintiff seeks an order "awarding monetary damages to the individual plaintiff only [and] requiring re-adjustment of all claims based on a proper reading of the insurance policy." *Id.* at 16. Plaintiff challenges Defendant's interpretation of a specific endorsement to one of its automobile policies, FLPIP (01-13). The endorsement

includes the following language: "A charge submitted by a provider, for an amount less than the amount allowed above, shall be paid in the amount of the charge submitted." *Id.* ¶ 14.

According to the Complaint, Danielle Russell ("Russell") was insured under an automobile insurance policy with Defendant. *Id.* ¶ 17. Russell was involved in a motor vehicle accident while insured. *Id.* ¶ 16. Plaintiff is a health care provider who provided medical care through an assignment of benefits to Russell for injuries sustained in the motor vehicle accident. *Id.* ¶ 17. The Complaint lists four charges for medical services to Russell for which Plaintiff submitted claims to Defendant. *Id.* ¶¶ 18-21.

The four charges listed in the Complaint were in amounts less than the amount permitted by a permissive fee schedule in the Florida PIP Statute, Section 627.736, Florida Statutes. *Id.* For each charge that was below the fee schedule amount Defendant reimbursed Plaintiff for 80% of the billed amount and provided an Explanation of Review ("EOR") that contained the code "BA." *Id.* ¶ 22. The BA code indicated that Defendant reduced reimbursement of the charge to 80% of the billed amount. *Id.* Plaintiff believes that the language in the endorsement required full payment of bills for an amount that was less than the fee schedule, as opposed to only 80% of the amount billed. *Id.* ¶¶ 15, 55. Defendant has taken a contrary position. *Id.* ¶¶ 15, 56.

This case was originally filed in the Seventeenth Judicial Circuit in and for Broward County, Florida. Defendant filed a Notice of Removal on June 6, 2019, relying on the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, 28 U.S.C. § 1441(a) and (b), and 28 U.S.C. § 1453, asserting that "this is a putative class action with more than 100 putative class members that are seeking to recover in excess of $5,000,000 in the aggregate, and there is minimal diversity." ECF No. [1] ¶ 7. The instant Motion for Remand, ECF No. [7], then followed.

In the Motion for Remand, Plaintiff states that the motion was filed "in an abundance of caution" for the Court to consider "whether remand of this case for lack of subject matter jurisdiction under Article III is appropriate." *Id.* at 3. Plaintiff brings to the Court's attention the recent holding in *Gerber Chiropractic LLC v. GEICO Gen. Ins. Co.*, in which the Eleventh Circuit Court of Appeals stated that "when a plaintiff is seeking declaratory relief without a claim for money damages for injuries already suffered, the plaintiff must allege facts from which it appears that there is a substantial likelihood that he will suffer injury in the future." 925 F.3d 1205, 1214–15 (11th Cir. 2019). Plaintiff notes that the instant case may be distinguishable from *Gerber* because Plaintiff is seeking monetary damages.

## II.    LEGAL STANDARD

"It is axiomatic that federal courts are courts of limited jurisdiction." *Ramirez v. Humana, Inc.*, 119 F. Supp. 2d 1307, 1308 (M.D. Fla. 2000) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). Removal to federal court is proper in "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). To establish original jurisdiction, an action must satisfy the jurisdictional prerequisites of either federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. Federal question jurisdiction exists when the civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction exists when the parties are citizens of different states, and the amount in controversy exceeds $75,000. *See Id.* § 1332(a). The removing party has the burden of showing that removal from state court to federal court is proper. *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1314 (11th Cir. 2002). "To determine whether the claim arises under federal law, [courts] examine

the 'well pleaded' allegations of the Complaint and ignore potential defenses." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 5 (2003).

The CAFA "expanded considerably the subject matter jurisdiction of the federal courts over class actions that meet certain minimal requirements." *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 911 (11th Cir. 2014) (citing *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1327 (11th Cir. 2006)). "Specifically, CAFA grants federal district courts jurisdiction over class actions where (1) any member of the plaintiff class is a citizen of a state different from the state of citizenship of any defendant, (2) the aggregate amount in controversy exceeds $5 million, and (3) the proposed plaintiff class contains at least 100 members." *Id.* (emphasis omitted) (citing 28 U.S.C. § 1332(d)(2), (5)-(6)); *see S. Florida Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (hereinafter, "*Wellness*"). While normally a court shall "presume[ ] that a cause lies outside this limited jurisdiction," *Kokkonen*, 511 U.S. at 377, the Supreme Court has "made clear that 'no anti-removal presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court.'" *Dudley*, 778 F.3d at 912 (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). Nevertheless, a defendant seeking removal on the basis of diversity jurisdiction must demonstrate the existence of federal jurisdiction and the amount in controversy by a preponderance of the evidence. *See* 28 U.S.C. § 1446(c)(2)(B); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

## III.    DISCUSSION

The question before the Court is whether Plaintiff has standing under Article III of the Constitution. To establish Article III standing, a "plaintiff must have (1) suffered an injury in fact,

(2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).

In *Gerber*, the plaintiff challenged the interpretation of the same fee schedule endorsement at issue in the present case by the same Defendant as in the present case. *Gerber*, 925 F.3d 1205, 1209. There, the plaintiff sought declaratory relief and did not seek monetary damages. *Id.* ("Although the complaint sought a declaration that GEICO had breached the policy, the complaint stated that 'there is no claim for monetary relief' in the case."). The Eleventh Circuit reiterated the governing precedent for Article III standing for declaratory relief claims: a plaintiff seeking declaratory relief only "must allege facts from which it appears that there is a 'substantial likelihood that he will suffer injury in the future.'" *Gerber*, 925 F.3d at 1211 (quoting *Malowney v. Federal Collection Deposit Grp.*, 193 F.3d 1342, 1346 (11th Cir. 1999)). The Eleventh Circuit reasoned that because the defendant paid plaintiff's assignor more than he was entitled to under the insurance policy the plaintiff would not be able to recover anything from the defendant no matter how the court interprets the disputed policy language. *Id.* at 1212. Accordingly, the Eleventh Circuit held that Article III's standing requirement was not met. *Id.* at 1216.

In so holding, the Eleventh Circuit distinguished *Gerber*, in which the plaintiff did not seek monetary damages, from *Mills v. Foremost Ins. Co.*, 511 F.3d 1300 (11th Cir. 2008), an insurance coverage dispute in which the plaintiffs sought declaratory relief *and* damages for breach of contract. *See Gerber*, 925 F.3d at 1213–14. In *Mills,* the plaintiffs owned a mobile home that was insured under a policy issued by the defendant, Foremost Insurance Company. *Mills*, 511 F.3d at 1302. They filed a class action alleging that Foremost had failed to pay them (and other insureds) for overhead, profit, and taxes after they sustained hurricane-damaged losses, and they sought compensation for those "Withheld Payments." *Id.* The district court granted the defendant's

motion to dismiss, holding that the plaintiffs lacked standing to bring their claims because they failed to allege that they satisfied certain preconditions in the insurance policy to receive the "Withheld Payments." *Id.* at 1303. The Eleventh Circuit reversed the district court's decision, holding as to the issue of standing as follows:

> The complaint alleges that the Millses had a mobile home, that Foremost issued an insurance policy covering hurricane damage to the mobile home, that a hurricane damaged the Millses' mobile home, that the Millses made a claim under the Policy for those damages, and that Foremost paid less on the claim than the Millses contend they are owed. Thus, the Millses clearly had standing to sue for damages under the Policy. *See Wooden v. Bd. of Regents,* 247 F.3d 1262, 1273–74 (11th Cir.2001) (stating that standing is essentially a determination of "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues," and requires that a plaintiff have suffered a concrete, particularized injury that is caused by the challenged action of the defendant and can be redressed by a favorable court decision).

*Id.* at 1306–07 (11th Cir. 2008).

In distinguishing *Mills*, the Eleventh Circuit in *Gerber* articulated the relevant distinctions between the allegations in the two cases:

> *Mills* was not (as here) an exhaustion of benefits case. Rather, it was a coverage dispute that included a breach of contract claim seeking damages arising out of that dispute. This distinction is critical because if the plaintiffs had prevailed in *Mills,* they would have been entitled to the Withheld Payments. Thus, we found there that "the Millses clearly had standing to sue *for damages* under the Policy" because the plaintiffs alleged that the insurer "paid [them] less on the claim than [they] contend they are owed," and a ruling in their favor on that point would entitle them to the money owed. 511 F.3d at 1307 (emphasis added). By contrast, when insurance benefits are fully exhausted (as here, and as in certain of the cases cited *supra*), there is no case or controversy because no money is owed regardless of how the case is ultimately decided. *See, e.g., Harrison*, 941 F.2d at 1193. *Mills* would apply if Gerber alleged breach of contract and sought damages. But, it specifically tailored its complaint to *avoid* such allegations

*Gerber*, 925 F.3d at 1214.

Here, as in *Mills* and unlike in *Gerber*, Plaintiff is seeking monetary damages resulting from Defendant allegedly paying less on certain insurance claims than Plaintiff contends it is owed. If Plaintiff prevails it may be entitled to the difference between the amount Defendant reimbursed

Plaintiff and the full amount billed for the four charges for Russell's medical services referenced in the Complaint.[1] Thus, Plaintiff has standing to sue under Defendant's automobile policy. Accordingly, Plaintiff's Motion for remand is denied. Additionally, because the Court finds that a hearing is unnecessary, Defendant's request for a hearing on the Motion for Remand is denied. *See* S.D. Fla. L.R. 7.1(b)(2) ("The Court in its discretion may grant or deny a hearing as requested, upon consideration of both the request and any response thereto by an opposing party.").

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Remand, **ECF No. [7]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 19, 2019.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

---

[1] Although the Complaint asserts a class claim for declaratory judgment, the relief it seeks includes an award of monetary damages to the plaintiff. "It is generally held that a money judgment may be obtained for damages sought as incidental or supplemental relief pursuant to a declaratory decree." *McAllister v. Breakers Seville Ass'n, Inc.*, 41 So. 3d 405, 408 (Fla. 4th DCA 2010) (internal quotations omitted); *see also Vista Ctr. Venture v. Unlike Anything, Inc.*, 603 So. 2d 576, 577 (Fla. 5th DCA 1992) (holding trial court did not err in setting the matter for trial on damages in declaratory judgment action because plaintiff "requested general relief and the trial court may grant such relief including general damages").