IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:19-cv-61422-BLOOM/VALLE

RANDY ROSENBERG, D.C., P.A.,
as assignee of Danielle Russell, and on
behalf of itself and all others similarly
situated,

    Plaintiff,

v.

GEICO GENERAL INSURANCE
COMPANY,

    Defendant.
_____/

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff, RANDY ROSENBERG, D.C., P.A., a/a/o Danielle Russell ("Rosenberg" or "Plaintiff"), on behalf of itself and all others similarly situated, for its Class Action Complaint, hereby sues Defendant, GEICO GENERAL INSURANCE COMPANY ("GEICO") referred to as "GEICO," and alleges as follows:

## NATURE OF THE ACTION

1.    Plaintiff brings this class action under Federal Rule of Civil Procedure 23 against GEICO, because it has systematically, uniformly, and routinely misinterpreted its insurance policies and wrongly reduced reimbursements to its insureds and their assignees based on that uniform misinterpretation.

2.    GEICO issues standardized insurance policies ("Policy" or "Policies") including the form endorsement identified by the alphanumeric code "FLPIP (01-13)" ("Endorsement") to

*Rosenberg v. GEICO*
Case No. 0:19-cv-61422-BB
First Amended Class Action Complaint

insureds in Florida to provide them Personal Injury Protection ("PIP") benefits pursuant to Section 627.736, Florida Statutes, of the Florida Motor Vehicle No-Fault Law ("PIP Statute").

3. The PIP Statute references certain permissive fee schedules, which insurers may elect to use in their standard policies. GEICO as a general business practice has been wrongfully reducing benefits payable under those standardized insurance Policies by misreading and misinterpreting the language in its Policy. Specifically, when a provider submits a bill in an amount less than 200 percent of an applicable fee schedule, under the Policy GEICO is required to pay 100% of the billed amount. But GEICO, as a general business practice, only pays 80% of that billed amount.

4. Therefore, in Count I, plaintiff asks for an order from the Court declaring the proper interpretation of the Policy. GEICO continues to pay claims based on this wrongful interpretation of its Policy and Endorsement.

5. In Count II, Plaintiff brings a claim for monetary relief for breach of contract based on GEICO's practice of wrongly reducing reimbursements to its insureds and their assignees based on its uniform misinterpretation of the Policy.

## JURISDICTION, PARTIES, AND VENUE

6. Plaintiff and Class Members are Florida healthcare providers and citizens of Florida that provide treatment to persons who are insured by the Defendant, who have sustained personal injuries in motor vehicle collisions, and who have assigned to the Plaintiff and Class Members their GEICO personal injury protection ("PIP") Policies and right to claim benefits under automobile insurance Policies issued by Defendant.

*Rosenberg v. GEICO*
Case No. 0:19-cv-61422-BB
First Amended Class Action Complaint

7. Plaintiff Rosenberg is a professional association, a Florida corporation, and a citizen of Florida, maintaining its principal place of business in Palm Beach County, Florida.

8. Defendant GEICO is a Delaware corporation with its principal place of business located in the District of Columbia, where it is a citizen. GEICO provides automobile insurance throughout the State of Florida, is registered to do business in Florida, and transacts business in Broward County, maintaining an office and representatives there from where it continues to transact insurance business.

9. The Court has personal jurisdiction over GEICO because it provides, issues, and sells automobile insurance throughout the state of Florida, including the Policy at issue in Broward County, Florida. Moreover, GEICO is registered with the Florida Secretary of State, Division of Corporations, to conduct business in Florida and is licensed in Florida as a property and casualty insurer to transaction insurance business in Florida.

10. Venue is proper in the Southern District of Florida under 28 U.S.C. §1391 because, for venue purposes, the cause of action arose under in this District, Defendant resides in Broward County, Florida, and Defendant has offices, agents, representatives, and/or conducts business in Broward County, Florida

11. All conditions precedent to the maintenance of this action have occurred, have been performed, or have been waived.

**Background Information – Florida Motor Vehicle No-Fault Law**

12. Under the Florida Motor Vehicle No-Fault Law ("PIP Statute"), automobile operators are required to secure "personal injury protection" ("PIP") coverage that provided a minimum of $10,000.00 in combined medical expense and lost wage coverage that was payable

*Rosenberg v. GEICO*
Case No. 0:19-cv-61422-BB
First Amended Class Action Complaint

to the insured if the insured was involved in an automobile accident and suffered covered losses. *See, e.g.,* § 627.736(1)(a), Fla. Stat.  In essence, the statute required that a PIP insurer was to pay "eighty percent of all reasonable expenses for medically necessary medical" treatment. This coverage is a mandatory minimum, and insurance carriers are free to provide more coverages than the PIP Statute mandates.

13.     In, 2007, the Florida Legislature adopted a permissive fee schedule that permitted insurance carriers to utilize the Medicare Part B participating provider fee schedule to as a per se determination of the "reasonable" amount for medical services.[1]

14.     GEICO issued the form Policy and the form endorsement identified by the alphanumeric code "FLPIP (01-13)" ("Endorsement") at issue in this case in Florida.  Each form is same, as are GEICO's interpretations and general business practices regarding it alleged below.

15.     GEICO, at all times material has attempted to adopt the fee schedule permitted by Section 627.736(5)(a), Florida Statutes, into the applicable Policy, and has asserted that it provided adequate notice of the election to use the actual fee schedule.[2]

---

[1] The statute utilizes different Medicare fee schedules for different treatment.  However, for the services material to this action, the Medicare Part B participating provider fee schedule is used.

[2]  The applicable fee schedule or payment limitation under Medicare is the fee schedule or payment limitation in effect on March 1 of the service year in which the services, supplies, or care is rendered and for the area in which such services, supplies, or care is rendered, and the applicable fee schedule or payment limitation applies to services, supplies, or care rendered during that service year, notwithstanding any subsequent change made to the fee schedule or payment limitation, except that it may not be less than the allowable amount under the applicable schedule of Medicare Part B for 2007 for medical services, supplies, and care subject to Medicare Part B. For purposes of this subparagraph, the term "service year" means the period from March 1 through the end of February of the following year.

*Rosenberg v. GEICO*
Case No. 0:19-cv-61422-BB
First Amended Class Action Complaint

16. The Florida PIP Statute (2014 – present) provides for the payment of claims as follows:

> **(5) Charges for treatment of injured persons.--**
> (a) A physician, hospital, clinic, or other person or institution lawfully rendering treatment to an injured person for a bodily injury covered by personal injury protection insurance may charge the insurer and injured party only a reasonable amount pursuant to this section for the services and supplies rendered, and the insurer providing such coverage may pay for such charges directly to such person or institution lawfully rendering such treatment if the insured receiving such treatment or his or her guardian has countersigned the properly completed invoice, bill, or claim form approved by the office upon which such charges are to be paid for as having actually been rendered, to the best knowledge of the insured or his or her guardian. However, such a charge may not exceed the amount the person or institution customarily charges for like services or supplies. In determining whether a charge for a particular service, treatment, or otherwise is reasonable, consideration may be given to evidence of usual and customary charges and payments accepted by the provider involved in the dispute, reimbursement levels in the community and various federal and state medical fee schedules applicable to motor vehicle and other insurance coverages, and other information relevant to the reasonableness of the reimbursement for the service, treatment, or supply.
> 1. *The insurer may limit reimbursement to 80 percent of the following schedule of maximum charges*:
>    f. *For all other medical services, supplies, and care, 200 percent of the allowable amount under:*
>       (I) *The participating physicians fee schedule of Medicare Part B,* except as provided in sub-sub-subparagraphs (II) and (III).

(emphasis added).

*Rosenberg v. GEICO*
Case No. 0:19-cv-61422-BB
First Amended Class Action Complaint

17. Pursuant to Florida law an insurance company cannot provide less coverage than as required under the PIP Statute but can provide greater coverage, which GEICO did in the Policy.

18. Specifically, in the Endorsement, GEICO elected the use of the permissive fee schedules but also included the following language:

> A charge submitted by a provider, for an amount less than the amount allowed above, shall be paid in the amount of the charge submitted.

An exemplar of this Endorsement is attached hereto as **Exhibit A**. Plaintiff does not have a copy of the entire Policy and therefore cannot attach same to the complaint. It is Plaintiff's understanding and belief that this language appears in the current form Policy and endorsements used by GEICO in the State of Florida.

19. Notwithstanding this Endorsement language, as a general business practice GEICO interprets the Endorsement to require it to pay only 80% of the billed amount when the charge submitted by the provider is less than the fee schedule amount—the amount allowed per the fee schedule. And consistent with this interpretation, as a general business practice GEICO pays only 80% of the billed amount when the charge submitted by the provider is less than the fee schedule amount—the amount allowed per the fee schedule. On the other hand, Plaintiff interprets the Endorsement to require GEICO to pay the full billed amount. This interpretive dispute lies at the heart of this complaint.

## GENERAL FACTS RELATED TO INDIVIDUAL PLAINTIFF

20. On or about May 23, 2016, Danielle Russell ("Russell") was involved in a motor vehicle accident, and as a result, sustained bodily injuries related to the operation, maintenance, or use of a motor vehicle.

*Rosenberg v. GEICO*
Case No. 0:19-cv-61422-BB
First Amended Class Action Complaint

21.     At that time, Russell was an insured under an automobile insurance policy—the Policy including the Endorsement—issued by GEICO; that Policy was in full force and effect; and it provided PIP coverage as required by law to comply with Florida's Motor Vehicle No-Fault Law. Russell sought from Plaintiff medically necessary services for injuries related to an automobile accident.  In exchange for those services, Russell assigned all benefits under the subject Policy to Plaintiff.  The assignment authorized Plaintiff to bill Defendant directly for the medical services provided to Russell and required Defendant to pay Plaintiff directly.  In other words, Plaintiff stepped into Russell's shoes and became a party to the insurance contract.

22.     Part of the treatment of Russell was for services billed under CPT Code 99214. Plaintiff charged $175.00 for services attributed to this CPT Code.  This amount is less than the permissive fee schedule amount elected in the Endorsement. Plaintiff submitted a claim for this charge to GEICO. But it only paid $140.00, instead of the billed amount of $175.00.

23.     Treatment of Russell was also rendered pursuant to CPT code 98941.  Plaintiff charged $80.00 for services attributed to this CPT Code. This amount is less than the permissive fee schedule amount elected in the Endorsement.  Plaintiff submitted a claim to GEICO for this charge. But GEICO only paid $64.00 instead of the billed amount of $80.00.

24.      Treatment of Russell was also rendered pursuant to CPT code G0283. Plaintiff charged $27.00 for services attributed to this CPT Code. This amount is less than the permissive fee schedule amount elected in the Endorsement.  Plaintiff submitted a claim to GEICO for this charge. But GEICO only paid $21.60 instead of the billed amount of $27.00.

25.     Treatment of Russell was also rendered pursuant to CPT code 97110.  Plaintiff charged $65.00 for services attributed to this CPT Code. This amount is less than the permissive

*Rosenberg v. GEICO*
Case No. 0:19-cv-61422-BB
First Amended Class Action Complaint

fee schedule amount elected in the Endorsement. Plaintiff submitted a claim to GEICO for this charge. But GEICO only paid $52.00 instead of the billed amount of $54.00.

26. For each these payments GEICO provided an Explanation of Review ("EOR") that contained the code BA for each charge that was below the fee schedule amount. *See, e.g.,* EOR attached hereto as **Exhibit B**. The BA code indicates that GEICO reduced reimbursement of the charge paying only 80% of the amount billed even though the billed amount was less than the fee schedule amount.

### DEFENDANT'S APPLICATION OF EXPLANATION CODE BA
### HAS BEEN WIDESPREAD

27. The above-described Policy, including the Endorsement and subsequently enacted endorsements that contain substantially similar language, is an insurance contract, based on a standardized form whose versions, coverages, and endorsements and claims payment information are assigned uniform alphanumeric codes.

28. The Policy terms and PIP statute equally apply to GEICO's insureds and assignees of the Policy, including Plaintiff and Class Members.

29. Interpretation of the Policy, the PIP Statute, and its amendments are not dependent on the factual circumstances uniquely applying to Plaintiff and each Class Member. Plaintiff's claim presents a question of law for the Court whose determination and resolution would apply to Plaintiff and all Class Members across the board.

30. Each Class Member provided services covered under the Policy to GEICO's insureds; received an assignment of the Policy benefits; charged an amount less than the fee schedule amount; submitted the charge to GEICO, which it, in turn, reduced the payment of under

*Rosenberg v. GEICO*
Case No. 0:19-cv-61422-BB
First Amended Class Action Complaint

the Policy, paying only 80% of the amount billed even though the billed amount was less than the fee schedule amount. Damages attributable to this underpayment would be merely an accounting entry—*i.e.* 20% of the billed amount is owed to each Class Member.

31.     This case also does not require a dispute regarding the reasonableness of any individual bill or the reasonable amount owed for any individual bill. Indeed, GEICO, by selecting the Fee Schedule Method to determine reasonableness under *Geico Gen. Ins. Co. v. Virtual Imaging Services, Inc.,* 141 So. 3d 147 (Fla. 2013), calculates the reasonableness of all medical bills on an objective basis across the board.

32.     Upon information and belief, GEICO tracks its general business practices as it relates to each member of the Class electronically and maintains electronic records that are searchable.

33.     Upon information and belief, GEICO, as with Plaintiff's bills submitted for services to Russell, routinely utilized an identical standardized explanation code, BA, for each Class Member indicating GEICO reduced reimbursement of the charge paying only 80% of the amount billed even though the billed amount was less than the fee schedule amount.

34.     As such and because GEICO applied the BA code in this manner uniformly, the code indicates GEICO similarly misinterpreted and misapplied its Endorsement and Policy alleged in this complaint not only for Plaintiff but also on a class-wide basis according to the general business practice described in this complaint.

35.     The common injury that Defendant caused Plaintiff and Class Members stems from GEICO's similar misinterpretation of the form Policy including the Endorsement in the past.

*Rosenberg v. GEICO*
Case No. 0:19-cv-61422-BB
First Amended Class Action Complaint

36. A declaratory judgment is necessary to interpret the Policy conclusively to resolve this on-going controversy. A declaratory judgment is necessary to resolve this interpretive dispute and to provide certainty to the Plaintiff's and Declaratory Judgment Class Members' rights under the Policy going forward.

37. A breach of contract claim will ensure that Plaintiff and each Breach of Contract Class Member is compensated in this case.

38. The declaratory judgment Count I is pleaded in the alternative to the breach of contract action in Count II if the Court ultimately finds that this matter is not appropriate for class-wide adjudication as a breach of contract class action.

## CLASS ACTION ALLEGATIONS

39. Plaintiff wishes to be designated as a "Class Representative," and as Class Representative brings this action pursuant to Federal Rule of Civil Procedure 23 on behalf of all other persons similarly situated—the "Classes" or "Class Members" defined as follows:

> Declaratory Judgment Class
> All health care providers, who within the applicable statutes of limitations, through the date of filing this lawsuit (the "Class Period"), received an assignment of benefits from a claimant and thereafter, pursuant to that assignment, submitted claims for no-fault benefits under GEICO's Policies to which Endorsement FLPIP (01-13) applies, and any subsequent Policies with substantially similar language that were in effect since January 1, 2013, where GEICO utilized the Explanation Code BA with respect to the payment of any claims.
>
> Breach of Contract Class
> All health care providers, who within the applicable statutes of limitations, through the date of filing this lawsuit (the "Class Period"), received an assignment of benefits from a claimant and thereafter, pursuant to that assignment, submitted claims for no-fault benefits under GEICO's Policies to which Endorsement FLPIP (01-13) applies, and any subsequent Policies with substantially similar language that were in effect since January 1, 2013,

*Rosenberg v. GEICO*
Case No. 0:19-cv-61422-BB
First Amended Class Action Complaint

>where GEICO utilized the Code BA with respect to the payment of any claim and paid the provider only 80% of the amount charged.

Plaintiff and Class Members reserve the right to amend the Class definition as discovery proceeds and to conform to the evidence. Excluded from the Class are any of GEICO's employees, and any subsidiary or affiliate of that Defendant, and the directors, officers and employees of that Defendant or its subsidiaries or affiliates, and members of the judiciary.

40. <u>Numerosity (Rule 23 (a)(1))</u>. Plaintiff alleges on information and belief that the number of Class Members is so numerous that joinder of them is impractical. Upon information and belief, Plaintiff through counsel believes that there are thousands of Class Members. Plaintiff's belief is based in part on information indicating the number of medical providers in Florida, the number of Defendant's insureds in Florida, and that GEICO had a general business practice of applying explanation code BA to its claims indicating in each case each one paid only 80% of the amount billed even though the billed amount was less than the fee schedule amount. This belief is also buttressed by the numerosity findings in *A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co.,* 321 F.R.D. 688, 697 (S.D. Fla. 2017).

41. At this time, Plaintiff does not know the exact number of Class Members, but the members of the Classes will be easily ascertained through GEICO's standardized records through the use of its computer data. Indeed, a simple run of the data will uncover all claims information, including claims with explanation code BA, which will provide each Class Member and claim for which Defendant improperly interpreted its Policy(ies) and underpaid Plaintiff and all putative Class Members. This data will enable Plaintiff to easily determine common action and liability as well as damages for all Class Members' claims.

*Rosenberg v. GEICO*
Case No. 0:19-cv-61422-BB
First Amended Class Action Complaint

42. <u>Commonality (Rule 23(a)(2))</u>. Plaintiff's claims raise common questions of law and/or fact shared with other Class Members. Principal among these include the following:

  a. What is the proper interpretation of GEICO's Policy(ies);

  b. Whether the applicable Policy(ies) require payment of 100% of billed charges for all claims that GEICO explained by the explanation code BA;

  <u>With respect to the Declaratory Judgment Class</u>:

  c. Whether Plaintiff and the Class are entitled to declaratory relief to determine the Parties' respective rights and obligations concerning the provisions of GEICO's Policies that contain Endorsement FLPIP (01-13) and any subsequent similar policy language during the Class Period;

  d. Whether Plaintiff and the Class are entitled to informational notice to inform them that of GEICO's misinterpretation of the Policies; and,

  e. Whether, as supplemental relief, the Defendant is required to readjust the Class' claims based on a proper interpretation of its Policy;

  <u>With respect to the Breach of Contract Class</u>:

  f. Whether GEICO's general business practice of reducing payment of certain billed charges by 20% violates the Policy and thus is a breach of contract; and,

  g. The proper amount of damages.

43. <u>Typicality (Rule 23(a)(3))</u>. The claims of the Class Representative are typical of the claims that would be asserted by other members of the Class in that, in proving its claims,

*Rosenberg v. GEICO*
Case No. 0:19-cv-61422-BB
First Amended Class Action Complaint

Plaintiff will simultaneously prove the claims of all Class Members. Plaintiff and each Class Member is a health care provider/assignee of an insured under Defendant's standardized Policy, whose claims pursuant to GEICO's Policy have been underpaid based solely on the Defendant's misinterpretation of its own insurance Policy.

44. Adequacy (Rule 23(a)(4)). The Class Representative is a health care provider doing business in Florida that has no conflicts of interest and will fairly and adequately protect and represent the interests of each member of the Class. Additionally, the Class Representative is fully cognizant of its responsibility as Class Representative and has retained experienced counsel fully capable of, and intent upon, vigorously pursuing the action. Each class counsel has extensive experience in class and/or insurance claims and litigation.

45. Rule 23(b)(3). As to both the Declaratory Judgment Class and the Breach of Contract Class, there are several predominant common questions stated above, in Paragraph 41. Under both counts in the complaint, questions of law or fact common to the Class Representative's claim and the claim of each member of the Classes as described above predominate over any questions of law or fact affecting only individual members of the class. Moreover, class representation is clearly superior to other available methods for the fair and efficient adjudication of this controversy.

## COUNT I
## DECLARATORY JUDGMENT
## (CLASS CLAIM)

46. Plaintiff and the Class repeat and re-allege each and every allegation contained in Paragraphs 1-4, 6-36, 39-45 above, as if the same were fully alleged therein.

*Rosenberg v. GEICO*
Case No. 0:19-cv-61422-BB
First Amended Class Action Complaint

47. All conditions precedent to this action have occurred, been satisfied, or been waived.

48. This is an action for declaratory judgment and supplemental relief. Plaintiff brings Count I individually and on behalf of the Declaratory Judgment Class defined above.

49. The rights, status, or other equitable or legal relations of the parties are affected by the express terms of the Policy and applicable law. Accordingly, pursuant to Chapter 86, Florida Statutes, Plaintiff and the other Class Members may obtain a declaration of rights, status, or other equitable or legal relations thereunder.

50. There is a bona fide, actual, present, practical need for the Court to declare the proper interpretation of the Policy because there is case of actual, ongoing controversy over proper interpretation of the Policy.

51. Plaintiff and all putative Class Members have submitted claims for PIP benefits to GEICO for payment under their standardized insurance Policy containing the Endorsement.

52. The Policy contains language that not only elects the use of the permissive fee schedules permitted under the PIP Statute, but also contains language relating to the payment of claims when the amount charged is less than the fee schedule amount.

53. Each charge that is below the fee schedule amount is reviewed by GEICO and given the BA code on each of its Explanation of Reviews.

54. It is Plaintiff's position that the correct interpretation of the Policy language is that GEICO is required to pay the full billed amount when the amount billed is less than the applicable fee schedule amount.

*Rosenberg v. GEICO*
Case No. 0:19-cv-61422-BB
First Amended Class Action Complaint

55. GEICO has disputed this interpretation and has instead asserted that based on its own interpretation of the Policy, it is only required to pay 80% of the billed amount and has indeed only made that payment.

56. Accordingly, Plaintiff, individually and on behalf of all those similarly situated requests this Court to interpret the Policy and declare their rights and obligations under the Policy.

57. Plaintiff and the putative Class have interests adverse to GEICO and the declaration requested deals with a present ascertainable state of facts as presented in the allegations set forth above.

58. There is also an actual controversy between GEICO, Plaintiff and all Class Members concerning the proper construction and interpretation of the Policy assigned to Plaintiff and Class Members. Specifically, there is a legitimate dispute over, inter alia, during the Class Period, whether GEICO improperly interpreted the Policy and according that misinterpretation reduced the payment amounts on charges below the fee schedule, and only paid 80% of the charge on a class-wide basis.

**WHEREFORE**, Class Representative, individually and on behalf of the Class of persons similarly situated, under the Florida Declaratory Judgment Act (Chapter 86, Florida Statutes) and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, hereby requests a declaratory judgment interpreting the insurance Policy issued by GEICO described herein, and prays for an Order as follows:

    a. Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Federal Rules of Civil Procedure 23(a) and 23(b)(3);

    b. Designating Plaintiff as representative of the Class and its counsel as Class counsel;

*Rosenberg v. GEICO*
Case No. 0:19-cv-61422-BB
First Amended Class Action Complaint

    c.    Entering judgment in favor of Plaintiff and the Class and against Defendant GEICO;

    d.    Awarding attorney fees and costs under Section 627.428, Florida Statutes, for prosecuting this action;

    e.    Entering judgment as follows:

    1)    Declaring that the proper interpretation of GEICO's Policy requires payment of 100% of the billed charges for all charges submitted under the Policy that are below the fee schedule amount;

    2)    Declaring that the Defendant is in breach of its contract because of its failure to properly interpret its own Policy;

    3)    Entry of an order requiring Defendants provide notice to all Class Members regarding the rulings, findings, declarations in this matter and their legal rights with respect to GEICO's improper interpretations of the Policy; and,

    4)    Granting such further relief under Section 86.061, Florida Statutes, and 28 U.S.C. § 2202, as the Court deems just and equitable, including but not limited to, requiring re-adjustment of all claims based on a proper reading of the insurance policy.

## COUNT II
## BREACH OF CONTRACT

59.    Plaintiff re-alleges paragraphs 1-3, 5-35, 37-45, above.

60.    This is an action for breach of contract against GEICO brought by Plaintiff individually and on behalf of the Breach of Contract Class defined above.

61.    An insurance policy including GEICO's is a contract and analyzed as one.

*Rosenberg v. GEICO*
Case No. 0:19-cv-61422-BB
First Amended Class Action Complaint

62. The Policy issued to Plaintiff was a contract in full force and effect at all material times hereto.

63. All conditions precedent to this action have occurred, been satisfied, or been waived.

64. Plaintiff and each Breach of Contract Class Member received an assignment of benefits for claims submitted to GEICO and thereby stepped into the shoes of respective insureds enabling them to enforce the terms of the Policy.

65. Each of the Policies contained Endorsement, FLPIP (01-13), which provides as follows: "A charge submitted by a provider, for an amount less than the amount allowed above, shall be paid in the amount of the charge submitted."

66. Notwithstanding the clear language in this Endorsement, GEICO, as a general business practice, has misread and misreads the above-quoted language in its Policy and only pays 80% of the billed amount. This failure to properly pay under the Policy is a breach of contract.

67. As a direct and proximate result of GEICO's breach of the Policy, Plaintiff and all Breach of Contract Class Members have suffered and will continue to suffer damages, including those described above.

68. In accordance with Florida Statute Section 627.736 (10), Plaintiff sent a demand and notice letter to GEICO, both on its individual behalf and on behalf of all those similarly situated. A copy of that demand and notice sent to GEICO is attached hereto as **Exhibit C**.

69. The Class Representative has been forced to hire undersigned counsel to represent it in this action and has agreed to pay them a reasonable fee.

*Rosenberg v. GEICO*
Case No. 0:19-cv-61422-BB
First Amended Class Action Complaint

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, demands judgment against GEICO,

a.  Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Federal Rule of Civil Procedure 23(a) and 23(b)(3);

b.  Designating Plaintiff as representative of the Class and its counsel as Class counsel;

c.  Entering judgment in favor of Plaintiff and the Class and against Defendant GEICO, and awarding Plaintiff and Breach of Contract Class Members damages, interest, and costs; and,

d.  Awarding attorney fees and costs under Section 627.428, Florida Statutes, for prosecuting this action.

Dated: September 11, 2019

Respectfully submitted,

*s/Edward H. Zebersky*
Edward H. Zebersky, Esq. (FBN 0908370)
*ezebersky@zpllp.com; ndiaz@zpllp.com*
Mark S. Fistos, Esq. (FBN 0909191)
*mfistos@zpllp.com*
Michael T. Lewenz, Esq. (FBN 111604)
*mlewenz@zpllp.com*
ZEBERSKY PAYNE SHAW LEWENZ, LLP
110 Southeast 6th Street, Suite 2150
Ft. Lauderdale, FL 33301
Telephone: (954) 989-6333
Facsimile: (954) 989-7781

***Attorneys for Plaintiff***