UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-61422-BLOOM/Valle

RANDY ROSENBERG, D.C., P.A., a/a/o
Danielle Russell, on behalf of itself and all
others similarly situated,

    Plaintiff,

v.

GEICO GENERAL INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant GEICO General Insurance Company's ("Defendant") Motion to Stay Discovery, ECF No. [42] ("Motion"). Defendant moves the Court to stay discovery pending the Court's resolution of its Motion to Dismiss First Amended Complaint, ECF No. [33] ("Motion to Dismiss"). Plaintiff filed his Response to the Motion, ECF No. [44], and Defendant filed a Reply. ECF No. [47]. The Court has reviewed the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Court denies the Motion.

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Motions to stay discovery "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). "[D]iscovery stay motions are generally denied except where a specific showing of prejudice or

burdensomeness is made." *Montoya v. PNC Bank, N.A.*, No. 14-20474-CIV, 2014 WL 2807617, at *2 (S.D. Fla. June 20, 2014). The party moving for a stay of discovery has "the burden of showing good cause and reasonableness." *Feldman*, 176 F.R.D. at 652.

The basis upon which Defendant moves to stay discovery rests solely on the contention that the Motion to Dismiss may dispose of this action in its entirety. Defendant's argument relies upon *Chudasama v. Mazda Motor Corp.*, in which the Court of Appeals for the Eleventh Circuit stated that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." 123 F.3d 1353, 1367 (11th Cir. 1997) (footnote omitted).

Defendant's reliance on *Chudasama* is misplaced. *Chudasama* does not state a general rule that discovery be stayed pending resolution of a motion to dismiss. *Reilly v. Amy's Kitchen, Inc.*, No. 13-21525-CIV, 2013 WL 3929709, at *1 (S.D. Fla. July 31, 2013) ("[T]here is no general rule that discovery be stayed while a pending motion to dismiss is resolved."); *Gannon v. Flood*, No. 08-60059-CIV, 2008 WL 793682, at *1 (S.D. Fla. Mar. 24, 2008) (Chudasama "does not indicate a broad rule that discovery should be deferred whenever there is a pending motion to dismiss."); *Bocciolone v. Solowsky*, No. 08-20200-CIV, 2008 WL 2906719, at *1 (S.D. Fla. July 24, 2008) ("[C]ourts have consistently rejected any *per se* requirement to stay discovery pending resolution of a dispositive motion."). In fact, "[m]otions to stay discovery pending ruling on a dispositive motion are generally disfavored in this district." *Flecha v. Neighbors Moving Servs., Inc.*, 944 F. Supp. 2d 1201, 1203 (S.D. Fla. 2013); *Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *3 (S.D. Fla. Nov. 9, 2012) (*Chudasama* court "confronted a very specific situation involving a threefold problem — unjustifiable delay by the district court in ruling on the motion to dismiss, an erroneous decision to compel discovery from the defendant prior to

adjudicating the motion to dismiss, and an especially dubious fraud claim that was likely to be dismissed"). Unlike the exceptional circumstances presented in *Chudasama*, where the district court did not rule on a motion to dismiss for over a year and a half, Defendant's Motion to Dismiss has been ripe since only November 5, 2018, less than one month before the Decision One Parties filed the instant motion.

"While it is not necessary for the Court to, in effect, decide the motion to dismiss to determine whether the motion to stay discovery should be granted, it is necessary for the Court to 'take a preliminary peek' at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Feldman*, 176 F.R.D. at 652-53. "[A] motion to stay discovery . . . is rarely appropriate unless resolution of the motion will dispose of the entire case." *Bocciolone*, 2008 WL 2906719, at *2. Further, "discovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made or where a statute dictates that a stay is appropriate or mandatory." *Montoya*, 2014 WL 2807617, at *2. "Ultimately, the proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness." *Ray*, 2012 WL 5471793, at *1.

Having taken a "preliminary peek" at the pending motion, this case does not present the type of an "especially dubious" claim faced by the *Chudasama* Court where disposing of the case by motion to dismiss would avoid "needless and extensive discovery." *See S.K.Y. Mgmt. LLC v. Greenshoe, Ltd.*, No. 06-21722-CIV, 2007 WL 201258, at *1-2 (S.D. Fla. Jan. 24, 2007) (rejecting stay where defendant raised colorable legal defenses, but plaintiff presented strong rebuttal arguments that could result in its claims surviving a motion to dismiss); *Ray*, 2012 WL 5471793, at *2 (rejecting stay where "the Court [could] not say that [the] case is surely destined for dismissal"); *Bocciolone*, 2008 WL 2906719, at *2; (rejecting stay where court undertook a

"cursory examination of the merits of Defendants' Motion to Dismiss and there [was] sufficient reason to question whether Defendants' Motion will prevail on all claims"); *Montoya*, 2014 WL 2807617, at *2 (rejecting stay where the court's "incomplete and preliminary review suggests that the motions may not be the 'slam-dunk' submissions the Defendants describe them to be"); *Flecha*, 944 F. Supp. 2d at 1203 (rejecting stay where "genuine dispute" presented in parties' papers).

Here, even if the Motion to Dismiss is resolved in Defendant's favor, the case will be remanded back to the state court from which it was removed. *Coccaro v. Geico Gen. Ins. Co.*, 648 F. App'x 876, 881 (11th Cir. 2016). The Defendant has acknowledged this procedural outcome. *See* ECF No. [35] at 3 n.2. As such, disposing of this case by motion to dismiss will not avoid "needless and extensive discovery." *See S.K.Y. Mgmt. LLC*, 2007 WL 201258, at *1-2.

The Defendant has failed to demonstrate good cause, the prejudice it will suffer, or anything exceptional about this case to warrant a stay of discovery. Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Stay Discovery, **ECF No. [42]**, is **DENIED**. The parties shall proceed with discovery, with all dates and deadlines remaining the same.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 15, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record