UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-61422-BLOOM/Valle

RANDY ROSENBERG, D.C., P.A., a/a/o
Danielle Russell, on behalf of itself and all
others similarly situated,

    Plaintiff,

v.

GEICO GENERAL INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant GEICO General Insurance Company's ("Defendant") Motion to Dismiss, ECF No. [33] ("Motion"). Plaintiff Randy Rosenberg, D.C., P.A. ("Plaintiff") filed its Response in Opposition, ECF No. [34] ("Response"), to which Defendant filed a Reply, ECF No. [35] ("Reply"). Further, after conducting a Hearing on the Motion, Defendant filed two Notices of Supplemental Authority, ECF Nos. [51] & [52], and Plaintiff likewise filed a Notice of Supplemental Authority, ECF No. [53]. The Court has considered the Motion, all opposing and supporting submissions, the arguments presented at the Hearing, the record in this case, and the applicable law, and is otherwise fully advised. For the reasons set forth below, Defendant's Motion is granted in part and denied in part.

    **I.    BACKGROUND**

Plaintiff brings this class action for declaratory judgment (Count I) and breach of contract (Count II) against Defendant, alleging that Defendant has a wide-spread practice of improperly paying personal injury protection ("PIP") claims at a reduced amount. *See* ECF No. [26]

("Amended Complaint"). Plaintiff challenges Defendant's interpretation of a specific endorsement to one of its automobile policies, "FLPIP (01-13)." *Id.* at 1-2. The endorsement includes the following language: "A charge submitted by a provider, for an amount less than the amount allowed above, shall be paid in the amount of the charge submitted." *Id.* at 6.

According to the Amended Complaint, Danielle Russell ("Russell") was insured under an automobile insurance policy with Defendant. *Id.* at 7. Russell was involved in a motor vehicle accident while insured. *Id.* at 6-7. Plaintiff is a healthcare provider that provided medical care to Russell for the injuries she sustained in the motor vehicle accident, in exchange for an assignment of benefits. *Id.* at 7. The Amended Complaint lists four charges for Russell's medical services, for which Plaintiff submitted claims to Defendant. *Id.* at 7-8.

The four charges listed in the Amended Complaint were for amounts less than the amount permitted by a permissive fee schedule under Florida Statutes § 627.736 ("Florida PIP Statute"). *Id.* For each charge that was below the fee schedule amount, Defendant reimbursed Plaintiff for 80% of the billed amount and provided an Explanation of Review ("EOR") that contained the code "BA." *Id.* The BA code indicated that Defendant reduced reimbursement of the charge to 80% of the billed amount. *Id.* The Florida PIP Statute states that "[t]he insurer may limit reimbursement to 80 percent" of certain schedules of maximum charges, including "[f]or all other medical services supplies and care" not listed in subsections (5)(a)1a-e, "200 percent of the allowable amount under: (I) The participating physicians fee schedule of Medicare Part B." Fla. Stat. § 627.736(5)(a)1f(I). Plaintiff believes that the language in the endorsement required full payment of bills for amounts that were less than the amounts set forth in the fee schedule, rather than payment of 80% of the billed amounts. *Id.* at 6. Defendant takes the contrary position. *Id.*

This action was originally filed in the Seventeenth Judicial Circuit in and for Broward

County, Florida, asserting a single class declaratory judgment claim. Defendant filed a Notice of Removal on June 6, 2019, ECF No. [1], relying on the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, 28 U.S.C. § 1441(a) and (b), and 28 U.S.C. § 1453. Plaintiff filed a Motion for Remand "in an abundance of caution" for the Court to consider whether remand was appropriate for lack of Article III standing. ECF No. [7]. In response, Defendant argued that dismissal, rather the remand, was necessary for a lack of standing. ECF No. [10]. The Court denied the Motion for Remand, holding that Plaintiff had Article III standing because the declaratory judgment claim in the original Complaint sought individual, supplemental monetary damages resulting from Defendant allegedly paying less on certain insurance claims than owed to Plaintiff. ECF No. [19]. On September 11, 2019, Plaintiff filed its Amended Complaint, adding an additional claim for breach of contract on a class-wide basis. *See* ECF No. [26].

In the instant Motion, Defendant moves for dismissal pursuant to Rule 12(b)(1) and 12(b)(6), arguing that Plaintiff lacks standing under Article III and that the Amended Complaint fails to state a breach of contract claim that could be certified on a class-wide basis. ECF No. [33]. Plaintiff contends that it has sufficiently established Article III standing and that a determination on class certification issues is inappropriate at the motion-to-dismiss stage, where the parties have not had the opportunity to engage in discovery in order to sufficiently establish all of the elements required for class certification. ECF No. [34].

On November 26, 2019, this Court held a Hearing on Defendant's Motion to Dismiss, which was attended by Plaintiff's counsel and Defendant's counsel. During the Hearing, Defendant argued primarily that the individual issues regarding the calculation of damages for each class member indicate, on the face of the Amended Complaint, that Plaintiff cannot establish the typicality and predominance elements required for class certification. Plaintiff, on the other

hand, first advised the Court that it was withdrawing Count I of its Amended Complaint and would only be proceeding on the breach of contract claims asserted under Count II. Additionally, Plaintiff argued that the issue of class certification is premature at the motion-to-dismiss stage of the litigation and that individualized issues on damages nonetheless do not preclude class certification.

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

One element of the case-or-controversy requirement under Article III of the United States Constitution is that plaintiffs "must establish that they have standing to sue." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). "'The law of Article III standing . . . serves to prevent the judicial process from being used to usurp the powers of the political branches,' and confines the federal courts to a properly judicial role." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citations omitted) (citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013); *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). "Standing for Article III purposes requires a plaintiff to provide evidence of an injury in fact, causation and redressibility [sic]." *Dermer v. Miami-Dade Cty.*, 599 F.3d 1217, 1220 (11th Cir. 2010) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Specifically, "[t]o have standing, a plaintiff must show (1) he has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to conduct of the defendant; and (3) it is likely, not just merely speculative, that the injury will be redressed by a favorable decision." *Kelly v. Harris*, 331 F.3d 817, 819-20 (11th Cir. 2003); *see also Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 980 (11th Cir. 2005).

"The party invoking federal jurisdiction bears the burden of proving standing." *Fla. Pub. Interest Research Grp. Citizen Lobby, Inc. v. E.P.A.*, 386 F.3d 1070, 1083 (11th Cir. 2004) (quoting *Bischoff v. Osceola Cty.*, 222 F.3d 874, 878 (11th Cir. 2000)). A Rule 12(b)(1) motion

challenges the district court's subject matter jurisdiction and takes one of two forms: a "facial attack" or a "factual attack." "A 'facial attack' on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). "A 'factual attack,' on the other hand, challenges the existence of subject matter jurisdiction based on matters outside the pleadings." *Kuhlman v. United States*, 822 F. Supp. 2d 1255, 1256-57 (M.D. Fla. 2011) (citing *Lawrence*, 919 F.2d at 1529); *see also Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1233 (11th Cir. 2008) ("By contrast, a factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony.").

"In assessing the propriety of a motion for dismissal under Fed. R. Civ. P. 12(b)(1), a district court is not limited to an inquiry into undisputed facts; it may hear conflicting evidence and decide for itself the factual issues that determine jurisdiction." *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991). As such, "[w]hen a defendant properly challenges subject matter jurisdiction under Rule 12(b)(1), the district court is free to independently weigh facts, and 'may proceed as it never could under Rule 12(b)(6) or Fed. R. Civ. P. 56.'" *Turcios v. Delicias Hispanas Corp.*, 275 F. App'x 879, 880 (11th Cir. 2008) (quoting *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003)).

**B. Rule 12(b)(6)**

Federal Rule of Civil Procedure 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a motion brought under Rule 12(b)(6) that requests dismissal for failure to state a claim upon which relief can be granted.

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *Wilchombe v. TeeVee*

*Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see also Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity." (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002))).

### III. DISCUSSION

In its Motion, Defendant argues that Plaintiff's Amended Complaint should be dismissed for lack of standing on the declaratory judgment claim under Article III and for failure to state a breach of contract claim that could be certified on a class-wide basis. As such, Defendant requests that the Court remand the instant action back to state court[1] for lack of subject-matter jurisdiction. Plaintiff takes the contrary position, arguing that it has sufficiently established its Article III standing and that resolution of class certification issues is premature at the motion to dismiss stage.

As an initial matter, the Court notes that Plaintiff withdrew Count I of its Amended Complaint at the Hearing. Thus, the Court need not address the arguments presented regarding the declaratory judgment count. As such, Defendant's Motion is granted as to Count I.

Turning to Count II of the Amended Complaint, Defendant argues that Plaintiff cannot establish the typicality or predominance requirements under Rule 23 because the determination of damages for each class member will devolve into individualized "mini-trials," thus precluding class certification. ECF No. [33] at 7-11. Plaintiff, however, argues that the instant case will not present individualized issues as to damages because Defendant's business records note each payment disbursed under the BA code, thus making the damages calculations formulaic. ECF No. [34] at 13-18. Additionally, Plaintiff contends that individualized issues as to damages would

---

[1] In its Motion, Defendant initially contended that a ruling in its favor warranted dismissal of the case. *See* ECF No. [33]. However, in its Reply, Defendant conceded that remand was the appropriate relief. ECF No. [35] at 3 n.2.

7

nonetheless not preclude class certification here because the common, class-wide issues predominate. *Id.*

Federal Rule of Civil Procedure 23 governs class actions. "A class action may be maintained only when it satisfies all the requirements of Fed. R. Civ. P. 23(a) and at least one of the alternative requirements of Rule 23(b)." *Rutstein v. Avis Rent-A-Car Sys., Inc.*, 211 F.3d 1228, 1233 (11th Cir. 2000). "Every class must be 'adequately defined and clearly ascertainable.'" *AA Suncoast Chiropractic Clinic, P.A. v. Progressive Am. Ins. Co.*, 938 F.3d 1170, 1174 (11th Cir. 2019) (quoting *Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012)). "Under Rule 23(a), every putative class first must satisfy the prerequisites of numerosity, commonality, typicality, and adequacy of representation." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1265 (11th Cir. 2009) (citing Fed. R. Civ. P. 23(a); *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1187-88 (11th Cir. 2003)).

Relevant to the issues raised in the instant Motion, regarding the typicality requirement, Rule 23(a) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "[T]he typicality requirement is permissive: representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *In re Checking Account Overdraft*, 275 F.R.D. 666, 674 (S.D. Fla. 2011) (citing *Brown v. SCI Funeral Servs. of Fla., Inc.*, 212 F.R.D. 602, 605 (S.D. Fla. 2003)). In order to demonstrate typicality, the plaintiff must generally demonstrate that a "sufficient nexus exists between the legal claims of the named class representatives and those of individual class members to warrant class certification." *Piazza v. Ebsco Indus., Inc.*, 273 F.3d 1341, 1346 (11th Cir. 2001) (citing *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1569 n.8 (11th Cir. 1992)). Stated differently, "[t]he

claim of a class representative is typical if 'the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory.'" *Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1356-57 (11th Cir. 2009) (quoting *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984)). "If proof of the representatives' claims would not necessarily prove all the proposed class members' claims, the representatives' claims are not typical of the proposed members' claims." *Conigliaro v. Norwegian Cruise Line Ltd.*, No. 05-21584-CIV, 2006 WL 7346844, at *7 (S.D. Fla. Sept. 1, 2006) (quoting *Brooks v. S. Bell Tel. & Tel. Co.*, 133 F.R.D. 54, 58 (S.D. Fla. 1990)).

Once the prerequisites under Rule 23(a) are satisfied, the Rule 23(b) alternatives "differ depending on what type of class the plaintiff purports to represent." *AA Suncoast Chiropractic Clinic, P.A.*, 938 F.3d at 1174. In this case, the relevant alternative requirement is Rule 23(b)(3). ECF No. [26] at 13. "For a damages class under Rule 23(b)(3), the plaintiff must show that 'questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.'" *AA Suncoast Chiropractic Clinic, P.A.*, 938 F.3d at 1174 (quoting Fed. R. Civ. P. 23(b)(3)). "In other words, the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, must predominate over those issues that are subject only to individualized proof." *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1005 (11th Cir. 1997) (internal quotation marks omitted). "Rule 23(b)(3)'s predominance criterion is even more demanding than Rule 23(a)." *Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013) (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623-24 (1997)). "This predominance requirement is meant to "tes[t] whether proposed classes are sufficiently cohesive to warrant

9

adjudication by representation.'" *Id.* at 41 (Ginsburg, J., dissenting) (quoting *Amchem Prods., Inc.*, 521 U.S. at 623).

"[S]erious drawbacks to the maintenance of a class action are presented where initial determinations, such as the issue of liability *vel non*, turn upon highly individualized facts." *Rutstein*, 211 F.3d at 1235-36 (citation omitted). "[C]ommon issues do not predominate 'if, as a practical matter, the resolution of . . . [an] overarching common issue breaks down into an unmanageable variety of legal and factual issues.'" *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1308 n.12 (11th Cir. 2008) (quoting *Cooper v. S. Co.*, 390 F.3d 695, 722 (11th Cir. 2004)).

"[T]o determine whether common questions predominate, [courts] are called upon to examine the cause[] of action asserted in the complaint on behalf of the putative class." *Rutstein*, 211 F.3d at 1234 (citation omitted) (internal quotation marks omitted); *Allapattah Servs., Inc. v. Exxon Corp.*, 333 F.3d 1248, 1260-61 (11th Cir. 2003) (citing *In re Vitamins Antitrust Litig.*, 209 F.R.D. 251, 262 (D.D.C. 2002) ("[I]n general, predominance is met when there exists generalized evidence which proves or disproves an element on a simultaneous, class-wide basis, since such proof obviates the need to examine each class members' individual position." (internal quotation marks omitted))). "Whether an issue predominates can only be determined after considering what value the resolution of the class-wide issue will have in each class member's underlying cause of action." *Rutstein*, 211 F.3d at 1234. "Common issues can predominate only if they have a 'direct impact on every class member's effort to establish liability that is more substantial than the impact of individualized issues in resolving the claim or claims of each class member.'" *Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 985 (11th Cir. 2016) (quoting *Vega*, 564 F.3d at 1270).

Nonetheless, "the presence of individualized damages issues does not prevent a finding that the common issues in the case predominate." *Allapattah Servs., Inc.*, 333 F.3d at 1261.

"Typically, even if courts must confront some individualized damages issues, common issues predominate if liability can be determined on a class-wide basis." *Herrera v. JFK Med. Ctr. Ltd. P'ship*, 648 F. App'x 930, 936 (11th Cir. 2016); *see also Carriuolo*, 823 F.3d at 988. "In particular, when adjudication of questions of liability common to the class will achieve economies of time and expense, the predominance standard is generally satisfied even if damages are not provable in the aggregate." *Comcast Corp.*, 569 U.S. at 41 (Ginsburg, J., dissenting); *cf. Klay v. Humana, Inc.*, 382 F.3d 1241, 1260 (11th Cir. 2004) ("It is primarily when there are significant individualized questions going to liability that the need for individualized assessments of damages is enough to preclude 23(b)(3) certification."), *abrogated in part on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008). "Of course, there are also extreme cases in which computation of each individual's damages will be so complex, fact-specific, and difficult that the burden on the court system would be simply intolerable, but we emphasize that such cases rarely, if ever, come along." *Klay*, 382 F.3d at 1260.

Rule 23(c) directs a district court, "[a]t an early practicable time after a person sues or is sued as a class representative, . . . [to] determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). However, "[t]he question of class certification is generally not addressed on a motion to dismiss." *Martorella v. Deutsche Bank Nat. Tr. Co.*, 931 F. Supp. 2d 1218, 1228 (S.D. Fla. 2013) (citing *Chaney v. Crystal Beach Capital, LLC*, No. 10-cv-1056-T-30-TGW, 2011 WL 17639, at *2 (M.D. Fla. 2011)). "Dismissal at [the motion to dismiss] stage is an extreme remedy appropriate only where a defendant demonstrates 'from the face of [the] complaint that it will be impossible to certify the classes alleged by the plaintiff[] regardless of the facts that the plaintiff[] may be able to prove.'" *Oginski v. Paragon Props. of Costa Rica, LLC*, No. 10-21720-CIV, 2011 WL 3489541, at *3 (S.D. Fla. Aug. 9, 2011) (quoting *Romano v. Motorola, Inc.*,

No. 07-CIV-60517, 2007 WL 4199781, at *2 (S.D. Fla. Nov. 26, 2007)). "To dismiss Plaintiff[s'] class allegation before discovery would be an acknowledgment by this Court that class certification is impossible." *Id.* (quoting *Romano*, 2007 WL 4199781, at *3 (declining to dismiss class allegations at motion to dismiss stage)).

As the Court of Appeals for the Eleventh Circuit has explained that, although in some cases it may be "possible to decide the propriety of class certification from the face of the complaint, the Supreme Court has emphasized that class certification is an evidentiary issue, and 'it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question.'" *Herrera*, 648 F. App'x at 934 (citing *Comcast Corp.*, 569 U.S. at 33; *Mills*, 511 F.3d at 1309); *see also Jackson*, 130 F.3d at 1006 (concluding that Rule 23(b)(3)'s predominance requirement could not be satisfied, and that such failure was "readily apparent from a reading of the . . . complaint"). "[P]recedent [] counsels that the parties' pleadings alone are often not sufficient to establish whether class certification is proper." *Mills*, 511 F.3d at 1309. "[T]he determination usually should be predicated on more information than the complaint itself affords. The court may, and often does, permit discovery relating to the issues involved in maintainability, and a preliminary evidentiary hearing may be appropriate or essential." *Huff v. N.D. Cass Co. of Ala.*, 485 F.2d 710, 713 (5th Cir. 1973) (citation omitted) (footnote omitted).[2] "After all, '[the] class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'" *Herrera*, 648 F. App'x at 934 (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011)). Moreover, "the shape and form of a class action

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals for the Fifth Circuit decided prior to October 1, 1981.

evolves only through the process of discovery, and it is premature to draw such a conclusion before the claim has taken form." *Martorella*, 931 F. Supp. 2d at 1228 (citation omitted).

In the instant case, the Breach of Contract Class is defined in Plaintiff's Amended Complaint as follows:

> All health care providers, who within the applicable statutes of limitations, through the date of filing this lawsuit (the "Class Period"), received an assignment of benefits from a claimant and thereafter, pursuant to that assignment, submitted claims for no-fault benefits under GEICO's Policies to which Endorsement FLPIP (01-13) applies, and any subsequent Policies with substantially similar language that were in effect since January 1, 2013, where GEICO utilized the Code BA with respect to the payment of any claim and paid the provider only 80% of the amount charged.

ECF No. [26] at 10-11.

In its Motion and during the Hearing, Defendant argued that it is evident from the face of Plaintiff's Amended Complaint that class certification would be impossible in this case because, to calculate each individual class member's entitlement to damages, the parties will have to engage in highly individualized assessments. Defendant, relying primarily on the decisions in *AA Suncoast Chiropractic Clinic, P.A.*, *DWFII Corp.*, and *Ocean Harbor Casualty Insurance*,[3] contends that the resultant series of mini-trials on damages precludes class certification because these individualized assessments indicate, on the face of the Amended Complaint, that the class certification elements of typicality and predominance cannot be met. *AA Suncoast Chiropractic*

---

[3] Defendants also filed two Notices of Supplemental Authority in support of their Motion, ECF Nos. [51] & [52], citing the following cases: *Coastal Neurology, Inc. v. State Farm Mut. Auto. Ins. Co.*, 458 F. App'x 793, 794 (11th Cir. 2012); *Cielo v. Garrison Prop. & Cas. Ins. Co.*, No. 15-cv-2324-T-23TBM, 2016 WL 1244552, at *1 (M.D. Fla. Mar. 30, 2016); *Vandenbrink v. State Farm Mut. Auto. Ins. Co.*, No. 12-cv-897-T-30TBM, 2012 WL 3156596, at *1 (M.D. Fla. Aug. 3, 2012); *All Fam. Clinic of Daytona Beach Inc. v. State Farm Mut. Auto. Ins., Co.*, 280 F.R.D. 688, 690 (S.D. Fla. 2012); *MRI Assocs. of St. Pete v. State Farm Mut. Auto. Ins. Co.*, 755 F. Supp. 2d 1205, 1207 (M.D. Fla. 2010); *Coastal Neurology, Inc. v. State Farm Mut. Auto. Ins. Co.*, 271 F.R.D. 538, 546 (S.D. Fla. 2010); *Shenandoah Chiropractic, P.A. v. Nat'l Specialty Ins. Co.*, 526 F. Supp. 2d 1283, 1290 (S.D. Fla. 2007); *Ross-Randolph v. Allstate Ins.*, No. DKC 99-3344, 2001 WL 36042162, at *1 (D. Md. May 11, 2001).

*Clinic, P.A.*, 938 F.3d 1170; *DWFII Corp. v. State Farm Mut. Auto. Ins. Co.*, 469 F. App'x 762 (11th Cir. 2012); *DWFII Corp. v. State Farm Mut. Auto. Ins. Co.*, 271 F.R.D. 676 (S.D. Fla. 2010); *Ocean Harbor Cas. Ins. v. MSPA Claims, 1*, 261 So. 3d 637 (Fla. 3d DCA 2018). Thus, Defendant argues that Count II fails to properly invoke the Court's subject-matter jurisdiction or to state a cause of action because, without the certified class, the remainder of the breach of contract claim is valued at $665.20, which is significantly less than the $75,000.00 amount in controversy required for diversity jurisdiction.

During the Hearing and in its Response, Plaintiff argued that dismissal is not warranted because the damages calculations are formulaic and can be quickly and easily calculated, based on a review of Defendant's electronic records of disbursed payments. Further, Plaintiff notes that the cases upon which Defendant relies to support its arguments against typicality and predominance were not, as here, at the motion-to-dismiss stage of the proceedings. Rather, those cases were each resolved through motions for class certification, after the parties had the benefit of discovery.[4] Plaintiff asserts that even if the damages calculations and potential defenses in this case are highly individualized, class certification is not precluded because the common class-wide issues predominate. Thus, relying primarily on *Herrera*, *Mills*, *Klay*, and *Allapattah Services, Inc.*,

---

[4] Plaintiff's Notice of Supplemental Authority cites to *Gregory Haskin Chiropractic Clinics, Inc. v. Geico Indemnity Co.*, No. 17-62462-CIV-ALTONAGA/Seltzer (S.D. Fla. Nov. 13, 2019), in which the district court approved a proposed class action settlement for PIP benefits, explaining that,

> because this action is being settled rather than litigated, the Court need not consider manageability issues that might be presented in this case. Moreover, the Court does not need to address potential obstacles to certification, such as notices of intent to initiate litigation under Section 627.736, Florida Statutes, or individualized reasonableness issues, since the Parties have negotiated an alternative claims process under which a negotiated, agreed formula will be applied.

*Id.* at 4 (citation omitted). Given this explicit qualification, however, the Court finds that *Gregory Haskin Chiropractic Clinics, Inc.* is inapplicable to this action at the motion to dismiss stage.

Plaintiff argues that dismissal in this case would be premature. *Herrera*, 648 F. App'x 930; *Mills*, 511 F.3d 1300; *Klay*, 382 F.3d 1241; *Allapattah Servs., Inc.*, 333 F.3d 1248.

At this stage, it is premature to make a determination as to the typicality and predominance of the proposed class before Plaintiff has had the benefit of discovery to establish and substantiate each element required for class certification. It is not apparent from the face of the Amended Complaint, as Defendant alleges, that class certification would be impossible, thus warranting the "extreme remedy" of dismissal. *See Oginski*, 2011 WL 3489541, at *3 ("Dismissal at [the motion-to-dismiss] stage is an extreme remedy appropriate only where a defendant demonstrates 'from the face of [the] complaint that it will be impossible to certify the classes alleged by the plaintiff[] regardless of the facts that the plaintiff[] may be able to prove.'" (quoting *Romano*, 2007 WL 4199781, at *2)). Moreover, the Eleventh Circuit has stated that where "the parties' pleadings take starkly different positions as to the number and extent of issues that will be involved in this case, and the method and ease of proof for each," as is the case here, class certification cannot be readily resolved from the face of the complaint. *Mills*, 511 F.3d at 1309; *Herrera*, 648 F. App'x at 935 & n.3. Thus, the determination of the issues of typicality and predominance at this juncture would be "speculative at best and premature at least." *Mills*, 511 F.3d at 1309-10; *Herrera*, 648 F. App'x at 935; *Martorella*, 931 F. Supp. 2d at 1228.

Plaintiff may, through the course of discovery, be able to establish that the damage calculations for each individual class member are formulaic, rather than fact specific, and that any defenses Defendant may raise (i.e., whether each class member served a proper demand letter, whether there was a proper assignment of benefits and exhaustion of benefits, whether there was a reduction by the BA code, whether the expenses were reasonable and necessary, whether the bills were timely submitted, whether the deductible was met, etc.) are inapplicable to the proposed

class. Alternatively, even if some individualized issues on damages or possible defenses exist, Plaintiff might nonetheless be able to establish that these issues do not predominate over the common class-wide issues, once it is better apprised of the number of class members and the nature of the claims and defenses at issue. Conversely, after having had the benefit of discovery, the parties may realize that the opposite is true, and that class certification is not appropriate in this case.[5]

Moreover, with regard to the cases that Defendant relies on in its Motion, as discussed in more detail below, the Court concludes that each of these cases is distinguishable.

In *AA Suncoast Chiropractic Clinic, P.A.*, the plaintiffs brought a class action alleging that the defendants had illegally denied them PIP insurance benefits, asserting one count for declaratory injunctive relief and one count for damages for breach of contract. 938 F.3d at 1172-73. On a motion for class certification, the district court certified the injunction class pursuant to Rule 23(b)(2) but refused to certify the proposed damages class "because doing so would necessitate individualized assessments and case management." *Id.* at 1173. On appeal, the Eleventh Circuit addressed the limited issue of whether the injunction class was properly certified, concluding that

---

[5] Even if, in later stages of this litigation, the damages calculations do ultimately necessitate individualized calculations, remand is still unwarranted at this point.

> [T]he certification of a class is always provisional in nature until the final resolution of the case. See Fed. R. Civ. P. 23(c)(1)(C) (permitting amendment of a certification order at any time prior to judgment). As [the Eleventh Circuit has] explained, the power of the district court to alter or amend class certification orders at any time prior to a decision on the merits "is critical, because the scope and contour of a class may change radically as discovery progresses and more information is gathered about the nature of the putative class members' claims." *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1273 (11th Cir. 2000). . . .
>
> Further and related, individualized damages calculations are insufficient to foreclose the possibility of class certification, especially when, as here, the central liability question is so clearly common to each class member. . . . Nothing in [Rule 23] requires plaintiffs to prove predominance separately as to both liability and damages.

*Carriuolo*, 823 F.3d at 988.

the class should not have been certified because the injunctive remedy sought was, in actuality, a request for monetary damages for past harm, rather than prospective equitable relief, which is an inappropriate remedy for an injunctive class certified under Rule 23(b)(2). *Id.* at 1172, 1180. Notably, though, the Eleventh Circuit in *AA Suncoast Chiropractic Clinic, P.A.* did not address the propriety of the district court's refusal to certify the damages class. Rather, the Court clearly limited its holding to the narrow issue presented on interlocutory appeal, stating that it had "no occasion today to disapprove — or approve — of complaints or classes that [were] not before [it]. In this interlocutory appeal, [the Eleventh Circuit] consider[ed] only whether the class as certified, proceeding on the complaint as alleged, [was] viable." *Id.* at 1172.[6]

The Court is nonetheless unpersuaded that *AA Suncoast Chiropractic Clinic, P.A.* is applicable to the instant Motion, especially given its narrow holding. As Plaintiff correctly notes, *AA Suncoast Chiropractic Clinic, P.A.* addressed a denial of a motion for class certification, not a motion to dismiss. *Id.* at 1173. Yet, the Motion here attempts to dismiss the class allegations before Plaintiff has had any meaningful opportunity to conduct discovery and investigate the viability of class certification, which is only appropriate where it is clear from the face of the pleadings that class certification would be impossible. *See Oginski*, 2011 WL 3489541, at *3.

Likewise, *DWFII Corp.* and *Ocean Harbor Casualty Insurance* both addressed motions for class certification. The district court in *DWFII Corp.* denied a motion to certify a class seeking damages for PIP benefits claims, explaining that the individualized issues predominated over the

---

[6] Interestingly, at the motion to dismiss stage, the defendants in *AA Suncoast Chiropractic Clinic, P.A.* moved to strike or dismiss the class allegations, arguing that "PIP benefit disputes like the instant one are never the proper subject of a class action seeking declaratory or injunctive relief." *AA Suncoast Chiropractic Clinic, P.A. v. Progressive Am. Ins. Co.*, No. 15-cv-2543-T-26MAP, 2016 WL 740719, at *1 (M.D. Fla. Feb. 25, 2016). In declining to dismiss the challenged class allegations, the district court specifically noted "that it is not 'readily apparent from a reading' of the second amended complaint that the requirements of Rule 23 cannot be met and it is premature in this case to attempt to do so before a motion to certify class has been filed." *Id.* at *2 (citing *Mills*, 511 F.3d at 1309).

common issues because the insurer could make individual reasonableness determinations for every class member's claim. 271 F.R.D. at 683-84. The Eleventh Circuit affirmed the district court's denial of class certification based on the individual questions that predominated. *DWFII Corp.*, 469 F. App'x at 765-66. Further, in *Ocean Harbor Casualty Insurance*, which involved a class certification motion on a class action seeking double damages for an insurer's wrongful failure to pay PIP benefits, the Third District Court of Appeals concluded that class certification was inappropriate because "proof to establish liability [would] necessarily devolve into a series of mini-trials," thus precluding a finding of predominance. 261 So. 3d at 648. As with *AA Suncoast Chiropractic Clinic, P.A.*, the Court concludes that *DWFII Corp.* and *Ocean Harbor Casualty Insurance* are inapposite here, because the parties in the instant action have not had the opportunity to conduct discovery relating to the issues of class certification. In addition, regarding the individualized reasonableness determinations at issue in *DWFII Corp.*, such determinations are inapplicable in the instant action because Defendant has elected the Medicare fee schedules in its Policy, which is an alternative reimbursement methodology on PIP claims that eliminates the need for individualized reasonableness determinations. ECF No. [26] ¶¶ 30-31; ECF No. [34] at 17.

Defendant also submitted two Notices of Supplemental Authority, citing cases it felt were relevant to the issue of PIP class certification. The Court, however, concludes that these cases are similarly distinguishable from the instant action.

First, the Court notes that many of the cases that Defendant submitted within the Notices of Supplemental Authority are distinguishable because they addressed motions for class certification after the parties had the opportunity to conduct discovery and fully develop the class certification issues, rather than dismissing class allegations at the motion-to-dismiss stage. *See Coastal Neurology, Inc.*, 458 F. App'x at 794; *All Fam. Clinic of Daytona Beach Inc.*, 280 F.R.D.

at 690; *Coastal Neurology, Inc.*, 271 F.R.D. at 542. Similarly, in denying class certification, many of those cases involved individualized reasonableness determinations not applicable here because Defendant in this case has elected the Medicare fee schedules in its Policy. *See Coastal Neurology, Inc.*, 458 F. App'x at 795; *All Fam. Clinic of Daytona Beach Inc.*, 280 F.R.D. at 692-93; *Coastal Neurology, Inc.*, 271 F.R.D. at 544-46.

Additionally, of the cases Defendant submitted in its Notices of Supplemental Authority that dismissed class allegations at the motion-to-dismiss stage, many also turned on the issue of individualized reasonableness determinations. *See Cielo*, 2016 WL 1244552, at *3; *MRI Assocs. of St. Pete*, 755 F. Supp. 2d at 1207-08; *Ross-Randolph*, 2001 WL 36042162, at *6-7. Moreover, in *Shenandoah Chiropractic, P.A.*, the district court did not address the defendant's arguments that the breach of contract claim for PIP benefits was not suitable for relief on a class-wide basis. 526 F. Supp. 2d at 1286 n.2. Rather, the district court granted the defendant's motion to dismiss and struck the class allegations based on its conclusion that each class member was required to submit a separate pre-suit demand letter as a condition precedent to filing suit. *Id.* at 1290.[7] Additionally, *Vandenbrink* concerned class allegations that class members were not made whole by their settlements from prior motor vehicle accident lawsuits because the defendant improperly attempted to subrogate certain medical payment coverage amounts from the settlement proceeds. 2012 WL 3156596, at *1. Ultimately, the district court granted the defendant's motion to dismiss and motion to strike because the threshold inquiry was whether each class member was made whole through their individual settlements, which was too individualized to be addressed on a class-wide basis. *Id.* at *3.

---

[7] Plaintiff's Amended Complaint alleges that "[a]ll conditions precedent to this action have occurred, been satisfied, or been waived." ECF No. [26] ¶ 63. Thus, taking this allegation as true, the issue of individual class members' pre-suit notice is not present here.

Ultimately, Plaintiff is entitled to move for class certification, after having had the opportunity to fully develop the "shape and form" of the proposed class through the discovery process. *Martorella*, 931 F. Supp. 2d at 1228. Absent such discovery to clearly establish whether the damages calculations are so individualized and pervasive as to defeat the possibility of class certification, the Court cannot make a determination as to typicality and predominance at this stage. *See AA Suncoast Chiropractic Clinic, P.A.*, 2016 WL 740719, at *2 ("The Court finds that it is not 'readily apparent from a reading' of the second amended complaint that the requirements of Rule 23 cannot be met and it is premature in this case to attempt to do so before a motion to certify class has been filed." (citing *Mills*, 511 F.3d at 1309)). Accordingly, Defendant's Motion is denied as to Count II. The Court will address the merits of class certification at the appropriate stage of these proceedings.

## IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss, **ECF No. [33]**, is **GRANTED in part and DENIED in part** consistent with this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 13, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record