IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 0:19-cv-61422-BLOOM

RANDY ROSENBERG, D.C., P.A.,
a/a/o Danielle Russell, on behalf of itself and
all others similarly situated,

        Plaintiff,

v.

GEICO GENERAL INSURANCE CO.,

        Defendant.
_____/

## DEFENDANT'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

Defendant, GEICO GENERAL INSURANCE COMPANY (GEICO), files its Answer to the First Amended Class Action Complaint [DE 26] ("Complaint") filed by Plaintiff, RANDY ROSENBERG, D.C., P.A. a/a/o Danielle Russell, on behalf of itself and all others similarly situated. Defendant denies that Plaintiff has asserted any viable claims for relief, denies all allegations not expressly admitted herein, denies that Plaintiff has stated a prima facie case for class certification, denies that Plaintiff and the putative class members are entitled to any of the relief sought in the Complaint, demands a jury trial on all issues triable, and hereby responds to the allegations in the Complaint in the same numerical order as presented:

### NATURE OF THE ACTION

1.     Denied.

2.     Admit that GEICO has issued PIP policies with form FLPIP (01-13) in Florida. Deny remainder of allegation.

3.     Denied.

4.     Denied.

5. Denied.

## JURISDICTION, PARTIES, AND VENUE

6. Without knowledge therefore denied.

7. Without knowledge therefore denied.

8. Defendant admits that the parties are of diverse citizenship but alleges that it is domiciled in the State of Maryland. and that venue is proper in the Southern District of Florida. Defendant admits that it sells automobile insurance in Florida, is registered to conduct business in Florida, and is licensed in Florida as an insurer. Defendant denies remainder of allegation.

9. Defendant admits that this Court has personal jurisdiction over GEICO, that it sells automobile insurance in Florida, is registered to conduct business in Florida, and is licensed in Florida as an insurer. Defendant and denies remainder of allegation.

10. Defendant admits that venue is proper in the Southern District of Florida and denies remainder of allegation.

11. Defendant denies that all conditions precedent to the maintenance of this action have occurred, have been performed, or have been waived. Specifically, some or all of the putative class members and/or the putative class representative failed to comply with the presuit notice requirement, the examination under oath requirement, the independent medical examination requirement, the timely billing requirement, the timely notice requirement, and other conditions precedent to suit under section 627.736, Florida Statutes, the policies of insurance, and Florida law. Further, Plaintiff has failed to provide statutorily compliant pre-suit notice of its intent to file this class action lawsuit as the purported class demand letter does not contain the information contained in section 627.736(10), Florida Statutes, for each putative class member.

**BACKGROUND INFORMATION – FLORIDA MOTOR VEHICLE NO-FAULT LAW**

12. This paragraph states legal conclusions to which no response is required; otherwise denied.

13. This paragraph states legal conclusions to which no response is required; otherwise denied including footnote 1.

14. GEICO admits that it issued form FLPIP (01-13) in Florida; otherwise denied.

15. Denied as phrased. Footnote 2 states legal conclusions to which no response is required; otherwise denied.

16. This paragraph states legal conclusions to which no response is required; otherwise denied.

17. This paragraph states legal conclusions to which no response is required; otherwise denied.

18. Admit that GEICO elected to limit reimbursement to the statutory schedule fo maximum charges and that the FLPIP (01-13) form contains the quoted language. Defendant denies the remainder of the allegation.

19. Denied.

**GENERAL FACTS RELATED TO INDIVIDUAL PLAINTIFF**

20. Without knowledge therefore denied.

21. Admit that GEICO insured Russell on the date in question and that the policy included form FLPIP (01-13). Deny remainder of allegation.

22. Without knowledge as to whether Russell received the treatment Plaintiff charged GEICO for – therefore denied. Admit that Plaintiff charged $175 for code 99214 and GEICO paid $140. Deny remainder of allegation.

23. Without knowledge as to whether Russell received the treatment Plaintiff charged GEICO for – therefore denied. Admit that Plaintiff charged $80 for code 98941 and GEICO paid $64. Deny remainder of allegation.

24. Without knowledge as to whether Russell received the treatment Plaintiff charged GEICO for – therefore denied. Admit that Plaintiff charged $65 for code 97110 and GEICO paid $52. Deny remainder of allegation.

25. Admit that GEICO provided an EOR that contained the code BA for each charge that was paid at 80% of the billed amount. Deny remainder of allegation.

**DEFENDANT'S APPLICATION OF EXPLANATION CODE BA HAS BEEN WIDESPREAD**

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Without knowledge therefore denied.

31. Denied. The schedule of maximum charges merely represents the maximum allowable amount.

32. Denied that GEICO maintains electronic searchable records that would enable it to identify claims and class members within the scope of Plaintiff's allegations without an individual claim-by-claim review of each claim file where the BA code was used. Deny remainder of allegation.

33. Denied.

34. Denied.

35. Denied.

36. Denied. Plaintiff withdrew and this Court dismissed Plaintiff's declaratory count.

37. Denied. Determinations of both liability for PIP benefits and the amount of any benefits owed will require mini trials for each individual claim due to a litany of individualized liability and damages issues specific to each claim.

38. Denied. Plaintiff withdrew and this Court dismissed Plaintiff's declaratory count.

## CLASS ACTION ALLEGATIONS

39. Without knowledge therefore denied.

40. Denied.

41. Denied.

42. Denied, including all subparts.

43. Denied.

44. Denied.

45. Denied.

## COUNT I – DECLARATORY JUDGMENT (CLASS CLAIM)

46. Defendant repeats and re-alleges its responses to each and every allegation contained in paragraphs 1-4, 6-36, 39-45 above.

47. Denied. Plaintiff withdrew and this Court dismissed Plaintiff's declaratory count. Defendant further denies that all conditions precedent to the maintenance of this action have occurred, have been performed, or have been waived. Specifically, some or all of the putative class members and/or the putative class representative failed to comply with the presuit notice requirement, the examination under oath requirement, the independent medical examination requirement, the timely billing requirement, the timely notice requirement, and other conditions precedent to suit under section 627.736, Florida Statutes, the policies of insurance, and Florida

law. Further, Plaintiff has failed to provide statutorily compliant pre-suit notice of its intent to file this class action lawsuit as the purported class demand letter does not contain the information contained in section 627.736(10), Florida Statutes, for each putative class member.

48. Denied. Plaintiff withdrew and this Court dismissed Plaintiff's declaratory count.

49. Denied. Plaintiff withdrew and this Court dismissed Plaintiff's declaratory count.

50. Denied. Plaintiff withdrew and this Court dismissed Plaintiff's declaratory count.

51. Denied. Plaintiff withdrew and this Court dismissed Plaintiff's declaratory count.

52. Denied. Plaintiff withdrew and this Court dismissed Plaintiff's declaratory count.

53. Denied. Plaintiff withdrew and this Court dismissed Plaintiff's declaratory count.

54. Denied. Plaintiff withdrew and this Court dismissed Plaintiff's declaratory count.

55. GEICO admits that its policy only requires it to pay 80% of the billed amount. Deny remainder of allegation. Plaintiff withdrew and this Court dismissed Plaintiff's declaratory count.

56. Denied. Plaintiff withdrew and this Court dismissed Plaintiff's declaratory count.

57. Denied. Plaintiff withdrew and this Court dismissed Plaintiff's declaratory count.

58. Denied. Plaintiff withdrew and this Court dismissed Plaintiff's declaratory count.

Defendant denies that Plaintiff and the putative class members are entitled to any of the relief sought in Count I of the complaint.

## COUNT II – BREACH OF CONTRACT

59. Defendant realleges its responses to paragraphs 1-3, 5-35, 37-45 above.

60. Denied.

61. This paragraph states legal conclusions to which no response is required; otherwise denied.

62. Denied. GEICO did not issue a policy to Plaintiff.

63. Defendant denies that all conditions precedent to the maintenance of this action have occurred, have been performed, or have been waived. Specifically, some or all of putative class members and/or the putative class representative failed to comply with the presuit notice requirement, the examination under oath requirement, the independent medical examination requirement, the timely billing requirement, the timely notice requirement, and other conditions precedent to suit under section 627.736, Florida Statutes, the policies of insurance, and Florida law. Further, Plaintiff has failed to provide statutorily compliant pre-suit notice of its intent to file this class action lawsuit as the purported class demand letter does not contain the information contained in section 627.736(10), Florida Statutes, for each putative class member.

64. Without knowledge. Therefore, denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied. Plaintiff has failed to provide statutorily compliant pre-suit notice of its intent to file this class action lawsuit as the purported class demand letter does not contain the information contained in section 627.736(10), Florida Statutes for each putative class member.

69. Denied.

Defendant denies that Plaintiff and the putative class members are entitled to any of the relief sought in Count II of the Complaint.

70. Defendant denies all allegations not specifically admitted.

71. Defendant demands a jury trial on all issues triable.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof as to any matter on which Plaintiff and/or proposed class members bear the burden, GEICO asserts the following affirmative defenses to Plaintiff's Complaint:

1. Plaintiff and the proposed class members fail to state claims upon which relief can be granted.

2. Plaintiff and members of the alleged class have failed to comply with all conditions precedent under Florida law including but not limited to the presuit notice requirement, the examination under oath requirement, the independent medical examination requirement, the timely billing requirement, the timely notice requirement, and other conditions precedent to suit under section 627.736, Florida Statutes, the policies of insurance, and Florida law. Further, Plaintiff has failed to provide statutorily compliant pre-suit notice of its intent to file this class action lawsuit as the purported class demand letter does not contain the information contained in section 627.736(10), Florida Statutes, for each putative class member.

3. GEICO asserts all defenses that are applicable and could be raised in response to an individual claim by Plaintiff and proposed class members pursuant to Chapter 627 of the Florida Statutes, including but not limited to section 627.736(5).

4. The claims of Plaintiff and proposed class members fail to the extent that the applicable alleged assignments are insufficient to convey standing for Plaintiff and/or proposed class members to bring the claims asserted.

5. The claims of Plaintiff and proposed class members are barred to the extent that Plaintiff and/or proposed class members failed to serve statutorily complaint pre-suit demand

letters on GEICO containing the information required by section 627.736(10) of the Florida Statutes.

6. The claims of Plaintiff and/or proposed class members are barred to the extent that the alleged services at issue were not medically necessary, were not related to the accident at issue, or were not reasonable.

7. The alleged claims of Plaintiff and the proposed class members are barred to the extent that Plaintiff and/or proposed class members failed to bring a single cause of action for benefits under the terms of the governing policy and Florida law, and to the extent that Plaintiff and/or proposed class members have previously filed an individual lawsuit on the same alleged claim(s) at issue.

8. The claims of Plaintiff and proposed class members are barred to the extent that the charges billed by Plaintiff and/or proposed class members were excessive, billed more than once for the same alleged medical treatment, and/or were for services not actually rendered.

9. Some or all of the claims of Plaintiff and the proposed class members are be barred by the doctrines of waiver, estoppel, or ratification.

10. The claims of Plaintiff and the proposed class members are barred or limited to the extent that Plaintiff and/or proposed class members failed to comply with obligations and conditions precedent to receiving payment, claiming additional payment, or bringing a lawsuit under the terms of the governing policies and Florida law.

11. The claims of Plaintiff and the proposed class members are barred to the extent that Plaintiff and/or proposed class members breached the governing policies.

12. Some or all of the claims of Plaintiff and/or proposed class members are barred by the doctrine of accord and satisfaction.

13. Some or all of the claims of Plaintiff and/or proposed class members are barred by the doctrines of res judicata, claim preclusion and/or collateral estoppel.

14. Some or all of the claims of Plaintiff and/or proposed class members are barred by the doctrine of release.

15. Some or all of the claims of Plaintiff and/or the proposed class members are barred by the applicable statute of limitations and/or the doctrine of laches.

16. Each claim of Plaintiff and each proposed class member is subject to further review and challenge, and therefore an amount due for each service cannot be determined and a final judgment cannot be rendered as to some or all such claims.

17. The claims of Plaintiff and/or proposed class members are barred to the extent that GEICO has overpaid for the alleged claims at issue or is entitled to a setoff.

18. Plaintiff's claim for breach of contract is barred by payment, as Plaintiff was paid in accordance with the terms of the Policy and the PIP Statute.

19. Plaintiff did not charge a reasonable amount consistent with Fla. Stat. § 627.736(5)(a) for the services at issue.

20. The claims of Plaintiff and proposed class members are barred to the extent that Plaintiff and/or proposed class members failed to mitigate their alleged damages.

21. Some or all of the claims of Plaintiff and the proposed class members are barred due to fraud committed by Plaintiff and/or proposed class members.

22. Some or all of the claims of Plaintiff and the proposed class members are barred due to the exhaustion of benefits under the applicable individual insurance coverage.

23. This action is not proper for class treatment under Rule 23(b) of the Federal Rules of Civil Procedure. *See, e.g., DWFII Corp. v. State Farm Mut. Auto. Ins. Co.*, 271 F.R.D. 676, 686 (S.D. Fla. 2010), aff'd, 469 Fed. App'x. 762, 765 (11th Cir. 2012).

24. This action is not proper for class treatment because the Plaintiff and each proposed class member will have to demonstrate standing through a valid assignment of benefits, as well as compliance with the pre-suit demand requirements and/or other conditions precedent, for each separate individual claim.

25. This action is not proper for class treatment because individual questions of fact pertaining to the separate claims of each Plaintiff and proposed class member, as well as different and unique defenses pertaining to the separate claims of each Plaintiff and proposed class member, will predominate over common legal questions.

26. The Court lacks subject matter jurisdiction over the claims of Plaintiff and the proposed class members.

27. Plaintiff and members of the alleged class would be unjustly enriched if they were permitted to obtain recovery.

28. Plaintiff and members of the alleged class lack standing to assert any such claims.

29. Plaintiff's remedies are limited and that Plaintiff may not recover both equitable and compensatory relief.

30. The claims of plaintiff and the alleged class are for unlawfully rendered services.

31. The claims of plaintiff and the alleged class may have been untimely submitted.

32. Some or all of the putative class members' claims are barred by the doctrine of abandonment.

33. Some or all of the putative class members' claims are barred by the doctrines of res judicata or claim preclusion.

34. Some or all of the putative class members' claims are barred by section 627.736(5)(b), Florida Statutes, due to false statements, upcoding, unbundling, unlawfully rendered services, patient brokering, and/or failure to comply with section 627.736(5)(d), Florida statutes.

35. Some or all of the putative class members' claims are barred due to material misrepresentations in the claim and/or the policy application.

GEICO reserves the right to assert additional defenses as its investigation and discovery proceed in this case.

## CONCLUSION

WHEREFORE, GEICO respectfully requests that the claims asserted in Plaintiff's Complaint be dismissed and/or that judgment be entered in its favor, that GEICO be awarded its costs and reasonable attorneys' fees as allowed by law, and such further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

GEICO demands a trial by jury as to all issues so triable as of right

Respectfully submitted,

Counsel for Defendant

s/ Thomas L. Hunker
Thomas L. Hunker (FBN 38325)
Peter D. Weinstein (FBN 0913502)
COLE, SCOTT & KISSANE, P.A.
600 North Pine Island Road
Lakeside Office Center, Ste. 500

Plantation, Florida 33324
Telephone: 954-473-1112
Facsimile: 954-474-7979
Peter.Weinstein@csklegal.com
Thomas.Hunker@csklegal.com
Secondary: Tamara.Mihajlovic@csklegal.com

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on December 26, 2019, a true and correct copy of the foregoing was served, via electronic mail, upon the persons on the attached service list.

/s Thomas L. Hunker

Attorney for Defendant

## **SERVICE LIST**

Counsel(s) for Plaintiff:

Edward H. Zebersky, Esq.
Fla. Bar No. 0908370
Michael T. Lewenz, Esq.
Fla. Bar No. 111604
Mark. S. Fistos, Esq.
Fla. Bar No. 909191
ZEBERSKY PAYNE, LLP
110 S.E. 6th Street, Ste. 2150
Fort Lauderdale, FL 33301
Telephone: (954) 989-6333
Facsimile: (954) 989-7781
ezebersky@zpllp.com
mlewenz@zpllp.com