# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-62462-CIV-ALTONAGA/Seltzer

**GREGORY HASKIN CHIROPRACTIC
CLINICS, INC.**; *et al.*,

   Plaintiffs,

v.

**GEICO INDEMNITY COMPANY**; *et al.*,

   Defendants.

_____/

## ORDER

  **THIS CAUSE** came before the Court the Joint Motion for Preliminary Approval of Class Action Settlement [ECF No. 66], filed November 12, 2019. Having reviewed the Settlement Agreement between Plaintiffs, Gregory Haskin Chiropractic Clinics, Inc., and Coastal Wellness Centers, Inc., individually and as representatives of the Settlement Class defined below and Defendants, GEICO Indemnity Company; GEICO General Insurance Company; GEICO Casualty Company; and Government Employees Insurance Company (collectively, the "GEICO COMPANIES") and each of its Exhibits, the record in this case, and applicable law, it is

  **ORDERED AND ADJUDGED** that the Motion **[ECF No. 66]** is **GRANTED** as follows:

**Preliminary Approval of the Proposed Settlement**

  1.  The Court finds it has subject matter jurisdiction over this Action pursuant to 28 U.S.C. section 1331, including jurisdiction to approve and enforce the Settlement and all Orders that have been entered or which may be entered pursuant thereto. The Court also finds it has personal jurisdiction over the Parties and, for purposes of consideration of the proposed Settlement,

over each of the members of the Settlement Class defined below, and that venue is proper in this District pursuant to 28 U.S.C. section 1391.

2. The Direct Mail Notice to the Settlement Class, as provided in this Order, further supports assertion of the Court's jurisdiction, and application of its orders and judgments, over the Settlement Class. *See* Fed. R. Civ. P. 23; *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985) (mail notice provides personal jurisdiction over class members, even those who reside in different states).

3. The Court further finds that: (a) the proposed Settlement resulted from extensive arm's-length negotiations and was concluded only after Class Counsel had duly investigated the issues raised by Plaintiffs' claims; (b) the proposed Settlement of this Action makes available valuable consideration commensurate with the alleged harm; and (c) the proposed Settlement evidenced by the Settlement Agreement is sufficiently fair, reasonable and adequate to warrant sending notice of this Action and the proposed Settlement to the Settlement Class Members and holding a full hearing on the proposed Settlement.

**Certification of the Settlement Class**

4. For purposes of Settlement of this Action, and pursuant to Federal Rules of Civil Procedure 23(b)(2) and (b)(3), this Action is certified as a class action on behalf of the following Settlement Class:

> All persons and/or entities who: (i) are or were Florida healthcare providers (as described by Section 627.736(1)(a), Fla. Stat.), or their assignees; (ii) provided medical services to a person insured by the GEICO COMPANIES under an auto policy that included a deductible applicable to the PIP coverage provided under the policy; (iii) hold an assignment of benefits from said insured; (iv) submitted a claim to the GEICO COMPANIES for payment of such medical services; and (v) had their claim adjusted during the Class Period by applying the statutory reimbursement limitations of Section 627.736, Fla. Stat., to medical services determined to be within the PIP deductible.

Excluded from the Settlement Class are: (1) the GEICO COMPANIES, any entities in which the GEICO COMPANIES have a controlling interest, and all of their legal representatives, heirs and successors; and (2) members of the judiciary for the United States District Courts of Florida.

The following claims of Settlement Class Members shall be outside of the scope of the Settlement Agreement and the Released Claims, but shall not otherwise affect membership in the Settlement Class: (1) any claims resolved by separate settlement, dismissal with prejudice, or full payment in response to a demand letter; (2) any claims that are the subject of an individual (not on behalf of a proposed class) lawsuit that has been filed and remains pending as of the Court's Order of Preliminary Approval; (3) any claims where insurance benefits exhausted prior to the Effective Date or the date a timely Settlement Claim Form is deemed submitted, whichever is later; and (4) any claims that are denied during the settlement claims process on the grounds that the claim is outside the scope of the Settlement Agreement. When a PIP or other no-fault claim includes both medical services within the scope of the Settlement Agreement and others outside the scope of the Settlement Agreement, the Settlement Agreement and Release will apply but only to those medical services within the scope of the Settlement Agreement.

5. All terms and phrases used in this Order shall have the same meaning as in the Settlement Agreement.

6. The Court further finds for purposes of preliminary approval and for Settlement of this Action (and only for such purposes, and without an adjudication of the merits or a determination of whether a class should be certified if the Settlement is not approved or does not otherwise become final), that the requirements of the Federal Rules of Civil Procedure and any other applicable law have been met in that (a) Members of the proposed Settlement Class are so numerous as to make joinder of all Members impracticable; (b) there are questions of law or fact common to Members of the proposed Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class Members they seek to represent; (d) the Plaintiffs and Class Counsel will fairly and adequately protect the interests of the proposed Settlement Class Members they seek to represent; (e) questions of law or fact common to the proposed Settlement Class

3

Members predominate over any questions affecting only individual members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

7. In making the findings herein, the Court also notes that, because this action is being settled rather than litigated, the Court need not consider manageability issues that might be presented in this case. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 619 (1997). Moreover, the Court does not need to address potential obstacles to certification, such as notices of intent to initiate litigation under Section 627.736, Florida Statutes, or individualized reasonableness issues, since the Parties have negotiated an alternative claims process under which a negotiated, agreed formula will be applied.

8. In making these findings with respect to certification for settlement purposes of the Settlement Class, the Court has also considered, among other factors: (i) the interests of members of the Settlement Class in individually controlling the prosecution or defense of separate actions; (ii) the impracticability or inefficiency of prosecuting or defending separate actions; (iii) the extent and nature of any litigation concerning these claims already commenced; and (iv) the desirability of concentrating the litigation of the claims in a particular forum.

9. The Court appoints and designates Plaintiffs, Gregory Haskin Chiropractic Clinics, Inc., and Coastal Wellness Clinics, Inc., as the representatives of the Settlement Class (as defined above) for the purpose of seeking approval of the Settlement of this Action, and they are referred to herein as "Plaintiffs" or "Class Representatives."

10. Counsel for Plaintiffs are preliminarily approved as counsel for the Settlement Class for purposes of seeking approval of the Settlement of this Action and are referred to herein as "Class Counsel." Class Counsel for the Settlement Class are the following: Tod Aronovitz and Barbara Perez, of Aronovitz Law; and Theophilos Poulopoulos, of The Schiller Kessler Group.

11. The appointment of a Claims Administrator, as agreed in the Settlement Agreement, is approved for purposes of providing notice, administering requests for exclusion ("Opt-Out Requests") and other communications with Settlement Class Members, and otherwise administering the proposed Settlement pursuant to the Settlement Agreement and the Order(s) of the Court. The Parties and their representatives are authorized to share with the Claims Administrator and opposing counsel confidential and privacy protected business and personal information in connection with administration of this Settlement. Such information shall remain confidential and private and shall not be disclosed to any other person absent express authorization from the Court.

**Fairness Hearing**

12. A hearing (the "Fairness Hearing") will be held at **9:00 a.m.** on **May 15, 2020** before the Court to determine:

    (a) whether this Action should be finally certified as a class action for settlement purposes;

    (b) whether the proposed Settlement of this Action should be approved as fair, reasonable and adequate;

    (c) whether this Action should be dismissed on the merits and with prejudice pursuant to the terms of the Settlement;

    (d) whether Settlement Class Members should be bound by the Release set forth in the Settlement Agreement;

    (a) whether Class Counsels' application for an award of attorneys' fees and expenses should be approved; and

5

(f) whether the named Plaintiffs' application for incentive awards should be approved.

The Parties shall file their final submissions in support of final approval of the Settlement pursuant to Federal Rule of Civil Procedure 23 on or before April 7, 2020.

**Pre-Hearing Notice to Settlement Class Members and the Settlement Website**

13. Pursuant to the terms of the Settlement Agreement, the GEICO COMPANIES shall cause the Notice Program (as defined in the Settlement Agreement), to be implemented through the Claims Administrator, to be provided to potential members of the Settlement Class. The Court further directs the Claims Administrator to follow the procedures set forth in the Settlement Agreement.

(a) **Direct Mail Notice**. The Court approves the Direct Mail Notice without material alteration from Exhibit A to the Settlement Agreement. Within forty-five (45) days of entry of the Order of Preliminary Approval, or such time as the Parties may agree, the Claims Administrator shall print and cause to be mailed by First-Class Mail, postage prepaid, the Direct Mail Notice. The Direct Mail Notice will be provided to all health care providers who are identified as potential Settlement Class Members, at their last known address of record, as determined by a reasonable search of the bill review database provided to the GEICO COMPANIES by their medical bill review vendors in Florida during the Class Period. Addresses of potential Settlement Class Members identified by the GEICO COMPANIES will be run through the National Change of Address database (the "NCOA") prior to mailing. The Claims Administrator shall check and update all class notice addresses pursuant to an NCOA review prior to mailing.

(b) **Re-mailing**. In the event that a mailing to a Settlement Class Member containing the Direct Mail Notice is returned to the Claims Administrator, the Claims Administrator shall resend by First-Class Mail, postage prepaid, the Direct Mail Notice to the forwarding address, if one is provided by the United States Postal Service.

(c) **Proof of Mailing**. No later than fourteen (14) days before the Fairness Hearing, the Parties or the Claims Administrator shall file with the Court a proof of mailing of the Direct Mail Notices. The Parties are not required to file a proof of receipt of the Direct Mail Notices by Settlement Class Members pursuant to governing law.

(d) **Settlement Website and Website Notice**. Notice shall also be provided by establishing the Settlement Website as a publicly available website containing a copy of the Direct Mail Notice, Settlement Agreement, Claim Form, this Order, and such other supporting documents as set forth in the Settlement Agreement. The Court approves the Settlement Website as described in Paragraph D.2. of the Settlement Agreement, with the Direct Mail Notice as the Website Notice without material alteration from Exhibit A to the Settlement Agreement. The Settlement Website may be amended during the course of the Settlement as appropriate and agreed to by the Parties, and which shall be maintained for at least 180 days after the conclusion of the Claims Period.

(e) **Toll-Free Phone Number.** The Court directs the Claims Administrator to maintain a toll-free telephone system containing recorded answers to frequently asked questions.

(f) **Post Office Box**. The Claims Administrator shall maintain, and the GEICO COMPANIES shall pay the costs incurred in maintaining, a post office box to be utilized for receiving correspondence and other communications from Settlement Class Members. Only the Claims Administrator, Class Counsel, the GEICO COMPANIES, the GEICO COMPANIES' Counsel and their designated agents shall have access to this post office box, except as otherwise

expressly provided in the Settlement Agreement. The Claims Administrator shall also promptly furnish Class Counsel and Counsel for the GEICO COMPANIES copies of any and all objections, Opt-Out Requests, motions to intervene, notices of intention to appear, and other communications that come into its possession except as expressly provided in the Settlement Agreement.

      (g)  **Settlement Claim Form.** The Court approves the Claim Form without material alteration from Exhibit B to the Settlement Agreement for distribution to Settlement Class Members pursuant to the Settlement Agreement. The Court directs that the Claim Form be distributed with the Direct Mail Notice.

  To be considered for possible payment under the Settlement Agreement, Claim Forms must be postmarked or submitted on the Settlement Website by no later than April 7, 2020. A Claim Form submitted on the Settlement Website or postmarked after this date shall be untimely and invalid. Claim Forms must contain the information and comply with the requirements set forth in the Settlement Agreement.

  14. Having considered, among other factors, (a) the cost of giving notice by various methods, (b) the resources of the Parties, (c) the stake of each Settlement Class Member, and (d) the possibility that certain Settlement Class Members might desire to exclude themselves from the Settlement Class or appear individually, the Court finds that notice given in the form and manner provided in this Order meets the requirements of the Federal Rules of Civil Procedure, including Rule 23, and due process, and is the best practicable notice and is reasonably calculated, under the circumstances, to apprise the Settlement Class Members (i) of the pendency and nature of this action, (ii) the definition of the class certified; (iii) the class claims, issues, or defenses and the terms of the proposed Settlement; (iv) the right to appear and object to the proposed Settlement; (v) the right to exclude themselves from the Settlement Class; (vi) the time and manner for

requesting exclusion from the Settlement Class; and (vii) that any judgment, whether favorable or not, will bind all Settlement Class Members who do not request exclusion. The Court further finds that the Direct Mail Notice is written in plain English and is readily understandable by Settlement Class Members.

In sum, the Court finds that the texts and methodology in the proposed Direct Mail Notice and Website Notice are reasonable, that they constitute due, adequate and sufficient notice to all persons entitled to be provided with notice, and that they meet the requirements of the Federal Rules of Civil Procedure, the Constitutions of the United States (including the Due Process Clause) and Florida, and any other applicable rules or law.

**Exclusion from Settlement Class**

15. Any Settlement Class Member who wishes to be excluded from the Settlement Class must comply with the terms set forth in the Settlement Agreement and timely submit an Opt-Out Request to the Claims Administrator in the manner set forth below.

(a) Opt-Out Requests must identify and include: (i) the litigation as *Haskin Chiropractic v. GEICO*, Case No. 17-cv-62462-CMA; (ii) the Settlement Class Member's name, (iii) the Settlement Class Member's federal tax identification number ("TIN") if an entity, or last four digits of the Settlement Class Member's Social Security Number; (iv) the Settlement Class Member's address, (v) identifies by claim number the specific claim(s) that the Settlement Class Member seeks to exclude from the Settlement, (vi) a clear expression of the desire to Opt-Out and be excluded from the Settlement Class with substantially the following statement: "I request to be excluded from the settlement in the *Haskin Chiropractic v. GEICO* action; and (vii) the signature of the Settlement Class Member or an authorized representative of the Settlement Class Member.

No Opt-Out Request will be valid unless all of the information described in this paragraph is included.

(b) A separate Opt-Out Request must be individually submitted by each natural person or entity requesting exclusion from the Settlement. Opt-Out Requests may not be submitted on behalf of a group, class, or sub-class. Further, unless the Opt-Out Request states that it is limited to any particular claims, insureds, or dates of service, the Opt-Out Request shall be deemed to cover any and all of the Settlement Class Member's claims that accrued during the Class Period.

(c) If the Opt-Out request is submitted by a lawyer or someone other than the actual Settlement Class Member, or an officer or authorized representative or employee of the Settlement Class Member, then the third-party signor (e.g., attorney, billing agent, or other third party) must include the following attestation on the Opt-Out Request:

> "I certify and attest to the Court that the Settlement Class Member on whose behalf this Opt-Out Request is submitted, has been provided a copy of and has read the Class Notice and thereafter specifically requested to be excluded from this Settlement Class. The Undersigned attests under penalty of perjury that at the time of this submission, I am authorized to represent the Settlement Class Member upon whose behalf I am submitting this Opt-Out Request in this matter, and I have confirmed that no other representative counsel or agent will be submitting a Claim Form on behalf of or submitting an Opt-Out on behalf of the Settlement Class Member. I further attest under penalty of perjury that that I have actually advised the person of the material terms of the Settlement, including the monetary terms of the Settlement and a comparison of recovery based on the monetary terms of the Settlement and what that proposed Settlement Class Member could expect without Settlement and that after a full consultation, the Settlement Class Member still desires to opt out of the Settlement."

(d) Any written Opt-Out Request must be sent by First-Class mail, postage prepaid, and postmarked no later than seventy-five (75) days after mailing of the Direct Mail Notice to the Settlement Class Member, and addressed to the Claims Administrator at the address identified in the Direct Mail Notice.

(e) Within fifteen (15) business days of the postmark date on the Opt-Out Request, the GEICO COMPANIES may object that a timely submitted Opt-Out Request fails to conform with the requirements approved by the Court, and therefore is invalid. The GEICO COMPANIES' objection shall specify the basis of the asserted non-compliance and shall be made in writing to Class Counsel and the Settlement Class Member that has submitted the Opt-Out Request. An Opt-Out Request that has been objected to by the GEICO COMPANIES shall not be deemed valid or effective until it is cured, resolved among the interested parties, or adjudicated by the Court at the Fairness Hearing or another duly set hearing. Untimely Opt-Out Requests shall be invalid unless and until expressly accepted as valid by the GEICO COMPANIES or the Court.

(f) If the Opt-Out Request does not comply with the requirements of this Order, it is not valid.

16. At least fourteen (14) days before the Fairness Hearing, the Parties or Claims Administrator shall file with the Court a list identifying all persons or entities who timely submitted written Opt-Out Requests complying with this Order.

17. If the proposed Settlement is approved, any Settlement Class Member who is not deemed by the Court as having submitted a valid Opt-Out Request complying with this Order and the Direct Mail Notice shall be bound by Settlement Agreement and all subsequent proceedings, orders and judgments in this action, and all their claims shall be dismissed with prejudice and released as provided for in the Settlement Agreement. The GEICO COMPANIES shall be entitled to rely on the TIN or last four digits of the Social Security Number identified by the Settlement Class Member on the Opt-Out Request to determine whether a Person or entity has been excluded from the Settlement Class.

**Objections**

18. A Settlement Class Member who has not excluded himself, herself, or itself from the Settlement Class may submit a written objection for the Court's consideration, including without limitation objections to the final certification of the Settlement Class, the fairness, reasonableness, or adequacy of the proposed Settlement, the adequacy of the representation by the Class Representatives or by Class Counsel, the request of Class Counsel for fees and expenses or the payments to the Class Representatives, in the manner set forth below. A Settlement Class Member who is provided notice only after entry of the Final Order and Judgment approving the proposed Settlement (if the Settlement is approved) may not delay implementation of the Settlement by objection, but may exclude itself as provided in this Order or pursue other remedies for relief from judgment provided by applicable law with respect to its individual claims only.

(a) Each objection must be in writing and include: (i) a prominent identifying reference to the litigation as *Haskin Chiropractic v. GEICO*, Case No. 17-cv-62462-CMA; (ii) the name and address of the objector/Settlement Class Member and "Objection"; (iii) the objector's/Settlement Class Member's TIN (if an entity) or last four digits of his or her Social Security Number (if a natural person); (iv) a statement of each objection being made with specificity; (v) a statement indicating whether the objector/Settlement Class Member intends to appear at the Fairness Hearing (with or without counsel); (vi) a statement as to whether the objector/Settlement Class Member is represented by counsel for purposes of objecting; (vii) a statement as to whether the objector/Settlement Class Member (or his/her/its counsel) have submitted any other objections any class action settlements in the past five (5) years and a list of such objections/cases, if applicable; (viii) a list of witnesses whom the objector/Settlement Class Member may call by live testimony and copies of any documents or papers that the

12

objector/Settlement Class Member plans to submit; and (ix) if available, the GEICO COMPANIES' policy and/or claim number(s) effected by the Settlement.

(b) The objector/Settlement Class Member must file the written objection with the Court and serve copies upon the following:

<u>As to Plaintiffs and the Settlement Class:</u>

Tod Aronovitz
Aronovitz Law
One Biscayne Tower, Suite 3700
2 South Biscayne Boulevard
Miami, Florida 33131
ta@aronovitzlaw.com

<u>As to the GEICO COMPANIES</u>:

John P. Marino
Smith, Gambrell & Russell, LLP
50 North Laura Street
Suite 2600
Jacksonville, Florida 32202
jmarino@sgrlaw.com

Any such written objections must be filed with the Court and served upon the above counsel postmarked no later than seventy-five (75) days after initial mailing of the Direct Mail Notice to the Settlement Class Member.

(c) Any Settlement Class Member who submits a timely written objection shall consent to deposition by Class Counsel in the County of the objector/Settlement Class Member's residence within seven (7) days of service of his, her or its timely written objection.

(d) The right to object to the Settlement or to intervene in the Action must be exercised individually by a Settlement Class Member or his or her attorney, and not as a member of a group, class, or subclass, except that such objections may be submitted by a Settlement Class Member's legally authorized representative.

19. Any Settlement Class Member who does not timely file and serve a written objection in the manner described in this Section shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement, or the award of any attorney fees and/or incentive award. Further, any

13

Settlement Class Member who intends to appear at the Fairness Hearing, and any counsel that intends to appear on behalf of any Settlement Class Member, must file and serve on all Parties a Notice of Intention to Appear with the Court as set forth below.

20. The Parties, their agents or attorneys may not engage in any confidential negotiations to either i) withdraw objections, or ii) pay any objector/Settlement Class Member or their attorneys any compensation or fees. Neither Class Counsel, counsel for the GEICO COMPANIES, the Parties, nor their representatives may pay any compensation to any person or their attorney in exchange for withdrawal of an objection. Neither the Parties, Class Counsel, nor counsel for the GEICO COMPANIES may pay, or cause payment of any fees to any objector/Settlement Class Member unless those fees have been approved by the Court.

**Appearances at the Fairness Hearing**

21. Any Settlement Class Member who files and serves a timely, written objection pursuant to the terms of this Order may also appear at the Fairness Hearing, either in person or through counsel retained at the Settlement Class Member's expense, by timely submitting a Notice of Intent to Appear in the manner set forth below.

(a) Settlement Class Members or their attorneys intending to appear at the Fairness Hearing must file with the Court and serve upon Class Counsel and counsel for the GEICO COMPANIES, at the addresses specified above in this Order, a Notice of Intent to Appear. The Notice of Intent to Appear must contain: (i) a prominent identifying reference to the litigation as *Haskin Chiropractic v. GEICO*, Case No. 17-cv-62462-CMA and "Notice of Intent to Appear"; (ii) the name and address of the objector/Settlement Class Member; (iii) the objector's/Settlement Class Member's TIN (if an entity) or last four digits of his or her Social Security number (if a natural person); (iv) the signature of the objector/Settlement Class Member or an authorized

14

representative of the objector/Settlement Class Member, indicating the name and position of the signatory; and (v) if counsel will appear on the objector/Settlement Class Member's behalf, the counsel's full name, address, telephone number, and bar number.

(b)  Notices of Intent to Appear must be filed with the Court and served upon the above Class Counsel and counsel for the GEICO COMPANIES at the addresses set forth above in this Order postmarked no later than fourteen (14) days before the Fairness hearing.

22. Any Settlement Class Member who does not timely file and serve a Notice of Intent to Appear complying with this Order and the Class Notice shall not be permitted to appear at the Fairness Hearing, except for good cause shown.

**Tolling**

23. Because Settlement Class Members will be eligible to receive compensation through the Settlement instead of having to bring their own lawsuits and because bringing a separate lawsuit would be inconsistent with participation in the Settlement Class, the Court finds that the following tolling order is appropriate:

> The statute of limitations and all other pre-suit time limits, including without limitation any time limits to pay or otherwise respond to notices of intent to initiate litigation under Chapter 627 of the Florida Statutes or notices of violation under Chapter 624 of the Florida Statutes, shall be tolled until the Court either grants or denies final approval of the proposed Settlement and such order or judgment becomes final, provided that the tolling shall terminate ten (10) business days after submission of an Opt-Out Request, as indicated by the postmark date of such request submitted to the Claims Administrator, with respect to any Settlement Class Member that submits a timely, written Opt-Out Request that has not been challenged by The GEICO COMPANIES as provided in this Order or that is otherwise approved by the Court. Upon receipt of any such notices of intent to initiate litigation under Chapter 627 of the Florida Statutes or notices of violation under Chapter 624 of the Florida Statutes, The GEICO COMPANIES shall send a response to the Settlement Class Member that encloses copies of the Class Notice and this Order, and advises of the proposed Settlement and this tolling provision, as well as how the Settlement Class Member can obtain further information regarding the Settlement.

15

The response letters shall be substantially in the form as Exhibit E to the Settlement Agreement.

### **Injunction**

24. Pursuant to 28 U.S.C. section 1651, Federal Rule of Civil Procedure 23 and the Settlement Agreement, the Court hereby bars and enjoins all Settlement Class Members, unless and until they have timely and properly excluded themselves from the Settlement Class, and any person acting or purporting to act directly or derivatively on behalf of a Settlement Class Member, or acting on a representative basis or in any other capacity, from commencing, prosecuting, intervening in, or participating in any action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any claims or causes of action, or the facts and circumstances relating thereto, in this case and/or the Released Claims.

### **Other Provisions**

25. Capitalized terms used in this Order that are not otherwise defined in this Order have the meanings assigned to them in the Settlement Agreement.

26. This Order shall become null and void *ab initio*, and this Order (and all proceedings that have taken place with respect to the Settlement Agreement) shall be without prejudice to the rights and contentions of the parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if: (a) the proposed Settlement is not finally approved by the Court, or does not become final pursuant to the terms of the Settlement Agreement; or (b) the proposed Settlement is terminated in accordance with the Settlement Agreement or does not become effective as required by the terms of the Settlement Agreement for any other reason. In such event, (i) the proposed Settlement and Settlement Agreement shall become null and void and be of no further force and effect, (ii) neither the Settlement Agreement nor the Court's orders or findings therein, including this Order, shall be used or referred to for any

purpose whatsoever in this or any other action or proceeding, and (iii) the Parties and this case shall be restored to the status existing on July 13, 2019.

27. The GEICO COMPANIES retain the right to communicate with and respond to inquiries from Settlement Class Members and persons who are sent the Direct Mail Notice orally and/or in writing, and they may do so through any appropriate representatives, under the following terms and conditions:

(a) During the period following the date of this Order, the GEICO COMPANIES or their designees may in the ordinary course of business continue to process and respond to all inquiries or complaints, notwithstanding the fact that certain complaints may originate with Settlement Class Members or persons who are sent the Direct Mail Notice and may concern claims that otherwise could be eligible for relief under the Settlement Agreement.

(b) Communications by the GEICO COMPANIES or their designees about the proposed Settlement with Settlement Class Members or Persons who are sent the Direct Mail Notice shall only be made jointly or in the presence of Plaintiffs' counsel or with Plaintiffs' counsel's express consent, or as approved by this Court. However, Plaintiffs' counsel may engage in privileged communications and other advice or respond to inquiries by Settlement Class Members, so long as such communications would not otherwise be inconsistent with the intent of this Subsection that communications similar in content to groups of Settlement Class Members or Persons who are sent the Direct Mail Notice be made jointly.

28. This Order shall not be construed or used as an admission, concession, declaration or finding by or against the GEICO COMPANIES of any fault, wrongdoing, breach or liability, or of the appropriateness of certifying a class for litigation purposes. Nor shall this Order be construed or used as an admission, concession, declaration or finding by or against Plaintiffs or

the Settlement Class Members that their claims lack merit or that the relief requested in their pleadings is inappropriate, improper or unavailable, or as a waiver by any party of any defenses or claims he, she or it may have. Other than for purposes to enforce this Order or the Settlement Agreement, if finally approved, neither this Order nor the Settlement Agreement (or any communications or proceedings in connection therewith) shall be offered or received in evidence in this action or any other action or proceeding, or be used or asserted in any way as an admission, concession or evidence of any matter whatsoever. Neither the certification of the Settlement Class, nor the Settlement of the Action, shall be deemed an admission by Plaintiffs or their counsel that a litigation class could not properly be certified in this Action; and Plaintiffs shall retain all rights to assert that the Action may be certified as a litigation class.

29. No discovery with regard to the Settlement Agreement or the proposed Settlement and its administration shall be permitted by any Settlement Class Member or any other person, other than as may be directed by this Court upon a proper showing seeking such discovery by motion properly filed with this Court, noticed and served in accordance with the governing rules of procedure. All discovery and other proceedings in this case is further stayed until order of the Court, except as may be necessary to implement the settlement; to comply with this Order; or to comply with the terms of the Settlement Agreement.

30. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Class. The Court may further continue or adjourn the Fairness Hearing without further written notice.

**DONE AND ORDERED** in Miami, Florida, this 13th day of November, 2019.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record