**IN THE UNITED STATES DISTRICT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

**CASE NO.: 19-cv-61422-CANNON/Hunt**

RANDY ROSENBERG, D.C., P.A.
a/a/o Danielle Russell; and on behalf of
itself and all others similarly situated,

        CLASS REPRESENTATION

        Plaintiff,

v.

GEICO GENERAL INSURANCE COMPANY,

        Defendant.

_____/

**<u>AMENDED SETTLEMENT AGREEMENT AND RELEASE</u>**

This Amended Settlement Agreement and Release[1] (the "Agreement" or the "Settlement") is entered into, subject to approval of the Court consistent with the Federal Rules of Civil Procedure, by and between Plaintiff, Randy Rosenberg, D.C., P.A. a/a/o Danielle Russell, on behalf of themselves and the Settlement Class Members (as defined below), and The GEICO Companies (as defined below).  The GEICO Companies, Class Counsel (as defined below) and Plaintiff stipulate and agree that, in consideration of the promises and covenants set forth in this Agreement, and upon the Effective Date (as defined below), all claims of Plaintiff and the Settlement Class Members against The GEICO Companies shall be settled, compromised, released, and dismissed on the merits and with prejudice, upon the terms and conditions contained in this Agreement.

---

[1] This amended Agreement is entered into pursuant to the Court's order and directions in ECF No. 242 and is amended to conform to the Court's Preliminary Approval Order, ECF No. 222, as stated in ECF No. 242.

## I.    <u>BACKGROUND</u>

A.    This Agreement is made with reference to and in contemplation of the following facts and circumstances:

1.    The GEICO Companies are insurance companies that at all relevant times have been licensed to sell motor vehicle insurance in the State of Florida.

2.    Plaintiff is a health care provider that provided health care services to The GEICO Companies' insureds in Florida.

3.    Consistent with the No-Fault Law and the PIP Statute, The GEICO Companies issued motor vehicle insurance policies in Florida providing Personal Injury Protection ("PIP") coverage and other No-Fault Coverage to its insureds.

4.    Pursuant to Section 627.736, Florida Statutes, Plaintiff and other health care providers provided health care services to The GEICO Companies' insureds, and directly billed The GEICO Companies for those services pursuant to purported assignments of benefits.

5.    On May 7, 2019, Plaintiff, Randy Rosenberg, D.C., P.A, filed a Class Action Complaint in Broward County Circuit Court, seeking monetary damages and equitable relief against GEICO General Insurance Company, asserting that GEICO General Insurance Company underpaid PIP benefits pursuant to an alleged misinterpretation of the applicable Billed Amount ("BA") policy language. GEICO ultimately removed the case to the United States District Court for the Southern District of Florida, and filed its Answer and Affirmative Defenses on December 26, 2019. This case is styled *Randy Rosenberg, D.C., P.A., v. GEICO General Insurance Co.*, Case No. 19-cv-61422-CANNON/Hunt (the "Rosenberg-Russell Case" or the "Action").

6.      Class Counsel have also separately filed two putative class action lawsuits alleging the same, central fundamental BA Issue: *A&M Gerber Chiropractic, Inc. a/a/o Conor Carruthers v. GEICO General*, Case No. CACE 16-016813 (05) (Fla. 17th Cir. Ct.) (the "Gerber-Carruthers Case"); and *Randy Rosenberg, D.C., P.A. a/a/o Dorothy Johnson and Tina Scott v. Government Employees Insurance Company and GEICO Indemnity Company*, Case No. CACE−19−009964 (08) (Fla. 17th Cir. Ct.) (the "Rosenberg-Johnson/Scott Case"). Both the Gerber-Carruthers Case and the Rosenberg-Johnson/Scott Case remain pending in Broward County Circuit Court at this time.

7.      On August 19, 2021, plaintiff Randy Rosenberg, D.C., P.A., also through Class Counsel, filed a Complaint in Broward County Circuit Court asserting individual claims for breach of contract and statutory bad faith in relation to the BA Issue against Government Employees Insurance Company. This case is titled *Randy Rosenberg, D.C., P.A., a/a/o Byron Lang, v. Government Employees Insurance Company*, Case No. COINX-21-046657 (the "Rosenberg-Lang Case"). Government Employees Insurance Company's Motion to Dismiss the Rosenberg-Lang Case, filed September 16, 2021, remains pending at this time.

B.      The Parties come to this Settlement after extensive, contentious litigation.  The Parties have been litigating the BA Issue since 2016 when the "Gerber-Carruthers Case" was filed in state court.  This issue has been subject to several motions to dismiss, numerous motions to compel, motions to remand, class certification motions, two motions for summary judgment, and the Parties have been readying the Rosenberg-Russell Case for trial.   The Parties also engaged in both formal and informal discovery regarding the claims and defenses at issue, including the exchange of thousands of documents, requests for admissions, and extensive depositions of GEICO's Corporate Representatives pursuant to Federal Rule of Civil Procedure 30(b)(6).

3

C.      Throughout this contentious litigation, settlement discussions took place periodically informally and formally. The Parties engaged in multiple formal mediation sessions in the Action.  The Parties began the mediation process with Mediator, Rodney A. Max, on January 8, 2020 in the Rosenberg-Russell Case.   The Parties also engaged in extensive additional discussions and hard fought negotiations, the outcome of which is this Settlement.

D.      The GEICO Companies vigorously deny the claims asserted in the Action and deny all allegations of wrongdoing and liability.  The GEICO Companies maintain that they have consistently acted in accordance with governing law and have indicated their intent to contest the claims against them in the Action.  The GEICO Companies have nonetheless concluded that it is in their best interest that the Action be settled on the terms and conditions set forth in this Agreement.  The GEICO Companies have reached this conclusion after considering the factual and legal issues in the Action, the substantial benefits of resolving the Action, the expense that would be necessary to defend the Action throughout trial and any appeals that might be taken, the benefits of disposing of protracted and complex litigation, and the desire of The GEICO Companies to conduct its business unhampered by the distractions of continued litigation.

E.      Plaintiff and Class Counsel have thoroughly, and at times contentiously, investigated the facts and law underlying the claims asserted in the Action.  Plaintiff and Class Counsel believe that the claims asserted in the Action have substantial merit.  Class Counsel has also engaged in numerous discussions with The GEICO Companies' Counsel regarding those claims.  Class Counsel has also examined the benefits to be obtained under the terms of the Settlement and has considered the costs, risks and delays associated with the continued prosecution of this complex and time-consuming litigation and the likely appeals of any favorable rulings. Plaintiff and Class Counsel believe that, in consideration of all the circumstances and after

prolonged and serious arm's-length negotiations with The GEICO Companies and the GEICO Companies' Counsel, the Settlement reflected in this Agreement is fair, reasonable, adequate and in the best interests of Plaintiff and the Settlement Class Members.

F.    The GEICO Companies have agreed to the class treatment of the claims asserted in the Action solely for the purpose of effectuating the compromise and settlement of those claims on a class basis, and deny that the Action should properly proceed on a class basis for purposes of litigation and trial.

G.    The Parties understand, acknowledge and agree that the execution of this Agreement constitutes the settlement and compromise of disputed claims.  This Agreement is inadmissible as evidence against any Party except to enforce the terms of the Settlement and is not an admission of wrongdoing or liability on the part of any Party to this Agreement.  It is the Parties' desire and intention to effectuate a full, complete and final settlement and resolution of all existing disputes and claims as set forth in this Agreement.

H.    The Parties acknowledge that it is their intent to consummate the Settlement and this Agreement and agree to cooperate and use their best efforts to effectuate and implement the terms and conditions of this Agreement.

**NOW, THEREFORE,** in light of the foregoing, for good and valuable consideration, the receipt of which is hereby mutually acknowledged, Plaintiff and The GEICO Companies agree to the Settlement, subject to approval by the Court, as follows:

II.    **DEFINITIONS**

A.    In addition to the terms defined at various points within this Agreement, the following defined terms apply throughout this Agreement and the attached exhibits:

1.    "Action" and the "Rosenberg-Russell Case" mean *Randy Rosenberg, D.C.,*

*P.A., v. GEICO General Insurance Co.*, Case No. 19-cv-61422-AMC, pending in the United States District Court for the Southern District of Florida.

2.      "Agreement" means this Settlement Agreement and Release and the attached exhibits.

3.      "BA Issue" means any and all claims, cases and causes of action arising from or relating to allegations regarding the endorsement language "A Charge submitted by a provider, for an amount less than the amount allowed above, shall be paid in the amount of the charge submitted" and the GEICO Companies utilization of the code "BA" when determining and issuing payment in response to claims.

4.      "Claim Form" means the claim form to be submitted by Settlement Class Members pursuant to Section III.H of this Agreement, substantially in the form attached as Exhibit B.

5.      "Claim Period" means the period of time in which a Settlement Class Member must submit a Claim Form to be eligible to receive monetary relief as part of the Settlement.  The Claim Period shall conclude one hundred and fifty (150) days from that Class Notice Mailing Date.

6.      "Claims Administrator" means the third-party administrator agreed to by the Parties and approved by the Court.

7.      "Class Counsel" means Edward Zebersky, Michael T. Lewenz, and Mark S. Fistos of Zebersky Payne Shaw Lewenz, LLP, and Alec Schultz of Higers Graben, PLLC.

8.      "Class Notice" means all types of notice that will be provided to the Settlement Class pursuant to this Agreement and approved by the Court, including Direct Mail

Notice and Settlement Website Notice, as well as any additional notice agreed to by the Parties and approved by the Court prior to dissemination.

9.      "Class Notice Mailing Date" means the date that the Claims Administrator actually mails the Class Notice via the United States Postal Service.

10.      "Class Period" is defined according to which GEICO entity issued the applicable insurance policy.  The Class Period for each GEICO entity will be the period five years prior to the date the Litigation was filed against the entity (or the date the entity was added to the Litigation) through the date of preliminary approval.

11.      "Court" means the United States District Court for the Southern District of Florida.

12.      "Effective Date" means the fifth business day after the last of the following dates:

    a)   The GEICO Companies and Plaintiff have executed this Agreement;

    b)   the Court has entered the Final Approval Order substantially in the form attached as Exhibit D; and

    c)   the Final Approval Order has become a final, non-appealable judgment approving the Settlement in all respects and no longer subject to review, rehearing, appeal, petition for allowance of appeal, petition for certiorari, or other review of any kind.

13.      "Final Approval Hearing" means the hearing or other judicial proceeding at which the Court considers the Parties' request to enter the Final Approval Order granting final approval of the Settlement and determining the amount of fees, costs and expenses to be awarded to Class Counsel.

14.      "Final Approval Order" means the order and judgment that the Court enters upon finally approving the Settlement in connection with the Final Approval Hearing, substantially in the form attached as Exhibit D.

15.     "Mediator" means Rodney Max of Upchurch Watson White & Max.

16.     "Notice Program" means the methods provided for in this Agreement for giving notice of the Settlement as provided in Section III.G of this Agreement.

17.     "Notice Deadline" means the first business day 30 days following entry of the Preliminary Approval Order.

18.     "No-Fault Coverage" means first party no-fault coverage issued by The GEICO Companies in Florida, including PIP and Medical Payments coverages.

19.     "No-Fault Law" means the Florida Motor Vehicle No-Fault Law, Sections 627.730-627.7405, Florida Statutes, and with respect to any applicable insurance policy, means the version of the No-Fault Law applicable to that policy.

20.     "Objection Deadline" means the first business day 30 days after the Class Notice Mailing Date.

21.     "Opt Out Deadline" means the first business day 45 days after the Class Notice Mailing Date.

22.     "Opt Out Request" means a request for exclusion from the Settlement Class submitted by a Settlement Class Members pursuant to the terms of section III.P of this Agreement.

23.     "Party(ies)" means Plaintiff, individually and as Class Representative, and The GEICO Companies.

24.     "Person(s)" means, without limitation, any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.  The definition of "Person" does not include any governmental agencies or governmental actors, including, without

limitation, any state Attorney General's office.

25.     "PIP" means personal injury protection insurance, and when referring to PIP coverage means personal injury protection coverage provided under an applicable insurance policy.

26.     "PIP Statute" means Section 627.736 of the No-Fault Law, and with respect to any particular insurance policy, means the version of the Section 627.736 of the No-Fault Law applicable to that policy.

27.     "Preliminary Approval" means the Court's preliminarily approval of the Settlement.

28.     "Preliminary Approval Order" means the Court order preliminarily approving the Settlement substantially in the form attached as Exhibit C.

29.     "Recognized Opt Out" means any Person or entity who timely and validly exercises his, her, or its right to opt out of the Settlement Class, pursuant to this Agreement and Federal Rule of Civil Procedure 23, but shall not include (a) a Person or entity whose opt out is challenged by Plaintiffs or The GEICO Companies, and the challenge is not overruled by the Court or withdrawn by the Party asserting the challenge, and (b) a Person or entity whose communication is not treated as an opt out as provided in this Agreement.

30.     "Releases" means all of the releases contained in this Agreement.

31.     "Released Claims" means all claims to be released as set forth in this Agreement.

32.     "Released Parties" means The GEICO Companies, any person or entity covered or insured by The GEICO Companies, and any third party that provided medical bill review or audit services to The GEICO Companies and that provided those services with respect

to the claims raised in the Action, and each of their respective present and former affiliates and related companies, officers, directors, employees, insurers, insureds, attorneys, predecessors, successors, assigns, and/or anyone acting or purporting to act for them or on their behalf.

33.     "Releasing Parties" means Plaintiff and each and every Settlement Class Member who has not been recognized by the Court as excluded from the Settlement Class, on behalf of themselves and each of their respective heirs, trustees, executors, administrators, representatives, fiduciaries, principals, beneficiaries, assigns, agents, attorneys, partners, successors and predecessors-in-interest, and/or anyone claiming through them or acting or purporting to act for them or on their behalf.

34.     "Settlement" means the settlement into which the Parties have entered to resolve the Action.  The terms of the Settlement are as set forth in this Agreement and the attached exhibits.

35.     "Settlement Administration Costs" means (i) all costs of providing notice to Persons in the Settlement Class (including, but not limited to, Direct Mail Notice and Settlement Website Notice, and any additional notice that might be agreed to by the Parties and/or approved and ordered by the Court); (ii) all costs of administering the Settlement, including, but not limited to, the cost of printing and mailing settlement payments and Claim Forms and the cost of maintaining a designated post office box for receiving Claim Forms; and (iii) the fees, expenses and all other costs of the Claims Administrator.

36.     "Settlement Benefits" or "Settlement Relief" means the following benefits available to Settlement Class Members and set forth in greater detail below:

a)     <u>Readjustment of Claim</u>.    The GEICO Companies will readjust settlement claims as set forth below in this Agreement.

10

b)    <u>Enhanced Relief</u>.  The GEICO Companies will further pay to Settlement Class Members interest at a rate of 10% of the additional amount paid on each Valid Settlement Claim.

c)    <u>Submission Compensation</u>.  The GEICO Companies will also pay a postage and submission payment of nine dollars ($9) for each Valid Settlement Claim submitted via. U.S. Mail.

37.    "Settlement Class" means the Settlement Class defined below in Section III of this Agreement.

38.    "Settlement Class Member" means any Person or entity in the Settlement Class.

39.    "Settlement Website" means the interactive website dedicated to the Settlement that will include the Claim Form, a copy of this Agreement, the Preliminary Approval Order, the Settlement Website Notice, Class Counsel's request for attorneys' fees and costs, and any other materials the Parties agree to include.

40.    "Settlement Website Notice" means the Direct Mail Notice made available on the Settlement Website pursuant to this Agreement and substantially in the form attached as Exhibit A.

41.    The "GEICO Companies" means collectively, Defendants, GEICO General Insurance Company, GEICO Indemnity Company, Government Employees Insurance Company and GEICO Casualty Company.

42.    The "GEICO Companies' Counsel" means Smith, Gambrell & Russell, LLP, and Cole, Scott & Kissane, P.A.

43.    "Valid Claim Form" or "Valid Settlement Claim" means a Claim Form submitted by a Settlement Class Member that (a) is submitted in accordance with the directions

included in the Class Notice, Claim Form and this Settlement Agreement; (b) contains no material defects as stated below and contains and includes all of the information and attestations required in the Claim Form, as stated below; (c) is signed by a Settlement Class Member or Person with authority to sign for and bind a Settlement Class Member, subject to penalty of perjury; and (d) is returned via U.S. mail and postmarked or uploaded to the Settlement Website established and maintained by the Claims Administrator by the Claims Deadline. The Claims Administrator may require additional information from a Settlement Class Member to validate the Claim. The Parties will attempt in good faith to resolve any issues regarding the validity of a Claim Form submitted by a Settlement Class Member. Any such issues the Parties are unable to resolve will be resolved by a neutral third-party agreed upon by the Parties.

B.      Capitalized terms used in this Agreement but not defined above shall have the meaning ascribed to them in this Agreement, including the attached exhibits.

## III.   TERMS OF SETTLEMENT

A.      The Settlement Class.

1.      Plaintiff and The GEICO Companies agree and stipulate that a Settlement Class should be certified as a Rule 23(b)(3) opt out class for settlement purposes only, by order of the Court, subject to the exclusions set forth below, to be defined as follows:[2]

All health care providers who hold an assignment of benefits of the Policy[3] from an individual insured by one of the GEICO Companies and, pursuant to that assignment, submitted a claim for reimbursement of no-fault benefits to one of the GEICO Companies during the Class Period for a charge in an amount less than the

---

[2] The Parties agree that the Settlement Class has been modified from the class definition that was previously certified in the Action, and the Parties request certification of the modified proposed Settlement Class for settlement purposes only.

[3] The "Policy" refers to the Florida Motor Vehicle Insurance policy underwritten by one of the GEICO Companies in Florida and which contains the No-Fault Policy Endorsement indicated by the acronyms, "FLPIP (01-13)," "FLPIP (07-15)" and "FLPIP (01-18)" and such later Endorsements containing the "BA" language.

schedule of maximum charges as defined by Section 627.736(5)(a)1., Florida Statutes, where the applicable GEICO Company utilized the reason code "BA" to issue payment to the provider for 80% of the amount charged for the claim.

Excluded from the Settlement Class are: (1) The GEICO Companies, any entities in which The GEICO Companies have a controlling interest, and all of their legal representatives, heirs and successors; and (2) members of the judiciary for the United States District Courts of Florida.

2.      The following claims of Settlement Class Members shall be outside of the scope of the Settlement Agreement and the Released Claims, but shall not otherwise affect membership in the Settlement Class:  (1) any claims resolved by separate settlement, dismissal with prejudice, or full payment in response to a demand letter;  (2) any claims that are the subject of an individual (not on behalf of a proposed class) lawsuit involving the BA Issue that has been filed and remains pending as of the Court's Preliminary Approval Order; (3) any claims where insurance benefits exhausted prior to the Effective Date or the date a timely Settlement Claim Form is deemed submitted, whichever is later; and (4) any claims that are denied during the settlement claims process on the grounds that the claim is outside the scope of the Settlement Agreement.  When a PIP or other no-fault claim includes both medical services within the scope of the Settlement Agreement and others outside the scope of the Settlement Agreement, the Settlement Agreement and Release will apply but only to those medical services within the scope of the Settlement Agreement.

B.      Certification of the Settlement Class for Settlement Purposes.  Solely for the purposes of settling the Action, providing Class Notice, and implementing this Agreement, the Parties agree to certification of the Settlement Class for settlement purposes only.  Certification of the Settlement Class for settlement purposes shall not be deemed a concession that certification of a litigation class is appropriate, nor are The GEICO Companies precluded from challenging class certification in further proceedings in this Action or in any other action or proceeding if the

Settlement is not finalized or finally approved or is materially altered by the Court or any appellate court.  If the Settlement is not finally approved for any reason whatsoever or is materially altered by the Court or any appellate court, the certification of the Settlement Class shall be void and vacated, and the Action shall proceed as though the Settlement Class had never been certified, without prejudice to any Party to either request or oppose class certification.  In such event, in connection with this Settlement, no doctrine of waiver, estoppel or preclusion may be asserted in any litigated certification proceedings in this Action or in any other action or proceeding.  No agreements made by or entered into by The GEICO Companies in connection with the Settlement may be used by Plaintiff, any Person in the proposed Settlement Class or any other Person to establish any of the elements of class certification in any litigated certification proceedings, whether in this Action or any other action or proceeding.

     C.      <u>Reinstatement Upon Non-Approval</u>.

The Parties stipulate that the prior class certification order in the Action will be reinstated if the Settlement Agreement is not approved by the Court in substantially its present form, or the proposed Settlement does not become final for any reason.

     D.      <u>Addition of GEICO Entities</u>.

Within 20 days of the full execution of the Settlement Agreement by all Parties, the Parties will jointly apply to the Court for entry of an Order of Preliminary Approval seeking, among other things, leave of court for Plaintiff to file an Amended Complaint naming as Defendants all of The GEICO Companies.

     E.      <u>Preliminary Approval</u>.  The Parties request  entry of the Preliminary Approval Order from the Court in substantially the form attached as Exhibit C, which shall specifically include provisions that: (a) grant Plaintiff leave to file an Amended Complaint naming as

Defendants all entities defined herein as the GEICO Companies; (b) preliminarily approve the Settlement reflected in this Agreement as sufficiently fair, adequate and reasonable to the Settlement Class, and within the reasonable range of possible final approval; (c) vacate the class certification order previously entered in this Action; (d) certify the Settlement Class for settlement purposes only and appoint Plaintiff as class representatives and Class Counsel as counsel for the Settlement Class for settlement purposes only; (e) approve the forms of Class Notice and find that the Notice Program constitutes the best notice practicable under the circumstances, provides due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (f) direct that notice be provided to the Settlement Class, in accordance with this Agreement; (g) establish a procedure for Settlement Class Members to object to the Settlement or exclude themselves from the Settlement Class, and set the Opt Out Deadline and the Objection Deadline; (h) approve the Claim Form substantially in the form attached as Exhibit B and the claims process described in this Agreement; (i) pending final determination of whether the Settlement should be approved, bar and preliminarily enjoin all Settlement Class Members, directly, on a representative basis, or in any other capacity, from commencing, prosecuting, intervening in, or participating as a plaintiff or class member in any action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims against any of the Released Parties; (j) pending final determination of whether the Settlement should be approved, stay all proceedings in the Action except those related to effectuation of the Settlement; (k) approve and appoint a Claims Administrator to perform the tasks as set forth in this Agreement; (l) provide that no discovery with regard to the Settlement Agreement or the proposed Settlement and its administration shall be permitted by any Settlement Class Member or any other Person, other than as may be directed by the Court upon a proper showing seeking such

discovery by motion properly filed with this Court, noticed and served in accordance with the governing rules of procedure; (m); require that all discovery provided by any Party to the Action, including confirmatory discovery, be kept strictly confidential, except as specifically agreed by the Parties to support the Settlement or as otherwise ordered by the Court; and (n) schedule a hearing on Final Approval of the Settlement, which shall be scheduled no earlier than thirty (30) days after the Opt Out Deadline and provide that this hearing may, from time to time without further notice to the Settlement Class, be continued or adjourned by order of the Court.

      F.    <u>Claims Administration</u>.

A third party Claims Administrator will be chosen by the GEICO Companies, subject to approval by Class Counsel, to administer the relief described by this Settlement Agreement. The responsibilities of the third-party Claims Administrator include, but are not limited to, providing Class Notice, receiving and processing Opt Out Requests, receiving and processing Settlement Claim Forms, and processing and sending settlement payments. The GEICO Companies shall pay all of the Settlement Administration Costs. The Parties shall not be liable for the acts or omissions of the Claims Administrator.

The Claims Administrator shall, subject to the supervision of the Court, administer the relief provided by this Settlement Agreement by processing Claim Forms in a cost effective and timely manner. The Claims Administrator shall maintain reasonably detailed records of its activities under this Settlement Agreement. The Claims Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel and The GEICO Companies' Counsel promptly upon request.

The Claims Administrator shall also provide reports and other information to the Court as the Court may require. The Claims Administrator shall promptly upon request provide Class Counsel and The GEICO Companies' Counsel with information concerning notice, administration and implementation of the Settlement Agreement.  Should the Court request or should it be reasonably advisable to do so, the Parties, in conjunction with the Claims Administrator, shall submit a timely report to the Court summarizing the work performed by the Claims Administrator. Without limiting the foregoing, the Claims Administrator shall:

a) promptly forward upon request to The GEICO Companies' Counsel and Class Counsel copies of all documents and other materials relating to the administration of the Settlement Agreement;

b) receive Opt Out Requests from Settlement Class Members to exclude themselves from the Settlement Class and promptly provide to Class Counsel and The GEICO Companies' Counsel a copy thereof upon receipt. If the Claims Administrator receives any Opt Out Requests for exclusion from Class Members after the Opt Out and Objection Deadline, the Claims Administrator shall promptly provide copies thereof to Class Counsel and The GEICO Companies' Counsel;

c) provide reports and summaries, as requested, to Class Counsel and The GEICO Companies' Counsel, including without limitation reports regarding the number of Claim Forms received and the identity of the Settlement Class Members;

d) employ reasonable procedures to screen Claims Forms for fraud, and shall reject a Claim Form, or any part of a claim for a payment reflected therein, where the Claims Administrator determines that there is evidence of fraud.  The Claims Administrator will review each Claim Form based upon the initial submission by Settlement Class Members and ensure that each is complete;

e) prepare a declaration attesting to compliance with the Class Notice requirements set forth in this Agreement and identifying all Recognized Opt Outs, and objectors.  The declaration shall be provided to The GEICO Companies' Counsel and Class Counsel for filing with the Court no later than fourteen (14) days prior to the Final Approval Hearing;

f) issue benefit checks on Valid Settlement Claims.  Benefit checks issued pursuant to this Agreement shall bear in the legend that they expire if

not negotiated within one hundred and eighty (180) days of their date of issue.  To the extent that a benefit check issued to a Settlement Class Member is not cashed within one hundred and eighty (180) days after the date of issue, the check will be void and deemed unclaimed property.  Accordingly, no uncashed settlement checks will revert to The GEICO Companies; and

g) issue IRS 1099 forms as required by the Internal Revenue Code.

G.  <u>Class Notice</u>.  The Claims Administrator shall provide Class Notice in the forms approved by the Court, as detailed below.

1.  <u>Direct Mail Notice</u>. The Claims Administrator shall provide for Direct Mail Notice to Settlement Class Members in a manner agreed to by the Parties and approved by the Court, and will be substantially in the form of the "Direct Mail Notice" attached as Exhibit A.  The Direct Mail Notice will be sent by First Class Mail, postage prepaid, by the Notice Deadline, to Florida health care providers who are identified as possible Settlement Class Members as determined by a reasonable search of the bill review database available to The GEICO Companies. The Claims Administrator shall arrange for the printing and mailing of the Direct Mail Notice at The GEICO Companies sole expense.

The Direct Mail Notice shall include the Claim Form and refer possible Settlement Class Members to the Settlement Website Notice on the Settlement Website and provide a toll-free number for obtaining details regarding the Settlement and the Claim Form.  In the event that any Direct Mail Notice is returned to the Claims Administrator, the Claims Administrator shall resend by First-Class Mail, postage prepaid, the Class Notice to the forwarding address, if one is provided by the United States Post Office.  For any other Direct Mail Notices that are returned as undeliverable, the Claims Administrator shall conduct a search for alternative or updated addresses, and upon identification of an evidently valid alternative address, will resend the Direct Mail Notice to the Settlement Class Member.  In the event that any Direct Mail Notice is returned

as undeliverable a second time, no additional mailing shall be required or performed by the Claims Administrator or the Parties.   The Parties and their counsel shall not issue additional or supplemental notice absent the consent of all Parties and prior Court approval.

    2.  <u>Settlement Website and Settlement Website Notice</u>.   The Claims Administrator will, within thirty (30) days of the entry of the Preliminary Approval Order, establish and maintain a Settlement Website, which shall be interactive and dedicated to the Settlement.   The Settlement Website URL, layout, content, and SEO shall be reviewed and agreed to by the Parties. The Settlement Website shall, at a minimum post the Claim Form, a copy of this Agreement, the Preliminary Approval Order, the Settlement Website Notice, Class Counsel's request for attorneys' fees and costs, and any other materials the Parties agree to include.   These documents shall be available on the Settlement Website no later than the Notice Deadline.   The Claims Administrator shall create and maintain a URL for the Settlement Website selected by The GEICO Companies' Counsel and approved by Class Counsel.   Ownership of the Website URL shall be transferred to The GEICO Companies within 10 days of the date which operation of the Website ceases.   The Settlement Website shall also contain a portal for electronic submission of Claim Forms as described herein.

    3.  <u>CAFA Notice</u>.   Pursuant to 28 U.S.C. § 1715(b), not later than 10 days after this Agreement is filed with the Court, The GEICO Companies and/or the Claims Administrator shall at their own expense serve upon the Attorneys General of each state in which there are members of the Settlement Class, the Attorney General of the United States, and other required government officials, notice of the proposed settlement.   The GEICO Companies shall be responsible for filing a notice with the Court indicating compliance with the requirements of 28 U.S.C. § 1715(b).

H.    <u>Settlement Claim Forms</u>.

1.    To be eligible for the Settlement Benefits, Settlement Class Members must make a qualifying Settlement Claim Form submission.  A Settlement Claim Form submission will be qualifying if it is timely submitted and in conformance with this Agreement.   A separate Settlement Claim Form must be submitted by each Person requesting relief under the Settlement for each separate claim number who was treated by the Settlement Class Member.

2.    Settlement Claim Forms must be sent by First-Class Mail, postage prepaid, to the Class Administrator or uploaded to the Settlement Website established and maintained by the Claims Administrator. A Settlement Claim Form bearing a postmark dated after 150 days from the Class Notice Mailing Date or submitted online after 150 days from the Class Notice Mailing Date is to be considered not valid and time-barred.

3.    Under no circumstance may more than one Settlement Claim Form be submitted in a single envelope or box sent via First-Class Mail. A separate Settlement Claim Form must be submitted by each Person requesting relief under the Settlement for each separate patient who was treated by the Settlement Class Member. Settlement Claim Forms must be submitted individually by a Settlement Class Member, not as or on behalf of a group, class, or subclass, except that such Settlement Claim Forms may be submitted by a Settlement Class Member's individual legally authorized representative under the circumstances described herein. The Claims Administrator will develop a portal with proper and efficient protocols for all online submissions to ensure that a separate Claim Form is submitted for each separate patient who was treated by a Settlement Class Member.

4.    <u>Components of Settlement Claim Form</u>: The Parties agree that the size, format, and/or layout of the Settlement Claim Form may be modified by mutual agreement of the

Parties without the need for Court approval, provided that any such modifications are consistent with the general intent of this Settlement Agreement. A Settlement Claim Form shall be substantially in the form of the "Settlement Claim Form" attached as Exhibit B and shall include the following:

a) <u>Identification of Settlement Class Member</u>. A Settlement Claim Form submission must identify the Settlement Class Member's name and any potentially applicable aliases or business forms (e.g., d/b/a's, registered fictitious names, or other names under which bills were submitted), Federal Tax Identification Number (if an entity) or last four digits of the Social Security Number (if an individual); and a current address for sending settlement related communications and payment.

b) <u>Identification of Patient, Claim Number, Policy Number, and Dates of Service</u>. A Settlement Claim Form submission must identify the name of the person who received treatment and the applicable GEICO Company claim number. The further identification of the applicable GEICO Company policy number and the applicable date(s) of service should also be included, if available. Available supporting documents, such as an Explanation of Benefits (EOB) or Explanation of Review (EOR), should also be submitted with the Settlement Claim Form.

c) <u>Attestations</u>. The person submitting a Settlement Claim Form must attest and affirm, under the penalty of perjury, the following: (i) the undersigned verifies that the Settlement Class Member on whose behalf this form is completed reasonably believes that it is a medical provider or their assignee; (ii) the person submitting the Settlement Claim Form has reviewed the Direct Mail Notice, and verifies the undersigned has reviewed the Class Notice and reasonably believes that he, she, or it, or the person or entity on whose behalf he, she, or it is acting

as an authorized representative, is a Settlement Class Member entitled to relief under the proposed settlement; (iii) the undersigned verifies that the Settlement Class Member on whose behalf this form is completed reasonably believes that it provided services to person(s) insured by GEICO on one or more dates of service and sent bills to GEICO for those services;  (iv)  the undersigned verifies that the Settlement Class Member on whose behalf this form is completed reasonably believes that it was paid by GEICO for such services at 80% of the amount billed; (v) the undersigned verifies that the Settlement Class Member holds the legal right to receive PIP benefits under the subject policy, that such right was assigned by the applicable patient to the Settlement Class Member, and that the right has not been otherwise assigned or transferred by the Settlement Class Member to another person; (vi) the undersigned verifies that no prior resolution of the claims that are asserted by the Settlement Claim Form has been reached with GEICO through demand, release, dismissal, or other agreement; (vii)   the undersigned agrees to cooperate in verifying the information provided on the submission, or as otherwise necessary for processing of the applicable Settlement Claim Form(s).

     5.     <u>Defective or Incomplete Settlement Claim Forms</u>.   If a timely submitted Settlement Claim Form is deemed defective as incomplete or otherwise defective by the Claims Administrator or The GEICO Companies, the Settlement Class Member will be sent written notice of such defect within sixty (60) days from the date the Settlement Claim Form is <u>postmarked by U.S. Mail or electronically submitted on the Settlement Website</u>, and the Settlement Class Member will have thirty (30) days from the date that the written notice of defect is mailed to send a cure to the Claims Administrator.

Failure to identify the GEICO Companies' claim number on a settlement Claim Form will be a material defect justifying denial of the Settlement Claim if such defect is not cured after

written notice, as provided above. Failure to sign a Settlement Claim Form will also be a material defect justifying denial of the Settlement Claim if such defect is not cured after written notice, as provided above.  Any other defect will be deemed non-material, unless it renders administration of the Settlement Claim impracticable (e.g., The GEICO Companies' inability to identify the no-fault claim through electronic search with information provided).  A timely submitted Settlement Claim Form will not be untimely due to a defect as provided above; however, the Settlement Claim Form will be deemed submitted as of the date the defect is cured for purposes of measuring available no-fault benefits. Class Counsel will be copied on all communications concerning alleged defects in Settlement Claim Form submissions and will be allowed to assist the Settlement Class Member in curing them.

     I.    <u>Settlement Benefits</u>.

     1.    Settlement Class Members who complete, sign and timely submit a Settlement Claim Form will be eligible for the following benefits:

     a)    <u>Readjustment of Claim</u>.  The GEICO Companies will readjust settlement claims as follows: For each qualifying claim number/line item charge on a PIP insurance claim, The GEICO Companies will reimburse each Settlement Class Member that submits a Valid Settlement Claim an amount calculated at 20% of the amount billed by the Settlement Class Member for each claim where GEICO utilized the code "BA" with respect to the payment of the claim where the billing provider billed at less than 100% of the schedule of maximum charges as defined by Section 627.736(5)(a)1., Florida Statutes and The GEICO Companies paid the provider 80% of the amount billed on the claim.

b) <u>Enhanced Relief</u>.  The GEICO Companies will further pay to Settlement Class Members interest at a rate of 10% on the additional amount paid on a Valid Settlement Claim.

c) <u>Submission Compensation</u>.  Settlement Class Members who submit a Valid Claim Form by U.S. Mail shall also receive a payment to offset postage and time in the flat amount of nine dollars ($9.00) per separate Valid Claim Form that has been submitted by U.S. Mail (i.e. if a provider has treated three separate insureds and thereby must submit 3 separate Settlement Claim Forms, that provider will be entitled to $27.00 in Submission Compensation upon submission of the three Valid Claim Forms).  Settlement Claim Forms submitted by U.S. Mail that are otherwise qualifying, but for which no other payment will be made due to exhaustion of benefits, will nonetheless receive the Submission Compensation.

2. All coverage terms or payment limitations provided under the applicable insurance policy and the Florida Motor Vehicle No-Fault Law shall continue to apply. The GEICO Companies waive the defenses of reasonableness, relatedness, and medical necessity for purposes of this Settlement only. The GEICO Companies shall further continue to apply any defenses arising from GEICO claims that were adjusted and paid under an applicable out of state policy; the GEICO insurance claim having been previously resolved, discharged, settled, or released; or where the BA code was not actually applied to the qualifying patient/line item charge on the GEICO insurance claim.

3. The coverage benefits remaining under the applicable policy limits as of the date the Settlement Claim Form is deemed submitted shall be applied and shall be the maximum amount of recovery available under the Settlement. Exhaustion of benefits and other limits on the amounts payable under the applicable policy on claims arising after the Settlement Claim Form is

deemed submitted shall not be applied as a further limitation on the amount of a Settlement Relief payment, but in no event shall The GEICO Companies be responsible for paying greater than the applicable policy limits on the claim for Settlement Relief, or greater than the coverage benefits applicable to that claim remaining under the applicable insurance policy in response to a claim for Settlement Relief. Settlement Claim Forms shall be deemed submitted based upon their postmark date or online submission date, plus 30 days for purposes of determining the PIP benefits that remain under the applicable insurance policy.

4.      No interest, costs, attorneys' fees or other extra-contractual payments, except as expressly provided for in this Agreement, shall be payable with respect to the Settlement Benefits, and Settlement Class Members waive any claim to such interest, costs, attorneys' fees, or other extra-contractual payments.

J.      <u>Distribution of Settlement Benefits</u>.  Distribution of Settlement Benefits payments will be made by The GEICO Companies or Claims Administrator, at The GEICO Companies' election, and pursuant to a process approved by the Parties and/or ordered by the Court. Settlement Relief shall be paid within ninety (90) days after the Effective Date of the Settlement or the date the Settlement Claim Form is deemed submitted, whichever is later, or such other reasonable time as the Parties agree as warranted by the circumstances.

K.      <u>Challenge to Determination of Settlement Relief Payments.</u>

1.      Settlement Class Members shall have the right to challenge the calculation of, or other determination as to the amount of a Settlement Benefits payment, within thirty (30) days from the date a Settlement Benefits payment or other notice of claim determination is mailed to the Settlement Class Member. The Settlement Class Member may challenge the calculation of, or other determination as to the amount of a Settlement Benefits payment, by submitting a writing to the Claims Administrator setting forth with specificity the Settlement Class Member's contentions and calculations supporting the amount the Settlement Class Member asserts is due

under the Settlement.  The Settlement Benefits payment shall include written notice explaining that the Settlement Class Member may submit a request for a written explanation of how the amount of the Settlement Benefits payment was calculated, which request must be submitted within thirty (30) days of the postmark date of the Settlement Benefits payment.

2. If such a written request for explanation is timely submitted, the Settlement Class Member's thirty (30) day time period for challenging The GEICO Companies' calculation of, or other determination as to the amount of Settlement Benefits due, shall begin to run from the post-mark date on which the written explanation is sent to the Settlement Class Member.

3. The amount due, which shall not be less than the original Settlement Relief payment, will be determined by the Claims Administrator, in consultation with Class Counsel and The GEICO Companies' counsel.

4. The challenge procedures set forth in this section shall be communicated in writing to Settlement Class Members in conjunction with delivery of the Settlement Benefits payment or other notice of claim determination.

5. Settlement Class Members who accept the Settlement Benefits payment, or who do not timely challenge the Settlement Benefits payment as provided above, shall be deemed to have waived and released any claim or right with regard to the amount paid in Settlement Relief. Settlement Class Members who are not recognized by the Court as excluded from the Settlement Class as Recognized Opt Outs will be bound by this Settlement Agreement and the release of Released Claims as defined in this Agreement and the Final Order and Judgment whether or not they accept or receive the Settlement Benefits payment.

6. This Settlement Agreement does not waive or impair The GEICO Companies' right at any time during or after the Class Period to challenge a Settlement Class Member's claim for entitlement to Settlement Relief or other insurance benefits on the basis of the Settlement Class Member's violation of Section 817.234, Florida Statutes, in connection with the claim for insurance benefits underlying the Settlement Claim Form submission.

L. <u>Equitable Relief Component.</u>

The GEICO Companies further agree on a going forward basis to adjust and pay claims where the BA Issue applies as set forth above, and the proposed Final Judgment shall provide that said interpretation of the BA Issue will be deemed correct under the terms of applicable law and the GEICO Companies' PIP insurance policies. The GEICO Companies may modify the application of the BA Issue upon (1) the issuance of a decision by a Florida District Court of Appeal or the Florida Supreme Court that changes the application of the law regarding the adjustment and payment of claims where the BA Issue applies; (2) substantive modification of the Florida Motor Vehicle No-Fault Law, that either clarifies or changes the law regarding the interpretation of the BA Issue; or (3) a governing change to the GEICO Companies' PIP insurance policies.

M.    <u>Attorneys' Fees and Costs</u>.  Plaintiff's proposed attorneys' fees and costs were not addressed until the proposed relief for proposed Settlement Class Members was agreed upon. Plaintiff may move the Court for an award of attorneys' fees and costs to be paid by The GEICO Companies to Class Counsel, which shall be paid by the GEICO Companies separate from and in addition to the relief made available to Settlement Class Members. The GEICO Companies will not object to such motion for fees and costs so long as the total amount requested for all fees and costs relating to the BA Issue is not more than Four Million Nine Hundred Fifty Thousand Dollars ($4,950,000.00). Plaintiff and Class Counsel warrant and represent that any motion and/or application that they may file requesting an award of attorneys' fees and costs shall include within its scope all attorneys and law firms with a financial interest in such award with respect to the Action.  Court approval of attorneys' fees and costs, or their amount, will not be a condition of the Settlement.  These attorneys' fees and costs will be paid in addition to the Settlement Benefits and thereby none of the attorney's fees and costs awarded by the Court will reduce the compensation owed to each Settlement Class Member under the Settlement.  If the Court denies, in whole or in part, Class Counsel's motion for fees and costs, the remainder of the terms of this Agreement and of the Settlement shall remain in effect. No interest will accrue on such amounts at any time.

The GEICO Companies shall pay the attorneys' fees and expenses actually awarded by the Court to Class Counsel, up to a combined total of Four Million Nine Hundred Fifty Thousand Dollars ($4,950,000.00).  The GEICO Companies fulfill their obligations hereunder by making payment of the amounts awarded to Class Counsel, via wire transfer or Electronic Funds Transfer (EFT), to the law firm of Zebersky Payne Shaw Lewenz, LLP, which firm shall be solely responsible for distributing amounts awarded to Class Counsel.  The GEICO Companies shall pay the court ordered attorneys' fees and expenses, as directed by Class Counsel, within fifteen (15) days of the Effective Date.

N.     <u>Effect on Settlement</u>.  Any order or proceedings relating to the amount of attorneys' fees, costs, and expenses, including any appeal from or modifications or reversals of any order related thereto, shall not operate to modify, reverse, terminate, or cancel the Settlement or this Agreement, affect the Releases provided for in this Agreement, or affect whether the Final Approval Order becomes final as defined herein.

O.     <u>Opt Out Right/Termination</u>.

1.     <u>Opt Out Requirements</u>. The Settlement Class should be certified as a Rule 23(b)(3) opt out class for settlement purposes only. Settlement Class Members may opt out of the Settlement by sending a written request to the Claims Administrator at the address designated in the Class Notice, postmarked no later than forty-five (45) days from the Class Notice Mailing Date.  Opt Out Requests must identify and include: (i) a prominent identifying reference to *Rosenberg-Russell* as follows: "*Randy Rosenberg, D.C., P.A. a/a/o Danielle Russell v. GEICO General*, Case No. 19-61422-CIV-CANNON/Hunt;" (ii) the injured party/patient's legal name; (iii) the GEICO Companies' policy and insurance claim number(s) that the Settlement Class Member seeks to exclude from the Settlement;  (iv)  the Settlement Class Member's full legal

name and any aliases,  (v) the Settlement Class Member's Tax I.D. Number (if an entity) or last four digits of his or her Social Security Number (if a natural person), (vi) the Settlement Class Member's address, (vii) an expression of the Settlement Class Member's desire to opt out or be excluded from the settlement class; and (viii) the signature of the Settlement Class Member or an authorized representative of the Settlement Class Member, indicating the name and position of the signatory.

2.      Within twenty (20) business days of the postmark date on the Opt Out Request, The GEICO Companies may object that a timely submitted Opt Out Request fails to conform with the requirements approved by the Court, and therefore is invalid.  The GEICO Companies' objection shall specify the basis of the asserted non-compliance and shall be made in writing to Class Counsel and the Settlement Class Member that has submitted the Opt Out Request, and shall also provide a 10-day time period to correct the problem, along with an opportunity to seek judicial review of any dispute concerning the sufficiency or validity of any Opt Out Request. An Opt Out Request that has been objected to by the GEICO Companies shall not be deemed valid or effective until it is cured, resolved among the interested parties, or adjudicated by the Court at the Final Approval Hearing or another duly set hearing.  Untimely Opt Out Requests shall be invalid unless and until expressly accepted as valid by The GEICO Companies or the Court.

3.      If the Opt Out Request is submitted by someone other than the Settlement Class Member, or an officer or authorized employee of the Settlement Class Member, then the third-party signer (e.g., attorney, billing agent, or other third party) must include the following attestations, under penalty of perjury, on the Opt Out Request: (1) "I certify and attest to the Court that the Settlement Class Member on whose behalf this Opt Out Request is submitted, has been provided a copy of and a reasonable opportunity to read the Class Notice and after reviewing their

own internal records to confirm that they are a Settlement Class Member specifically requested to be excluded from this Settlement Class."; (2) "I have also actually advised the Settlement Class Member of the salient terms of the Settlement Agreement, including the monetary terms of the Settlement Agreement and a comparison of recovery based on the monetary terms of the Settlement and what that proposed Settlement Class Member could expect without the Settlement set forth in the Settlement Agreement and that after a full consultation of this information, the proposed Settlement Class Member still desires to opt out of the Settlement."

4.     The Direct Mail Notice will contain the above instructions on how to opt out of the Settlement Class. A separate Opt Out Request must be individually submitted by each natural person or entity requesting exclusion from the Settlement. Any Opt Out Request can only be exercised individually by a Settlement Class Member, not as or on behalf of a group, class, or subclass. Opt Out Requests may be submitted by a Settlement Class Member's individual legally authorized representative under the circumstances described herein. Each Opt Out Request must be individually submitted using First Class U.S. Mail. In other words, only one Opt Out Request may be submitted per envelope using First-Class U.S. Mail. No Opt Out Request submitted via any other means will be accepted as valid.

5.     Any Settlement Class Member who is a Recognized Opt Out in accordance with this Settlement Agreement shall not (a) be bound by any orders or the Final Judgment and Order Approving Settlement nor by the Release contained herein; (b) be entitled to any relief under this Agreement; (c) gain any rights by virtue of this Agreement; (d) be entitled to object to any aspect of this Agreement; or (e) seek to intervene. The GEICO Companies will have the option, in their sole discretion, to void the Settlement Agreement and return the Parties back to their pre-

settlement positions if more than 15% of potential Settlement Class Members who are sent Class Notice validly opt out of the Settlement Class.

      6.    <u>Retention of Opt Out Requests</u>.  The Parties shall instruct the Claims Administrator to retain a copy of all Opt Out Requests and, upon written request, to provide copies of any such requests to counsel for the Parties.  The Claims Administrator shall prepare a final list of Settlement Class Members who have validly requested exclusion from the Settlement as Recognized Opt Outs, and the list will be attached as an exhibit to the Final Approval Order.

      P.    <u>Objections to The Settlement</u>.

      1.    <u>Right to Object</u>.  Any Settlement Class Member who has not previously opted out in accordance with the terms of this Agreement may appear at the Final Approval Hearing to object to the proposed Settlement and/or to the application of Class Counsel for an award of attorneys' fees and costs, but only if the Settlement Class Member has first filed a written objection with the Clerk of Court, in accordance with the requirements set forth below, by the Objection Deadline.  Any Settlement Class Member who does not provide a written objection in the manner described in this Section, or if subsequent to filing an objection files an Opt Out Request, shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement, or the award of any attorney fees and costs.  Further, any attorney who represents a Settlement Class Member and that intends to appear on behalf of the Settlement Class Member, must in accordance with S.D. Fla. L.R. 11.1(d)(2) file with the Court and serve on all Class Counsel and counsel for The GEICO Companies a Notice of Intent to Appear  no later than 30 days before the Final Approval Hearing.

       2.    <u>Objection Requirements</u>.  In order to object, a Settlement Class Member must file with the Court, and provide a copy to Class Counsel and The GEICO Companies' Counsel, by Email and First Class Mail, a document that fully includes:

a)   a prominent identifying reference to *Rosenberg-Russell* as follows: "*Randy Rosenberg, D.C., P.A. aao Danielle Russell v. GEICO General*, Case No. 19-61422-CIV-CANNON/Hunt";

b)   the name and address of the Settlement Class Member objecting, and if represented by counsel, of his/her/its counsel;

c)   the objector's Tax ID Number (if an entity) or the last four digits of his or her Social Security Number (if a natural person);

d)   a statement listing all objections being made specifically along with a verification that the objector is a Settlement Class Member;

e)   a statement indicating whether the objector intends to appear at the Final Approval Hearing, either with or without counsel;

f)   copies of any documents or papers that the objector plans to submit;

    and

g)   The GEICO Companies' policy and/or claim number(s) affected by the Settlement.

       The right to object to the Settlement or to intervene in the Action must be exercised individually by a Settlement Class Member or his or her attorney, and not as a member of a group, class, or subclass, except that such objections may be submitted by a Settlement Class Member's legally authorized representative. Any such written objections must be filed with the Court and served upon the below counsel postmarked no later than forty-five (45) days from the Class Notice Mailing Date.

As to Plaintiff and the Settlement Class:          As to The GEICO Companies:

Edward Zebersky                                    John P. Marino
Zebersky Payne Shaw Lewenz, LLP                    Smith, Gambrell & Russell, LLP
110 Southeast 6th Street, Suite 2900               50 North Laura Street
Ft. Lauderdale, FL 33301                           Suite 2600
ezebersky@zpllp.com                                Jacksonville, Florida 32202
                                                   jmarino@sgrlaw.com

Any Settlement Class Member who fails to file (and serve timely a written objection and notice of his/her intent to appear at the Final Approval Hearing, if applicable) pursuant to this section shall not be permitted to object to the Settlement and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by any means, including but not limited to, an appeal. The Class Notice shall include a provision notifying Settlement Class Members that any objections are waived on appeal unless the person presenting those objections files a written objection and appears at the Final Approval Hearing.

No depositions shall be required for any Settlement Class Member who submits a timely written objection, other than as may be directed by the Court upon a showing of good cause by Class Counsel through a properly filed motion with the Court.

3.      The Parties, their agents or attorneys may not engage in any confidential negotiations to either i) withdraw objections, or ii) pay any objector or their attorneys any compensation or fees.  Neither Class Counsel, The GEICO Companies' Counsel, the Parties, nor their representatives may pay any compensation to any person or their attorney in exchange for withdrawal of an objection.  Neither the Parties, Class Counsel, nor The GEICO Companies' Counsel may pay, or cause payment of any fees to any objector unless those fees have been approved by the Court.

Q.      Final Approval.  Following provision of the Notice Program and expiration of the Opt Out and Objection Deadlines, Plaintiff shall promptly request that the Court enter the Final

Approval Order substantially in the form attached as Exhibit D, and which shall include provisions that: (a) finally approve the Settlement as fair, reasonable and adequate to the Settlement Class; (b) find that the Class Notice as given was the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class, and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (c) approve the Settlement Benefits; (d) finally certify the Settlement Class; (e) confirm that Plaintiff and the Settlement Class Members (except those who are Recognized Opt Outs) have released all Released Claims and are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing as a plaintiff or class member any of the Released Claims against the Released Parties; (f) require that all discovery provided by any party to the Action, including confirmatory discovery, be kept strictly confidential except as specifically agreed by the Parties to support the Settlement or as otherwise ordered by the Court; (g) dismiss the Action on the merits and with prejudice, without attorneys' fees or costs to any Party, except as ordered by the Court, and (h) retain continuing jurisdiction over the Settlement Class and the Settlement for the purpose of enforcement of the terms of this Agreement.

R.      _Dismissal_.  Upon entry of the Final Approval Order, the Action shall be dismissed on the merits and with prejudice, and be res judicata, as to Plaintiff and all Settlement Class Members.

S.      _Release_.  By executing this Agreement, the Parties acknowledge that, upon both the entry of the Final Approval Order by the Court, and the passing of the Effective Date, the Action shall be dismissed with prejudice, an order of dismissal with prejudice shall be entered, and all Released Claims shall thereby be conclusively settled, compromised, satisfied, and released as to the Released Parties.  The Final Approval Order shall provide for and affect the full and final release, by Plaintiffs and all Settlement Class Members, of all Released Claims.

"Released Claims" means any and all claims, actions, demands, lawsuits, rights, liabilities, declarations, damages, losses, attorneys' fees, interest, expenses, costs and causes of action, whether accrued or unaccrued, known or unknown, alleged or unalleged, fixed or contingent, including without limitation contractual or extra-contractual claims or damages (inclusive of bad faith claims), claims or damages at law or in equity, or penalties and punitive claims or damages of any kind or description which now exist or heretofore existed, by or on behalf of any Settlement Class Member against the Released Parties arising from the Released Parties' calculation and payment of PIP claims relating to or arising from The GEICO Companies' interpretation of and payments pursuant to the Billed Amount policy language (i.e., the BA Issue).

Nothing in this release shall preclude any action to enforce the terms of this Agreement, including participation in any of the dispute resolution processes detailed in this Agreement.

T.      Stay/Bar of Proceedings.  All proceedings in the Action will be stayed following entry of the Preliminary Approval Order, except as may be necessary to implement the Settlement or comply with the terms of the Settlement. Pending determination of whether the Settlement should be granted final approval, the Parties in this Action agree not to pursue any claims or defenses otherwise available to them, and no Person in the Settlement Class and no person acting or purporting to act directly or derivatively on behalf of a Settlement Class Member, or acting on a representative basis or in any other capacity, will commence, prosecute, intervene in, or participate in any action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims against any of the Released Parties.  The Preliminary Approval Order will contain an injunction enjoining Settlement Class Members from commencing, prosecuting, intervening in, or participating as a plaintiff or class member in any action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any of the

35

Released Claims.  The Settlement is conditioned upon the entry of such an injunction in both the Preliminary Approval Order and the Final Approval Order.

U.      Stay/Dismissal of Related Actions and Additional Parties. Within 10 days after the entry of the Order for Preliminary Approval by the Court, the Parties will jointly move for a stay in the *Rosenberg-Scott/Johnson* Case, the *Gerber-Carruthers* Case, and the *Rosenberg-Lang* Case.

The Parties acknowledge that the Settlement Agreement is conditioned on vacatur of the confession of judgment in the *Gerber-Carruthers* Case, and the Parties desire vacatur because settlement would otherwise be impossible. Within 30 days after the entry of the Order for Final Approval and resolution of any appeal, the Parties will jointly move for vacatur of the confession of judgment entered in the *Gerber-Carruthers* Case. The Parties stipulate that the confession of judgment entered in The *Gerber-Carruthers* Case will be reinstated if the Settlement Agreement is not approved by the Court in substantially its present form, or the proposed Settlement does not become final for any reason.

Upon entry of the Final Approval Order by the Court and the occurrence of the Effective Date, Class Counsel will voluntarily dismiss the *Rosenberg-Scott/Johnson* Case, *Gerber-Carruthers* Case, and *Rosenberg-Lang* case, with prejudice, within 10 days of the Effective Date.

The Parties agree that GEICO will issue payments equal to $25,000, for each case, to resolve all claims in the following cases individually and not on a proposed class basis: (1) *A&M Gerber Chiropractic, Inc. aao Conor Carruthers v. GEICO General*, Case No. CACE 16-016813 (05) (Broward Cty. Cir. Ct.); (2) *Randy Rosenberg, D.C., P.A., a/a/o Byron Lang, v. Government Employees Insurance Company*, Case No. COINX-21-046657 . The Parties agree that (1) *A&M Gerber Chiropractic, Inc. aao Conor Carruthers v. GEICO General*, Case No. CACE 16-016813 (05) (Broward Cty. Cir. Ct.); (2) *Randy Rosenberg, D.C., P.A., a/a/o Byron Lang, v. Government*

36

*Employees Insurance Company*, Case No. COINX-21-046657 will be dismissed within ten (10) days of the Effective Date with each side agreeing to bear their own fees and costs (as stated above). To the extent authorized by applicable law, the time for the GEICO Companies to respond to notices of intent to initiate litigation or civil remedies notices on new claims raising the BA Issue shall be tolled pursuant to the Court's Preliminary Approval Order and Final Approval Order. The GEICO Companies, upon receipt of such notices of intent to initiate litigation or civil remedies notices, shall send a response to the Settlement Class Member in a form substantially in the form attached as Exhibit E to this Agreement.

V.  <u>No Admissions</u>.  The GEICO Companies expressly disclaim and deny any wrongdoing or liability whatsoever.  In the event that this Settlement Agreement is not approved by the Court, or is materially altered by the Court or any appellate court, or does not become final for any reason, the terms and provisions of this Settlement Agreement shall have no further force and effect, and shall not be used in the Action or in any other action or proceeding for any purpose, and any order or judgment entered by the Court in connection with the proposed Settlement shall be treated as vacated.  In such event, this Settlement Agreement, and the proposed Settlement, as well as  all negotiations, proceedings, documents prepared and statements made in connection with the proposed Settlement, will be without prejudice to any party and shall not be admissible or offered into evidence in the Action or any other action or proceeding, and shall not be deemed, asserted or construed to be an admission or confession by any party or any other person or entity of any fact, matter or proposition of law, and shall not be used or asserted in any other manner or for any purpose.  In such event, the parties shall stand in the same position as if the Settlement Agreement and the Settlement had not been negotiated, made or submitted to the Court.

W. <u>Notices</u>. Unless otherwise indicated in this Agreement, all notices to counsel provided for in this Agreement shall be sent by e-mail, with a hard copy sent by overnight mail to:

<u>As to Plaintiffs and the Settlement Class:</u>   <u>As to The GEICO Companies</u>:

Edward Zebersky                          John P. Marino
Zebersky Payne Shaw Lewenz, LLP          Smith, Gambrell & Russell, LLP
110 Southeast 6th Street, Suite 2900   50 North Laura Street
Ft. Lauderdale, FL 33301                 Suite 2600
ezebersky@zpllp.com                      Jacksonville, Florida 32202
                                         jmarino@sgrlaw.com

## IV.   **GENERAL PROVISIONS**

A. <u>Settlement Conditioned Upon Approval</u>. The GEICO Companies and Plaintiff shall each have the right to terminate the Settlement by providing written notice of their election to do so to the other within thirty (30) days of: (a) the Court's declining to enter the Preliminary Approval Order in the form attached in any material respect; (b) the Court's refusal to approve this Settlement or any part of it; (c) the Court's declining to enter the Final Approval Order in the form attached in any material respect; (d) any appellate Court in this Action entering an order which invalidates or disapproves the Settlement, in whole or in part, or which alters any term of this Agreement without the Party's written consent; or if (e) the Effective Date does not occur.

B. <u>Evidentiary Preclusion</u>. The Parties agree that, to the fullest extent permitted by law, neither this Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any claim or of any wrongdoing or liability of the Released Parties; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Released Party or the appropriateness of class certification in any civil, criminal or administrative proceeding in any court, administrative agency, arbitration, or other tribunal. In addition, neither the fact of, nor any documents relating to, The

38

GEICO Companies' withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence in the Action or any other proceeding for any purpose whatsoever.   However, the Released Parties may file the Settlement Agreement and/or the Final Approval Order in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

C.      Effect of Nonapproval.  In the event that this Agreement is not approved by the Court in substantially its present form, any objection to the Settlement is sustained by the Court, or the Settlement does not become final for any reason, the terms and provisions of this Agreement shall have no further force and effect with respect to the Parties or the Settlement Class Members, and shall not be used in this Action or in any other action or proceeding for any purpose, and any order or judgment entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*.   In such event, this Agreement and Settlement and all negotiations, proceedings, documents prepared and statements made in connection with this Agreement and Settlement shall be without prejudice to any Party or Settlement Class Member and shall not be admissible or offered into evidence in any action or proceeding, and shall not be deemed, asserted or construed to be an admission or confession by any Party or any other Person or entity of any fact, matter or proposition of law, and shall not be used or asserted in any other manner or for any purpose, and all Parties and Settlement Class Members shall stand in the same position as if this Agreement and Settlement had not been negotiated, made or submitted to the Court.   In the event that the Settlement is terminated pursuant to its terms or for any other reason, the parties stipulate that the confession of judgment entered in the Gerber-Carruthers Case and the

class certification order in the Rosenberg-Russell Case will be reinstated, and the parties shall stand in the same position as if this Settlement had not been negotiated, made, or submitted to the Court.

D.     <u>Confidentiality of Negotiations</u>. The Parties agree that unless and until the Court grants Preliminary Approval, the Parties will keep any settlement discussions and the terms of the Settlement confidential, except that the terms and other information may be disclosed as necessary to request Preliminary Approval and Final Approval of the Settlement, to enforce the Settlement, to obtain quotes for and the retention of a Claims Administrator, or as otherwise agreed in writing by the Parties or required by the Court.

E.     <u>No Opinion Regarding Tax Consequences</u>. The Parties and their counsel express no opinion concerning the tax consequences of this Settlement to individual Settlement Class Members and make no representations, warranties or other assurances regarding such tax consequences.  No opinion, representations, warranties, or other assurances shall be deemed to have been made by the Parties or their counsel with respect to such tax consequences by virtue of this Agreement or by effectuating this Settlement, and the Parties and their counsel shall not be held liable for any such tax consequences that may occur.  The Settlement Website Notice will direct Settlement Class Members to consult their own tax advisors regarding any tax consequences of the Settlement, including any payments or benefits provided hereunder, and any tax reporting obligations they may have with respect thereto.  Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

F.      <u>Support from the Parties</u>.  After a full investigation, discovery and arms-length negotiations, the Parties and their counsel have independently determined that this Settlement is in the best interest of the Settlement Class; shall support motions for Preliminary Approval and Final Approval; and will not encourage any Persons or entity to opt out or object.

G.      <u>No Other Rights Affected</u>. Except as specifically provided for in this Agreement, nothing contained in this Agreement or in any proceedings concerning the Settlement or this Action shall in any way affect the rights of The GEICO Companies to seek coverage or recovery from any Person or entity for the losses and/cost or expenses The GEICO Companies have incurred in connection with or arising from the Action.  All such rights and remedies are specifically retained and preserved to The GEICO Companies.

H.      <u>No Other Expense</u>.  Except as expressly provided in this Agreement, The GEICO Companies shall bear no other expenses, costs, damages or fees alleged or incurred by Plaintiff or any Settlement Class Member, or any of their attorneys, experts, advisors, agents or representatives in connection with this Action.

I.      <u>Time Periods</u>.  The time periods and dates described in this Agreement with respect to the giving of Class Notice and hearings will be subject to Court approval and modification by the Court with the consent of the Parties.

J.      <u>No Construction Against Drafter</u>.  This Settlement Agreement will be deemed to have been drafted jointly by the Parties, and any rule that a document shall be interpreted against the drafter will not apply.

K.      <u>Entire Agreement</u>.  This Agreement contains the entire agreement between the Parties and supersedes all prior understandings, agreements, or writings regarding the subject matter of this Agreement.  This Agreement may be amended or modified only by a written

instrument signed by all Parties or their successors in interest and their respective counsel, and approved by the Court.

L.      <u>Governing Law</u>.  This Agreement shall be governed by and construed in accordance with the laws of Florida, without reference to internal choice of law principles.

M.      <u>Authority</u>.  Plaintiff and The GEICO Companies represent and warrant that the Persons signing this Agreement on their behalf have full power and authority to bind every Person, partnership, corporation, or entity included within the definitions of Plaintiff and The GEICO Companies to all terms of this Agreement.  Any Person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

N.      <u>Receipt of Advice of Counsel</u>.  Each Party acknowledges, agrees and specifically warrants that he, she or it has fully read this Agreement and the Release contained in this Agreement, received independent legal advice with respect to the advisability of entering this Agreement and the Release, and the legal effects of this Agreement and the Release, and fully understands the effect of this Agreement and the Release.

O.      <u>Agreement Binding on Successors in Interest</u>.  This Agreement is binding upon, and shall inure to the benefit of, each of the Parties and their respective agents, attorneys, employees, successors and assigns, and upon all other Persons claiming any interest in the subject matter of this Agreement through any of the Parties, including any Settlement Class Member.

P.      <u>Execution in Counterparts</u>.  The Parties may execute this Agreement in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute

one and the same instrument.  Signatures exchanged by facsimile or electronic transmission shall be deemed original signatures.

      Q.    <u>Miscellaneous Provisions</u>.

      1.    Each exhibit to this Agreement is incorporated by reference and made a part of this Agreement.

      2.    The provisions of this Agreement may be waived only in a writing executed by the waiving Party.  The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed a waiver by that Party or by any other Party of any other prior or subsequent breach of this Agreement.

      3.    Each Party to this Agreement warrants that he, she, or it is acting upon his, her or its independent judgment and upon the advice of his, her, or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other Party, other than the warranties and representations expressly made in this Agreement.

      4.    This Agreement has been carefully read by each of the Parties, or the responsible officers thereof, and its contents are known and understood by each of the Parties.  This Agreement is signed freely by each Party executing it.

      5.    No Party to this Agreement has heretofore assigned, transferred, or granted, or purported to assign, transfer, or grant, any of the claims, demands, or cause or causes of action disposed of by this Agreement.

      6.    The Court shall retain exclusive and continuing jurisdiction with respect to the implementation and enforcement of the terms of this Agreement, of any orders or the Final Approval Order entered by the Court, and/or of the conduct or policies and procedures described

in this Agreement.  The Parties, including the Settlement Class Members, submit to the continuing

jurisdiction of the Court for these purposes.

**[SIGNATURE PAGES TO FOLLOW]**

IN WITNESS WHEREOF, intending to be legally bound, the Parties have caused this

Agreement to be executed as of December 15, 2022:

RANDY ROSENBERG, D.C., P.A.

By: _____

Its: _____

GEICO INDEMNITY COMPANY; GEICO GENERAL INSURANCE
COMPANY; GEICO CASUALTY COMPANY; and GOVERNMENT
EMPLOYEES INSURANCE COMPANY

By: _____

Its: _____

[2356942/4]                                                    45

IN WITNESS WHEREOF, intending to be legally bound, the Parties have caused this

Agreement to be executed as of December 15, 2022:


RANDY ROSENBERG, D.C., P.A.

By: _____

Its: _____


GEICO INDEMNITY COMPANY; GEICO GENERAL INSURANCE
COMPANY; GEICO CASUALTY COMPANY; and GOVERNMENT
EMPLOYEES INSURANCE COMPANY

By: _____ Justin Olira _____

Its: PIP and Glass Director _____

45

**APPROVED AS TO FORM:**

ZEBERSKY PAYNE SHAW LEWENZ, LLP

By: _____
    Ed Zebersky, Class Counsel


**APPROVED AS TO FORM:**

SMITH, GAMBRELL & RUSSELL, LLP

By: _____
    John P. Marino, Counsel for The GEICO Companies

COLE, SCOTT & KISSANE, P.A.

By: _____
    Peter Weinstein, Counsel for The GEICO Companies

**APPROVED AS TO FORM:**

ZEBERSKY PAYNE SHAW LEWENZ, LLP

By: _____
      Ed Zebersky, Class Counsel

**APPROVED AS TO FORM:**

SMITH, GAMBRELL & RUSSELL, LLP

By: _____
      John P. Marino, Counsel for The GEICO Companies

COLE, SCOTT & KISSANE, P.A.

By: _____
      Peter Weinstein, Counsel for The GEICO Companies

46