# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 19-61422-CIV-CANNON/Hunt

**RANDY ROSENBERG, D.C., P.A.**,
a/a/o Danielle Russell, and on behalf
of itself and all others similarly situated,

      Plaintiff,

v.

**GEICO GENERAL INSURANCE COMPANY**,

      Defendant.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

**THIS CAUSE** comes before the Court upon the Parties' Joint Motion for Preliminary

Approval of Class Action Settlement ("Joint Motion") [ECF No. 217]. The Court has reviewed

the Settlement Agreement [ECF No. 217-1] between Plaintiff, Randy Rosenberg, D.C., P.A.,

individually and as representatives of the Settlement Class defined below and Defendant GEICO

General Insurance Company ("GEICO"), the record in this case, and is otherwise fully advised in

the premises. Accordingly, the parties' Joint Motion [ECF No. 217] is **GRANTED IN PART**

**AND DENIED IN PART**.

                                        ***

As a general matter, the Court finds that the parties' Settlement Agreement is sufficiently

fair, reasonable, and adequate to warrant sending notice to Class Members and to hold a Final

Approval Hearing on the proposed Settlement Agreement. But as discussed in open court during

the Court's April 18, 2022 hearing on the parties' Joint Motion [ECF No. 220], certain administrative provisions of the proposed Settlement Agreement are rejected.

First, Section III(c) of the parties' Settlement Agreement states that the Settlement Agreement "is conditioned on vacatur of the prior class certification order entered in the Action, and the Parties desire vacatur because settlement would otherwise be impossible" [ECF No. 217-1 p. 15]. Motions for vacatur following settlement are governed by the Supreme Court's decision in *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18 (1994). In that case, the Supreme Court outlined an equitable approach that counsels against granting such requests absent "exceptional circumstances," cautioning that "those exceptional circumstances do not include the mere fact that the settlement agreement provides for vacatur." *Id.* at 29; *see also Hartford Cas. Ins. Co. v. Crum & Forster Specialty Ins. Co.*, 828 F.3d 1331, 1336 (11th Cir. 2016).

In this case, the parties have not identified any exceptional circumstances warranting vacatur of the Court's Order Granting Motion for Class Certification. Although the parties' settlement agreement is conditioned on vacatur of the prior class certification, this alone is insufficient to warrant the parties' extraordinary request for relief. *See Bancorp*, 513 U.S. at 29. The Rule 23 factors relevant to granting class certification in this action were discussed at length in the Court's prior Order [ECF No. 200 pp. 9–16], and the proposed settlement class definition is materially the same but with a larger class size with claims directed at additional GEICO entity defendants [ECF No. 217-1 pp. 15–16]. On these facts, the Court determines that vacatur of the prior Order granting class certification [ECF No. 200] is not warranted.

Instead, as indicated in Paragraph 5 of this Order, the Court will amend the prior class certification—for settlement purposes only—to reflect the proposed class submitted by the parties. As stipulated by the parties [ECF No. 217-1 p. 15], if the Settlement Agreement is not approved

by the Court, or the proposed Settlement does not become final for any reason, the prior class certification order in the Action will be reinstated, as defined in the Court's prior Order [ECF No. 200 p. 5].

Second, in Section III(P)(2) of the Settlement Agreement, the parties require that Objectors to the Settlement Agreement be required to "consent to deposition by Class Counsel or the GEICO Companies' Counsel prior to the Final Approval Hearing" [ECF No. 217-1 p. 34]. The Court rejects this requirement. *See In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247, 1267 (11th Cir.), *cert. denied sub nom. Huang v. Spector*, 142 S. Ct. 431 (2021), and *cert. denied sub nom. Watkins v. Spector*, 142 S. Ct. 765, (2022) ("[D]istrict courts must remain mindful that burdensome requirements could deter objectors from exercising their right to object while also fulfilling their obligation to manage class actions"); *see also* 4 William B. Rubenstein, Newberg on Class Actions § 13:33 (5th ed. 2021) ("[F]ormal discovery should generally not be necessary, as class counsel should make only reasonable requests of objecting parties, and objecting parties should comply with reasonable discovery requests"). Instead, as reflected in Paragraph 21(c) of this Order, the Court may allow depositions of Objectors only upon the filing of a proper motion, setting forth the legal and factual basis for the request.

Third, in Section III(P)(1) of the Settlement Agreement, the parties require that any Class Member who intends to appear at the Final Approval Hearing file a "Notice of Intent to Appear" [ECF No. 217-1 p. 32]. The Court does not approve this request, but will require, as indicated in paragraph 24(a) of this Order, that any counsel who represents a Class Member must file a Notice of Intent to Appear in accordance with the Local Rules. *See* S.D. Fla. L.R. 11.1(d)(2).

Fourth, in Section III(P)(2) of the Settlement Agreement, the parties require that written objections must be filed with the Court and served upon Counsel "postmarked no later than thirty

(30) days from the Class Notice Mailing Date" [ECF No. 217-1 pp. 33]. The Court finds that forty-five (45) days is appropriate, in keeping with the same deadline for Class Member opt-out requests [ECF No. 217-1 p. 29].

Finally, also contained in Section III(P)(2) of the Settlement Agreement, the parties propose—as a preliminary requirement to file an objection to the Settlement Agreement—that Objectors provide a list of witnesses whom they may call at the Final Approval Hearing, along with "a list of all other proposed class settlements where the objector has submitted an objection in the last five (5) years" [ECF No. 217-1 p. 33]. The Court does not find that either requirement is necessary and rejects both. *See* 4 Newberg § 13:33 ("[C]ourts should be wary of settlement agreements that make it a requirement of filing an objection that class members state how many previous objections they have filed or explain their relationship to their counsel").

***

With these administrative and procedural changes in effect, and upon review of the parties' Joint Motion [ECF No. 217] and attached Settlement Agreement [ECF No. 217-1] as permitted in accordance with this Order, it is hereby **ORDERED** and **ADJUDGED** as follows:

**<u>Preliminary Approval of the Proposed Settlement</u>**

1.     The Court finds that it has subject matter jurisdiction over this Action pursuant to 28 U.S.C. § 1331, including jurisdiction to approve and enforce the Settlement and all Orders that have been entered or which may be entered pursuant thereto. The Court also finds that it has personal jurisdiction over the Parties and, for purposes of consideration of the proposed Settlement, over each of the members of the Settlement Class defined below, and that venue is proper in this District pursuant to 28 U.S.C. § 1391.

2.      The Direct Mail Notice to the Settlement Class, as provided in this Order, further supports assertion of the Court's jurisdiction, and application of its orders and judgments, over the Settlement Class.

3.      The Court further finds that: (a) the proposed Settlement resulted from extensive arm's-length negotiations and was concluded only after Class Counsel had duly investigated the issues raised by Plaintiff's claims; (b) the proposed Settlement of this Action makes available valuable consideration commensurate with the alleged harm; and (c) the proposed Settlement evidenced by the Settlement Agreement is sufficiently fair, reasonable, and adequate to warrant sending notice of this Action and the proposed Settlement to the Settlement Class Members and holding a full hearing on the proposed Settlement.

**Leave of Court to File Amended Complaint**

4.      In order to effectuate the Settlement of this Action, the Parties are granted leave of court for Plaintiff to file an Amended Complaint, naming as defendants all GEICO Companies including GEICO General Insurance Company, GEICO Indemnity Company, Government Employees Insurance Company, and GEICO Casualty Company within fifteen (15) days of the Preliminary Approval Order. The Court further finds that: (a) the proposed Settlement resulted from extensive arm's-length negotiations and was concluded only after Class Counsel had duly investigated the issues raised by Plaintiff's claims; (b) the proposed Settlement of this Action makes available valuable consideration commensurate with the alleged harm; and (c) the proposed Settlement evidenced by the Settlement Agreement is sufficiently fair, reasonable, and adequate to warrant sending notice of this Action and the proposed Settlement to the Settlement Class Members and holding a full hearing on the proposed Settlement.

**Certification of the Settlement Class**

5.      To effectuate the Settlement of this Action, the Court's Order Granting Plaintiff's Motion for Class Certification [ECF No. 200] is **AMENDED**—for settlement purposes only—to reflect the Class Definition in Paragraph 6 of this Order.  If the Settlement Agreement is not approved by the Court, or the proposed Settlement does not become final for any reason, the prior class certification order in the Action will be reinstated, as defined in the Court's prior Order [ECF No. 200 p. 5].

6.      Solely for the purpose of settlement in accordance with the Settlement Agreement, and pursuant to Federal Rule of Civil Procedure 23(a) and (b), this Court hereby conditionally certifies the following class:

> All health care providers who hold an assignment of benefits of the Policy  from an individual insured by one of The GEICO Companies and, pursuant to that assignment, submitted a claim for reimbursement of no-fault benefits to one of The GEICO Companies during the Class Period for a charge in an amount less than the schedule of maximum charges as defined by Section 627.736(5)(a)1., Florida Statutes, where the applicable GEICO Company utilized the reason code "BA" to issue payment to the provider for 80% of the amount charged for the claim.
>
> Excluded from the Settlement Class are: (1) The GEICO Companies, any entities in which The GEICO Companies have a controlling interest, and all of their legal representatives, heirs and successors; and (2) members of the judiciary for the United States District Courts of Florida.
>
> The following claims of Settlement Class Members shall be outside of the scope of the Settlement Agreement and the Released Claims, but shall not otherwise affect membership in the Settlement Class: (1) any claims resolved by separate settlement, dismissal with prejudice, or full payment in response to a demand letter; (2) any claims that are the subject of an individual (not on behalf of a proposed class) lawsuit involving the BA Issue that has been filed and remains pending as of the Court's Preliminary Approval Order; (3) any claims where insurance benefits exhausted prior to the Effective Date or the date a timely Settlement Claim Form is deemed submitted, whichever is later; and (4) any claims that are denied during the settlement claims process on the grounds that the claim is outside the scope of the Settlement Agreement.

When a PIP or other no-fault claim includes both medical services within the scope of the Settlement Agreement and others outside the scope of the Settlement Agreement, the Settlement Agreement and Release will apply but only to those medical services within the scope of the Settlement Agreement.

7.      All terms and phrases used in this Order shall have the same meaning as in the Settlement Agreement.

8.      The Court further finds for purposes of Preliminary Approval and for Settlement of this Action (and only for such purposes, and without an adjudication of the merits or a determination of whether a class should be certified if the Settlement is not approved or does not otherwise become final), that the requirements of the Federal Rules of Civil Procedure and any other applicable law have been met in that (a) Members of the proposed Settlement Class are so numerous as to make joinder of all Members impracticable; (b) there are questions of law or fact common to Members of the proposed Settlement Class; (c) the claims of the Plaintiff are typical of the claims of the Settlement Class Members they seek to represent; (d) the Plaintiff and Class Counsel will fairly and adequately protect the interests of the proposed Settlement Class Members they seek to represent; (e) questions of law or fact common to the proposed Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

9.      In making the findings herein, the Court also notes that, because this action is being settled rather than litigated, the Court need not consider manageability issues that might be presented in this case.  *See Amchem Prods., Inc. v. Windsor*, 117 S. Ct. 2231, 2248 (1997). Moreover, the Court does not need to address potential obstacles to certification, such as notices of intent to initiate litigation under Section 627.736 or individualized reasonableness issues, since the Parties have negotiated an alternative claims process under which a negotiated, agreed formula will be applied.

10. In making these findings with respect to certification for settlement purposes of the Settlement Class, the Court also has considered, among other factors: (i) the interests of members of the Settlement Class in individually controlling the prosecution or defense of separate actions; (ii) the impracticability or inefficiency of prosecuting or defending separate actions; (iii) the extent and nature of any litigation concerning these claims already commenced; and (iv) the desirability of concentrating the litigation of the claims in a particular forum.

11. The Court appoints and designates Plaintiff, Randy Rosenberg D.C., P.A., as the representative of the Settlement Class (as defined above) for the purpose of seeking approval of the Settlement of this Action and is referred to herein as "Plaintiff" or "Class Representative."

12. Counsel for Plaintiff are hereby preliminarily approved as counsel for the Settlement Class for purposes of seeking approval of the Settlement of this Action and are referred to herein as "Class Counsel." Class Counsel for the Settlement Class are the following: Edward Zebersky, Michael T. Lewenz, and Mark S. Fistos of Zebersky Payne Shaw Lewenz, LLP, and Alec Schultz of Hilgers Graben, PLLC.

13. The appointment of a "Claims Administrator," as agreed in the Settlement Agreement, is approved for purposes of providing notice, administering requests for exclusion ("Opt Out Requests") and other communications with Settlement Class Members, and otherwise administering the proposed Settlement pursuant to the Settlement Agreement and the Order(s) of the Court. The Parties and their representatives are authorized to share with the Claims Administrator and opposing counsel confidential and privacy protected business and personal information in connection with administration of this Settlement. Such information shall remain confidential and private and shall not be disclosed to any other person absent express authorization from the Court.

**Final Approval Hearing**

14.　　A hearing (the "Final Approval Hearing") will be held on **Friday, November 4, 2022, at 10:00 a.m** . at the Alto Lee Adams, Sr. United States Courthouse, 101 South U.S. Highway 1, Fort Pierce, Florida 34950 to determine:

(a)　　whether this Action should be finally certified as a class action for settlement purposes;

(b)　　whether the proposed Settlement of this Action should be approved as fair, reasonable, and adequate;

(c)　　whether this Action should be dismissed on the merits and with prejudice pursuant to the terms of the Settlement;

(d)　　whether Settlement Class Members should be bound by the Release set forth in the Settlement Agreement; and

(e)　　whether Class Counsels' application for an award of attorneys' fees and expenses should be approved.

The Parties shall file their final submissions in support of final approval of the Settlement pursuant to Federal Rule of Civil Procedure 23 on or before **October 7, 2022**.

**Pre-Hearing Notice to Settlement Class Members and the Settlement Website**

15.　　Pursuant to the terms of the Settlement Agreement, The GEICO Companies shall cause, through the Claims Administrator, the Notice of Proposed Class Action Settlement and Final Approval Hearing (the "Class Notice") to be provided to potential members of the Settlement Class. The Court further directs the Claims Administrator to follow the procedures set forth in the Settlement Agreement.

(a)     **Direct Mail Notice**.  The Court approves the Direct Mail Notice without material alteration from Exhibit A to the Settlement Agreement.  Within thirty (30) days of entry of the Preliminary Approval Order, or such time as the Parties may agree, the Claims Administrator shall print and cause to be mailed by First-Class Mail, postage prepaid, the Direct Mail Notice.  The Direct Mail Notice will be provided to all health care providers who are identified as potential Settlement Class Members, at their last known address of record, as determined by a reasonable search of the bill review database provided to The GEICO Companies by their medical bill review vendors in Florida during the Class Period.  Addresses of potential Settlement Class Members identified by The GEICO Companies will be run through the National Change of Address database (the "NCOA") prior to mailing.  The Claims Administrator shall check and update all class notice addresses pursuant to an NCOA review prior to mailing.

(b)     **Re-mailing**.  In the event that a mailing to a Settlement Class Member containing the Direct Mail Notice is returned to the Claims Administrator, the Claims Administrator shall resend by First-Class Mail, postage prepaid, the Direct Mail Notice to the forwarding address, if one is provided by the United States Postal Service. In the event that any Direct Mail Notice is returned as undeliverable a second time, no additional mailing shall be required or performed by the Claims Administrator or the Parties.  The Parties and their counsel shall not issue additional or supplemental notice absent the consent of all Parties and prior Court approval.

(c)     **Proof of Mailing**.  No later than fourteen (14) days before the Final Approval Hearing, the Parties or the Claims Administrator shall file with the Court a proof of mailing of the Direct Mail Notices.  The Parties are not required to file a proof of receipt of the Direct Mail Notices by Settlement Class Members.

(d)     **Settlement Website and Settlement Website Notice**.  Notice shall also be provided by establishing a publicly available website containing a copy of the Direct Mail Notice, Settlement Agreement, Claim Form, this Order, and such other supporting documents as set forth in the Settlement Agreement (the "Settlement Website").  The Court approves the Settlement Website and Settlement Website Notice as described in Section III.G.2 of the Settlement Agreement, with the Direct Mail Notice as the Settlement Website Notice without material alteration from Exhibit A to the Settlement Agreement.  The Settlement Website may be amended during the course of the Settlement as appropriate and agreed to by the Parties, and which shall be maintained for at least 180 days after the conclusion of the Claims Period.

(e)     **Toll-Free Phone Number**.     The Court directs the Claims Administrator to maintain a toll-free telephone system containing recorded answers to frequently asked questions.

(f)     **Post Office Box**.  The Claims Administrator shall maintain, and The GEICO Companies shall pay the costs incurred in maintaining, a post office box to be utilized for receiving correspondence and other communications from Settlement Class Members.  Only the Claims Administrator, Class Counsel, The GEICO Companies, The GEICO Companies' Counsel and their designated agents shall have access to this post office box, except as otherwise expressly provided in the Settlement Agreement.  The Claims Administrator shall also promptly furnish Class Counsel and Counsel for The GEICO Companies copies of any and all objections, written requests for exclusions, motions to intervene, notices of intention to appear, and other communications that come into its possession except as expressly provided in the Settlement Agreement.

(g)     **Settlement Claim Form**.  The Court approves the Settlement Claim Form— subject to the material alterations identified in pages 2–4 of this Order—for distribution to

Settlement Class Members pursuant to the Settlement Agreement. The Court directs that the Settlement Claim Form be distributed with the Direct Mail Notice.

To be considered for possible payment under the Settlement Agreement, Claim Forms must be postmarked or submitted on the Settlement Website no later than 150 days from the Class Notice Mailing Date. A Settlement Claim Form submitted on the Settlement Website or postmarked after this date shall be untimely and invalid. Settlement Claim Forms must contain the information and comply with the requirements set forth in the Settlement Agreement.

16.     Having considered, among other factors, (a) the cost of giving notice by various methods, (b) the resources of the Parties, (c) the stake of each Settlement Class Member, and (d) the possibility that certain Settlement Class Members might desire to exclude themselves from the Settlement Class or appear individually, the Court finds that notice given in the form and manner provided in this Order meets the requirements of the Federal Rules of Civil Procedure, including Rule 23, and due process, and is the best practicable notice and is reasonably calculated, under the circumstances, to apprise the Settlement Class Members (i) of the pendency and nature of this action, (ii) the definition of the class certified; (iii) the class claims, issues, or defenses and the terms of the proposed Settlement; (iv) the right to appear and object to the proposed Settlement; (v) the right to exclude themselves from the Settlement Class; (vi) the time and manner for requesting exclusion from the Settlement Class; and (vii) that any judgment, whether favorable or not, will bind all Settlement Class Members who do not request exclusion. The Court further finds that the Direct Mail Notice is written in plain English and is readily understandable by Settlement Class Members.

In sum, the Court finds that the texts and methodology in the proposed Direct Mail Notice and Settlement Website Notice are reasonable, that they constitute due, adequate, and sufficient

notice to all persons entitled to be provided with notice, and that they meet the requirements of the

Federal Rules of Civil Procedure, the Constitutions of the United States (including the Due Process

Clause) and Florida, and any other applicable rules or law.

### Exclusion from Settlement Class

17.     Any Settlement Class Member who wishes to be excluded from the Settlement

Class must comply with the terms set forth in the Settlement Agreement and timely submit an Opt

Out Request to the Claims Administrator in the manner set forth below.

(a)     Opt Out Requests must identify and include: (i) a prominent identifying

reference to *Rosenberg-Russell* as follows: "*Randy Rosenberg, D.C., P.A. a/a/o Danielle Russell*

*v. GEICO General*, Case No. 19-61422-CIV-CANNON/Hunt;" (ii) the injured party/patient's

legal name; (iii) the GEICO Companies' policy and insurance claim number(s) that the Settlement

Class Member seeks to exclude from the Settlement;  (iv)  the Settlement Class Member's full

legal name and any aliases;  (v) the Settlement Class Member's Tax I.D. Number (if an entity) or

last four digits of his or her Social Security Number (if a natural person); (vi) the Settlement Class

Member's address; (vii) an expression of the Settlement Class Member's desire to opt out or be

excluded from the settlement class; and (viii) the signature of the Settlement Class Member or an

authorized representative of the Settlement Class Member, indicating the name and position of the

signatory.  No request for exclusion will be valid unless all of the information described in this

paragraph is included.

(b)     A separate Opt Out Request must be individually submitted by each natural

person or entity requesting exclusion from the Settlement. Any Opt Out Request can only be

exercised individually by a settlement class member, not as or on behalf of a group, class, or

subclass.  Opt Out Requests may be submitted by a Settlement Class Member's individual legally

authorized representative under the circumstances described herein. Each Opt Out Request must be individually submitted using First Class U.S. Mail. In other words, only one Opt Out Request may be submitted per envelope using First-Class U.S. Mail. No Opt Out Request submitted via any other means will be accepted as valid.

(c)     If the Opt Out Request is submitted by someone other than the Settlement Class Member, or an officer or authorized employee of the Settlement Class Member, then the third-party signer (e.g., attorney, billing agent, or other third party) must include the following attestations on the Opt Out Request:

> "I certify and attest to the Court that the Settlement Class Member on whose behalf this Opt Out Request is submitted, has been provided a copy of and a reasonable opportunity to read the Class Notice and after reviewing their own internal records to confirm that they are a Settlement Class Member specifically requested to be excluded from this Settlement Class."

> "I have also actually advised the Settlement Class Member of the salient terms of the Settlement Agreement, including the monetary terms of the Settlement Agreement and a comparison of recovery based on the monetary terms of the Settlement and what that proposed Settlement Class Member could expect without the Settlement set forth in the Settlement Agreement and that after a full consultation of this information, the proposed Settlement Class Member still desires to opt out of the Settlement."

(d)     Any written Opt Out Request must be sent by First-class mail, postage prepaid, and postmarked no later than forty-five (45) days after the Class Notice Mailing Date and addressed to the Claims Administrator at the address identified in the Direct Mail Notice.

(e)     Within twenty (20) business days of the postmark date on the Opt Out Request, The GEICO Companies may object that a timely submitted Opt Out Request fails to conform with the requirements approved by the Court, and therefore is invalid. The GEICO Companies' objection shall specify the basis of the asserted non-compliance and shall be made in writing to Class Counsel and the Settlement Class Member that has submitted the Opt Out Request,

and shall also provide a 10-day time period to correct the problem, along with an opportunity to seek judicial review of any dispute concerning the sufficiency or validity of any Opt Out Request. An Opt Out Request that has been objected to by The GEICO Companies shall not be deemed valid or effective until it is cured, resolved among the interested parties, or adjudicated by the Court at the Final Approval Hearing or another duly set hearing. Untimely Opt Out Requests shall be invalid unless and until expressly accepted as valid by The GEICO Companies or the Court.

(f)     If the Opt Out Request does not comply with the requirements of this Order, it is not valid.

18.     At least fourteen (14) days before the Final Approval Hearing, the Parties or Class Administrator shall file with the Court a list identifying all persons or entities who timely submitted written Opt Out Requests complying with this Order and are therefore Recognized Opt Outs.

19.     If the proposed Settlement is approved, any Settlement Class Member who is not deemed by the Court as a Recognized Opt Out shall be bound by Settlement Agreement and all subsequent proceedings, orders, and judgments in this action, and all their claims shall be dismissed with prejudice and released as provided for in the Settlement Agreement. The GEICO Companies shall be entitled to rely on the Tax Identification Number or Social Security Number identified by the Settlement Class Member on the Opt Out Request to determine whether a person or entity has been excluded from the Settlement Class.

20.     The GEICO Companies will have the option, in their sole discretion, to void the Settlement Agreement and return the Parties back to their pre-settlement positions if more than 15% of potential Settlement Class Members who are sent notice validly opt out of the Settlement Class.

**<u>Objections</u>**

21.     A Settlement Class Member who has not excluded himself, herself, or itself from the Settlement Class may submit a written objection for the Court's consideration, including without limitation objections to the final certification of the Settlement Class, the fairness, reasonableness, or adequacy of the proposed settlement, the adequacy of the representation by the Class Representatives or by Class Counsel, or the request of Class Counsel for fees and expenses, in the manner set forth below. A Settlement Class Member who is provided notice only after entry of the Final Order and Judgment approving the proposed settlement (if the Settlement is approved) may not delay implementation of the Settlement by objection, but may exclude himself, herself, or itself as provided in this Order or pursue other remedies for relief from judgment provided by applicable law with respect to its individual claims only.

(a)     Each objection must be in writing and include: (i) a prominent identifying reference to *Rosenberg-Russell* as follows: "*Randy Rosenberg, D.C., P.A. aao Danielle Russell v. GEICO General*, Case No. 19-61422-CIV-CANNON/Hunt"; (ii) the name and address of the Settlement Class Member objecting, and if represented by counsel, of his/her/its counsel; (iii) the objector's/Settlement Class Member's Tax ID Number (if an entity) or last four digits of his or her Social Security Number (if a natural person); (iv) a statement listing all objections being made with specificity along with verification that the objector is a Settlement Class Member; (v) a statement indicating whether the objector/Settlement Class Member intends to appear at the Final Approval Hearing (with or without counsel); (vi) a statement as to whether the objector/Settlement Class Member is represented by counsel for purposes of objecting; and (vii) the GEICO Companies' policy and/or claim number(s) effected by the Settlement.

(b)     The objector/Settlement Class Member must file the written objection with the Court and serve copies upon the following:

As to Plaintiff and the Settlement Class:    As to The GEICO Companies:

Edward Zebersky
Zebersky Payne Shaw Lewenz, LLP
110 Southeast 6th Street, Suite 2150
Ft. Lauderdale, Florida 33301
ezebersky@zpllp.com

John P. Marino
Smith, Gambrell & Russell, LLP
50 North Laura Street
Suite 2600
Jacksonville, Florida 32202
jmarino@sgrlaw.com

Any such written objections must be filed with the Court and served upon the above counsel postmarked no later than forty-five (45) days from the Class Notice Mailing Date.

(c)     No depositions shall be required for any Settlement Class Member who submits a timely written objection, other than as may be directed by the Court upon a showing of good cause by Class Counsel through a properly filed motion with the Court.

(d)     The right to object to the Settlement Agreement or to intervene in the Action must be exercised individually by a Settlement Class Member or his or her attorney, and not as a member of a group, class, or subclass, except that such objections may be submitted by a Settlement Class Member's legally authorized representative.

22.     Any Settlement Class Member who does not timely file and serve a written objection in the manner described in this Section shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement, or the award of any attorney fees and/or incentive award.  The Class Notice shall include a provision notifying Settlement Class Members that any objections are waived on appeal unless the person presenting those objections files a written objection and appears at the Final Approval Hearing.  Further, any Settlement Class Member who intends to appear at the Final Approval Hearing, and any counsel that intends to appear on behalf of any

Settlement Class Member, must file and serve on all Parties a Notice of Intention to Appear with the Court as set forth below.

23.     The Parties, their agents or attorneys may not engage in any confidential negotiations to either i) withdraw objections, or ii) pay any objector/Settlement Class Member or their attorneys any compensation or fees.  Neither Class Counsel, counsel for The GEICO Companies, the Parties, nor their representatives may pay any compensation to any person or their attorney in exchange for withdrawal of an objection.  Neither the Parties, Class Counsel, nor counsel for The GEICO Companies may pay, or cause payment of any fees to any objector/Settlement Class Member unless those fees have been approved by the Court.

**Appearances at the Final Approval Hearing**

24.     Any Settlement Class Member who files and serves a timely, written objection pursuant to the terms of this Order may appear at the Final Approval Hearing, either in person or through counsel retained at the Settlement Class Member's expense.

(a)     Any attorney representing a Settlement Class Member who intends to appear at the Final Approval Hearing must file with the Court and serve upon Class Counsel and counsel for The GEICO Companies, at the addresses specified above in this Order, a Notice of Intent to Appear.  The Notice of Intent to Appear must contain: (i) a prominent identifying reference to *Rosenberg-Russell* as follows: "*Randy Rosenberg, D.C., P.A. aao Danielle Russell v. GEICO General*, Case No. 19-61422-CIV-CANNON/Hunt" and "Notice of Intent to Appear"; (ii) the name and address of the objector/Settlement Class Member; (iii) the objector's/Settlement Class Member's Tax ID Number (if an entity) or last four digits of his or her Social Security Number (if a natural person); (iv) the signature of the objector/Settlement Class Member or an authorized representative of the objector/Settlement Class Member, indicating the name and

position of the signatory; and (v) if counsel will appear on the objector/Settlement Class Member's behalf, the counsel's full name, address, telephone number, and bar number.

       (b)    Notices of Intent to Appear must be filed with the Court and served upon the above Class Counsel and counsel for The GEICO Companies at the addresses set forth above in this Order postmarked no later than thirty (30) days before the Final Approval Hearing.

25.    Any attorney representing a Settlement Class Member who does not timely file and serve a Notice of Intent to Appear complying with this Order and the Class Notice shall not be permitted to appear at the Final Approval Hearing, except for good cause shown.

**<u>Tolling</u>**

26.    Because Settlement Class Members will be eligible to receive compensation through the Settlement instead of having to bring their own lawsuits and because bringing a separate lawsuit would be inconsistent with participation in the Settlement Class, the Court finds that the following tolling order is appropriate:

> The statute of limitations and all other pre-suit time limits, including without limitation any time limits to pay or otherwise respond to notices of intent to initiate litigation under Chapter 627 of the Florida Statutes or notices of violation under Chapter 624 of the Florida Statutes, shall be tolled until the Court either grants or denies final approval of the proposed Settlement and such order or judgment becomes final, provided that the tolling shall terminate ten (10) business days after submission of an Opt Out Request, as indicated by the postmark date of such request submitted to the Claims Administrator, with respect to any Settlement Class Member that submits a timely, written Opt Out Request that has not been challenged by The GEICO Companies as provided in this Order or that is otherwise approved by the Court. Upon receipt of any such notices of intent to initiate litigation under Chapter 627 of the Florida Statutes or notices of violation under Chapter 624 of the Florida Statutes, The GEICO Companies shall send a response to the Settlement Class Member that encloses copies of the Class Notice and this Order, and advises of the proposed Settlement and this tolling provision, as well as how the Settlement Class Member can obtain further information regarding the Settlement.

The response shall be in a form substantially in the form attached as Exhibit E to the Settlement Agreement.

### **Injunction**

27.      Pursuant to 28 U.S.C. § 1651, Federal Rule of Civil Procedure 23 and the Settlement Agreement, the Court hereby bars and enjoins all Settlement Class Members, unless and until they have timely and properly excluded themselves from the Settlement Class, and any person acting or purporting to act directly or derivatively on behalf of a Settlement Class Member, or acting on a representative basis or in any other capacity, from commencing, prosecuting, intervening in, or participating in any action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any claims or causes of action, or the facts and circumstances relating thereto, in this case and/or the Released Claims.

### **Attorneys' Fees**

28.      In *Johnson v. NPAS Sols., LLC*, 975 F.3d 1244 (11th Cir. 2020), the Eleventh Circuit held that "Rule 23(h)'s plain language requires a district court to sequence filings such that class counsel file and serve their attorneys'-fee motion before any objection pertaining to fees is due." *Id.* at 1252.    Given *Johnson*'s clear directive, the parties shall file their Motion for Attorneys' Fees **within ten (10) days** after the Court enters this Preliminary Approval Order.  The claim form will explicitly state that Class Counsel are seeking (1) attorneys' fees not to exceed $4,950,000.00; and (2) costs and expenses as set forth in Class Counsel's forthcoming Motion for Attorneys' Fees.  The claim form will also state that Class Counsel's Motion for Attorneys' Fees can be accessed at the Settlement Website maintained by Class Counsel.

**Other Provisions**

29.     Capitalized terms used in this Order that are not otherwise defined in this Order have the meanings assigned to them in the Settlement Agreement.

30.     This Order shall become null and void *ab initio*, and this Order (and all proceedings that have taken place with respect to the Settlement Agreement) shall be without prejudice to the rights and contentions of the parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if: (a) the proposed settlement is not finally approved by the Court, or does not become final pursuant to the terms of the Settlement Agreement; or (b) the proposed settlement is terminated in accordance with the Settlement Agreement or does not become effective as required by the terms of the Settlement Agreement for any other reason.   In such event, (i) the proposed settlement and Settlement Agreement shall become null and void and be of no further force and effect, (ii) neither the Settlement Agreement nor the Court's orders or findings therein, including this Order, shall be used or referred to for any purpose whatsoever in this or any other action or proceeding, and (iii) the Parties and this case shall be restored to the status existing prior to execution of the Settlement Agreement.

31.     The GEICO Companies shall retain the right to communicate with and respond to inquiries from Settlement Class Members and persons who are sent the Direct Mail Notice orally and/or in writing, and it may do so through any appropriate representatives, under the following terms and conditions:

        (a)     During the period following the date of this Order, the GEICO Companies or their designees may in the ordinary course of business continue to process and respond to all inquiries or complaints, notwithstanding the fact that certain complaints may originate with

Settlement Class Members or persons who are sent the Direct Mail Notice and may concern claims that otherwise could be eligible for relief under the Settlement Agreement.

(b)    Communications by the GEICO Companies or its designees about the proposed settlement with Settlement Class Members or Persons who are sent the Direct Mail Notice shall only be made jointly or in the presence of Class Counsel or with Class Counsel's express consent, or as approved by this Court.  However, Class Counsel may engage in privileged communications and other advice or respond to inquiries by Settlement Class Members, so long as such communications would not otherwise be inconsistent with the intent of this Subsection that communications similar in content to groups of Settlement Class Members or persons who are sent the Direct Mail Notice be made jointly.

32.    This Order shall not be construed or used as an admission, concession, declaration or finding by or against The GEICO Companies of any fault, wrongdoing, breach or liability, or of the appropriateness of certifying a class for litigation purposes.  Nor shall this Order be construed or used as an admission, concession, declaration or finding by or against Plaintiff or the Settlement Class Members that their claims lack merit or that the relief requested in their pleadings is inappropriate, improper or unavailable, or as a waiver by any party of any defenses or claims he, she or it may have.  Other than for purposes to enforce this Order or the Settlement Agreement, if finally approved, neither this Order nor the Settlement Agreement (or any communications or proceedings in connection therewith) shall be offered or received in evidence in this action or any other action or proceeding or be used or asserted in any way as an admission, concession or evidence of any matter whatsoever except as necessary to enforce its terms.  Neither the certification of the Settlement Class, nor the settlement of the Action, shall be deemed an admission by Plaintiff or their counsel that a litigation class could not properly be certified in this

Action; and Plaintiff shall retain all rights to assert that the Action may be certified as a litigation class.

33.     No discovery (except for reasonable confirmatory discovery requested by Class Counsel) with regard to the Settlement Agreement or the proposed Settlement and its administration shall be permitted by any Settlement Class Member or any other Person, other than as may be directed by the Court upon a proper showing seeking such discovery by motion properly filed with this Court, noticed and served in accordance with the governing rules of procedure.  All discovery and other proceedings in this case is further stayed until order of the Court, except as may be necessary to implement the Settlement; to comply with this Order; or to comply with the terms of the Settlement Agreement.

34.     The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Class.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 31st day of May 2022.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record