UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 19-61422-CIV-CANNON/Hunt

**RANDY ROSENBERG, D.C., P.A.**,
a/a/o Danielle Russell, and on behalf
of itself and all others similarly situated,

    Plaintiff,
v.

**GEICO GENERAL INSURANCE COMPANY**,
**GEICO INDEMNITY COMPANY**,
**GOVERNMENT EMPLOYEES
COMPANY**, and **GEICO CASUALTY COMPANY**

    Defendants.
_____/

**FINAL ORDER AND JUDGMENT APPROVING CLASS ACTION
SETTLEMENT AND DISMISSING CLASS ACTION CLAIMS WITH PREJUDICE**

**THIS CAUSE** comes before the Court upon the parties' Joint Motion for Final Approval of Class Settlement [ECF No. 237] and Plaintiff's Unopposed Motion for Attorneys' Fees and Costs [ECF No. 226]. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court held a Final Approval Hearing on December 2, 2022 [ECF No. 241]. The Court, having considered the record and the arguments of counsel, and being otherwise advised in the premises, states as follows:

**WHEREAS**, Plaintiff and Defendants have entered into a class action Settlement Agreement filed with this Court on March 1, 2022 [ECF No. 217-1], together with related document attached as Exhibits; and

**WHEREAS**, on May 31, 2022, the Court entered an Order Granting in Part and Denying in Part Joint Motion for Preliminary Approval of Class Action Settlement Agreement [ECF No.

222] (the "Preliminary Approval Order"), certifying a class in this action for settlement purposes; preliminarily approving the proposed Settlement with slight procedural modifications; ordering notice to potential class members; providing those persons with an opportunity either to exclude themselves from the Settlement Class or to object to the proposed settlement; and scheduling a Final Approval Hearing;[1] and

**WHEREAS**, the Parties have complied with the Preliminary Approval Order and the Court finds that the Amended Settlement Agreement [ECF No. 243] is fair, adequate, and reasonable, and that it should be finally approved.

**NOW THEREFORE**, based on the submissions of the parties and Settlement Class Members, any objections (of which there were none [ECF Nos. 237-1, 239-1]), the pleadings on file, and the argument of counsel, the Court hereby finds, and it is hereby

**ORDERED AND ADJUDGED**, as follows:

1. **Incorporation of Defined Terms**. Except where otherwise noted, all capitalized terms used in this Final Approval Order and in the Release attached hereto as Appendix A shall have the meaning as set forth in the Definitions of the Amended Settlement Agreement [ECF No. 243].

2. **Jurisdiction**. The Court has personal jurisdiction over all Settlement Class Members and has subject matter jurisdiction over the Action, including, without limitation, jurisdiction to approve the proposed Amended Settlement Agreement, to grant final certification of the

---

[1] In the Court's Order Granting in Part and Denying in Part Joint Motion for Preliminary Approval of Class Action Settlement, the Court made slight modifications to procedural aspects of the proposed Settlement Agreement [ECF No. 222]. The parties subsequently complied with those modifications through the class notice process [ECF No. 237 p. 6; ECF No. 239-3] and filed an Amended Settlement Agreement in conformity with those changes to complete the full record [ECF No. 243].

Settlement Class, to settle and release all claims arising out of the transactions alleged in the Action or the Released Claims, and to dismiss the claims in this Action on the merits and with prejudice.

3.      **Final Class Certification**.  The Settlement Class that this Court previously conditionally certified in its Preliminary Approval Order [ECF No. 222] is hereby finally certified for settlement purposes under Rule 23(b)(3) of the Federal Rules of Civil Procedure.  The Court adopts and incorporates its class certification findings as set forth in its Preliminary Approval Order.  The Settlement Class consists of:

> All health care providers who hold an assignment of benefits of the Policy from an individual insured by one of The GEICO Companies and, pursuant to that assignment, submitted a claim for reimbursement of no-fault benefits to one of The GEICO Companies during the Class Period for a charge in an amount less than the schedule of maximum charges as defined by Section 627.736(5)(a)1., Florida Statutes, where the applicable GEICO Company utilized the reason code "BA" to issue payment to the provider for 80% of the amount charged for the claim.
>
> Excluded from the Settlement Class are: (1) The GEICO Companies, any entities in which The GEICO Companies have a controlling interest, and all of their legal representatives, heirs and successors; and (2) members of the judiciary for the United States District Courts of Florida.
>
> The following claims of Settlement Class Members shall be outside of the scope of the Settlement Agreement and the Released Claims, but shall not otherwise affect membership in the Settlement Class: (1) any claims resolved by separate settlement, dismissal with prejudice, or full payment in response to a demand letter; (2) any claims that are the subject of an individual (not on behalf of a proposed class) lawsuit involving the BA Issue that has been filed and remains pending as of the Court's Preliminary Approval Order; (3) any claims where insurance benefits exhausted prior to the Effective Date or the date a timely Settlement Claim Form is deemed submitted, whichever is later; and (4) any claims that are denied during the settlement claims process on the grounds that the claim is outside the scope of the Settlement Agreement.
>
> When a PIP or other no-fault claim includes both medical services within the scope of the Settlement Agreement and others outside the scope of the Settlement Agreement, the Settlement Agreement and Release will apply but only to those medical services within the scope of the Settlement Agreement.

**4.** **Adequacy of Representation**. The Court finds that Class Counsel and Plaintiff have fully and adequately represented the Settlement Class for purposes of entering into and implementing the Settlement and have satisfied the requirements of Rule 23(a) of the Federal Rules of Civil Procedure.

**5.** **Class Notice**. The Court finds that the content and distribution of Class Notice, in accordance with the terms of the Amended Settlement Agreement [ECF No. 243] and this Court's Preliminary Approval Order, and as explained in the Settlement Administrator's affidavits [ECF Nos. 237-1; 239-1] filed before the Final Approval Hearing:

a. constituted the best practicable notice to Settlement Class Members under the circumstances of this Action;

b. were reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the pendency of this action; (ii) their right to exclude themselves from the Settlement Class and the proposed Settlement; (iii) their right to object to any aspect of the proposed settlement (including without limitation final certification of the Settlement Class, the fairness, reasonableness, or adequacy of the proposed settlement, the adequacy of the Settlement Class's representation by Plaintiff or Class Counsel, the award of attorneys' fees and expenses to Class Counsel); (iv) their right to appear at the Final Approval Hearing (either on their own or through counsel hired at their own expenses) if they did not exclude themselves from the Settlement Class; and (v) the binding effect of the orders and Final Approval Order in this Action, whether favorable or unfavorable, on all person or entities who do not request exclusion from the Settlement Class;

  c. were reasonable and constituted due, adequate, and sufficient notice to all Persons entitled to be provided with notice; and,

  d. fully satisfied the requirements of the United States Constitution, the Florida Constitution, the Federal Rules of Civil Procedure, and any other applicable rules or law.

The Court adopts and incorporates the Affidavits of the Settlement Administrator [ECF Nos. 237-1; 239-1] with the list of Settlement Class Members who were provided Direct Mail Notice of the Settlement and are therefore bound by this Final Approval Order, and excluding only those Persons as Recognized Opt Outs as provided on the exhibit attached hereto as Appendix B. The exhaustive list of Settlement Class Members that were provided Direct Mail Notice of the Settlement is separately attached hereto as Appendix C, and Appendix C is incorporated herein and made a part hereof for all purposes.

**6. Settlement Website Notice**. The Court finds that the content of the publicly available Settlement Website complied with the Preliminary Approval Order and provided additional notice and information regarding the Settlement consistent with the Notice Program.

**7. Opt-Outs**. The Settlement Administrator Supplemental Affidavit [ECF No. 239-1] indicates 565 health care providers timely and validly requested full exclusion from the Settlement Class and are therefore Recognized Opt Outs not bound as Settlement Class Members. The Court accepts and adopts the Valid Exclusion Requests List [ECF No. 239-5], attached as Appendix B, as the list of Settlement Class Members who validly requested exclusion from the Settlement Class (i.e., "Recognized Opt Outs"), and who therefore are not bound as Settlement Class Members. Appendix B is therefore incorporated herein and made a part hereof for all purposes. The Parties may subsequently submit one or more stipulated filings identifying additional Opt Out Requests

that they agree should be treated as valid, and those Persons or entities shall be deemed excluded from the Settlement Class as Recognized Opt Outs as of the date of the stipulated filings or as otherwise provided therein.

The Settlement Administrator Supplemental Affidavit [ECF No. 239-1] also identifies Opt Out Requests that did not comply with the requirements set forth in the Preliminary Approval Order and are currently deemed invalid. The Court finds that the Settlement Class Members identified in [ECF No. 239-7] must timely cure their Opt Out Requests to be recognized as excluded from the Settlement Class. The Settlement Class Members identified in [ECF No. 239-7] will remain Settlement Class should they fail to timely cure their Opt Out Requests.

**8.** **Final Settlement Approval**. The terms and provisions of the Amended Settlement Agreement, including all amendments and exhibits, have been entered into good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, Plaintiff and the Settlement Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable rules or law. The Court finds that the Settlement was consummated at arm's length with initial assistance of mediator Rodney Max, who is highly experienced in complex and class action litigation, and after each Party had thoroughly investigated and litigated its position in the case.

The resulting Settlement provides relief commensurate with that available pursuant to a demand letter under the PIP statute and the relief requested in the applicable complaint, and provides Settlement Class Members a claims process simpler than the demand letter process that would otherwise be required to obtain additional PIP benefits. The Court further notes that no objections to class certification or the Settlement are pending as of this date. The Parties and

Settlement Class Members are hereby directed to implement and consummate the Amended Settlement Agreement according to its terms and provisions.

9.     **Binding Effect**.  The terms of the Amended Settlement Agreement and of this Final Approval Order shall be forever binding on Plaintiff and all other Settlement Class Members, as well as their heirs, representatives, executors and administrators, successors and assigns, and those terms shall have *res judicata* and full preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons or entities, to the extent those claims, lawsuits, or other proceedings involve matters that were or could have been raised in this Action or are otherwise encompassed by the Release described in the next paragraph of this Final Approval Order.

10.     **Release**.  Upon the Effective Date, the Release attached hereto as Appendix A shall be valid and binding.

11.     **Bar to Asserting Released Claims**.  Upon the Effective Date, the Plaintiff and all Settlement Class Members who have not been recognized by the Court as Recognized Opt Outs, whether or not they return a Settlement Claim Form within the time and in the manner provided for and whether or not they acknowledge receipt of Class Notice, are hereby permanently barred from asserting any Released Claims against the Released Parties, and Plaintiff and the Settlement Class Members shall have released any and all Released Claims against the Released Parties.

12.     **Permanent Injunction**. All Settlement Class Members who have not been recognized by the Court as validly excluded from the Settlement Class as Recognized Opt Outs are hereby permanently barred and enjoined from: (i) filing, commencing, prosecuting, continuing to prosecute, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other lawsuit, arbitration, or administrative,

regulatory or other proceeding or order in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or the Released Claims; (ii) organizing or soliciting the participation of any Settlement Class Members in a separate class for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) any lawsuit or other proceeding based on the Released Claims; and (iii) assigning to any other person to the Released Claims under this Final Approval Order.  The Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's jurisdiction over the Action and to protect and effectuate the Court's Final Approval Order.  In the event any Settlement Class Member who has not been recognized by the Court as validly excluded from the Settlement Class as a Recognized Opt Out serves upon The GEICO Companies a notice of intent to initiate litigation under Chapter 627 of the Florida Statutes or a civil remedy notice under Chapter 624 of the Florida Statutes, The GEICO Companies shall cause to be sent to such Settlement Class Member a form response in substantially the form attached as Exhibit C to the Joint Motion for Final Approval of Proposed Class Action Settlement [ECF No. 237-3], advising the Settlement Class Member of this permanent injunction and the Released Claims described herein and in the attached hereto as Appendix A.

**13.**     **Enforcement of Settlement**.  Nothing in this Final Approval Order or any order entered in connection herewith shall preclude any action to enforce the terms of this Final Approval Order or the Amended Settlement Agreement.

**14.**     **Attorneys' Fees and Expenses**.  Plaintiff's Unopposed Motion for Attorneys' Fees and Costs [ECF No. 226] is **GRANTED**.  Class Counsel are hereby awarded attorneys' fees and costs as set forth below.  Zebersky Payne Shaw Lewenz, LLP and Hilgers Graben, PLLC are awarded a

total collective payment of attorneys' fees and expenses in the amount of Four Million Nine Hundred Fifty Thousand Dollars ($4,950,000). The Court has considered the applicable factors in determining the reasonableness of this fee award and notes that the proposed fee award represents approximately 13.5% to 16% of the settlement's cash value [ECF No. 226 p. 8]. *See Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768 (11th Cir. 1991). The GEICO Companies shall fulfill their payment obligation according to the terms set forth in the Amended Settlement Agreement or as otherwise agreed by Class Counsel and The GEICO Companies. The GEICO Companies shall make payment of the foregoing amount awarded within fifteen (15) days of the Effective Date.

**15.** **No Other Payments**. Paragraph 14 of this Final Approval Order covers and shall be The GEICO Companies' sole obligation for any and all claims for attorneys' fees and expenses, costs or disbursements to be paid to Class Counsel or any other counsel representing Plaintiff or Settlement Class Members, or incurred by Plaintiff or the Settlement Class Members, or any of them, in connection with or related in any manner to the Action, the Settlement of the Action, the administration of such Settlement, and/or the Released Claims except to the extent otherwise specified in this Final Approval Order and the Amended Settlement Agreement.

**16.** **No Admissions**. Neither this Final Approval Order, nor the Amended Settlement Agreement (nor any other document referred to herein, nor any action taken to negotiate, effectuate and implement the Amended Settlement Agreement) is, may be construed as, or may be used as an admission or concession by or against any Party hereto as to the validity or invalidity of any claim or defense, or of any actual or potential fault or liability, or of any lack of fault or liability. Additionally, neither the Amended Settlement Agreement nor any negotiations, actions, or proceedings related to it, shall be offered or received in evidence in any action or proceeding

against any party hereto or The GEICO Companies in any court, administrative agency or other tribunal for any purpose whatsoever, except, to enforce the provisions of this Final Approval Order and the Amended Settlement Agreement; provided, however, that this Final Approval Order and the Amended Settlement Agreement may be filed and used in any action, arbitration or other proceeding against or by the GEICO Companies to support a defense of *res judicata*, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

**17.** **No Representation Regarding Taxes**. The Court finds that the Parties and their counsel have expressed no opinions concerning the tax consequences of the Settlement Class Members and have made no representations, warranties, or other assurances regarding any such tax consequences. No opinions, representations, warranties, or other assurances shall be deemed to have been made by the Parties or their counsel with respect to any such tax consequences by virtue of the Amended Settlement Agreement or by effectuating the Settlement, and the Parties and their counsel shall not be responsible or liable for any such tax consequences that may occur.

**18.** **Discovery**. The confidentiality provisions of the Court's Preliminary Approval Order shall remain in force. No discovery with regard to the Amended Settlement Agreement or the proposed Settlement and its administration, including the manner in which Direct Mail Notice and Settlement Website Notice are provided to Settlement Class Members, shall be permitted by any Settlement Class Members or other Persons, other than as may be directed by this Court after the party seeking such discovery properly files a motion with this Court and served pursuant to the governing rules of procedure.

**19.** **Dismissal of Claims**. The claims asserted in this Action, including all claims alleged therein and those identified as Released Claims, are hereby **DISMISSED ON THE MERITS**

**AND WITH PREJUDICE** against Plaintiff and all other Settlement Class Members, without fees or costs to any Persons except as specifically provided for in this Final Approval Order.

**20.** **Retention of Jurisdiction**.  Without affecting the finality of this Final Approval Order, the Court shall have exclusive and continuing jurisdiction over the implementation, interpretation, execution, and enforcement of the Amended Settlement Agreement; of any orders and this Final Approval Order entered by the Court; of any questions regarding membership or exclusion from the Settlement Class and/or of the conduct or the policies and procedures described herein, with respect to all Parties hereto and all beneficiaries hereof, including all Settlement Class Members.

**21.** **Conclusion**.  In sum, (1) the parties' Joint Motion for Final Approval of Class Action Settlement [ECF No. 237] and (2) Plaintiff's Unopposed Motion for Attorney Fees and Costs [ECF No. 226] are **GRANTED**.

The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 22nd day of December 2022.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**